NO CV 30

Peter Strojnik (Sr.),
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

FILED

2019 AUG 13  PM 1: 11

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No: SACV19- 1560 -JVS (JDEx)

**COMPLAINT**

Peter Strojnik (Sr.),

Plaintiff,

vs.

SCG America Construction Inc. dba Hyatt
Regency Orange County

Defendant.

1. **Americans with Disabilities Act**
2. **Discrimination in Public Accommodations (State Law)**
3. **Negligence**

**JURY TRIAL REQUESTED**

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee and is therefore a member of a protected class under the ADA and Unruh.

**RECEIVED**
8-9-19

009491

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 11999 Harbor Blvd., Garden Grove, CA 92840 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

## JURISDICTION

6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

7. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

13. Plaintiff realleges all allegations heretofore set forth.

14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

15. Plaintiff intended to visit the Disneyland area and therefore, reviewed hotel booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

16. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.

17. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

19. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

20. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

21. Plaintiff thereafter visited the Hotel and made observations documented in Addendum A.

3

22. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.

23. Online information relating to accessibility or lack thereof disclosed architectural barriers to accessibility as more fully documented in Addendum A.

24. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

25. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

26. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel but booked a room elsewhere.

27. The removal of accessibility barriers listed above is readily achievable.

28. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

29. Plaintiff realleges all allegations heretofore set forth.

30. Plaintiff intended to visit the Disneyland area and spend a night there.

31. Plaintiff became aware that 3rd party booking websites disclosed general availability and description of Defendant's Hotel. 3rd Party booking website referenced here is more fully discussed in Addendum A which is by this reference incorporated herein.

32. 3rd party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

33. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

34. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

35. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

36. Plaintiff thereafter visited the Hotel and made observations documented in Addendum A.

37. Plaintiff subsequently declined to book a room at the Hotel.

38. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

39. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

40. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

41. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

42. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

43. Plaintiff realleges all allegations heretofore set forth.

44. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

45. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

46. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

47. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

48. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
### Negligence

49. Plaintiff realleges all allegations heretofore set forth.

50. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

51. Defendant breached this duty.

52. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

53. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

54. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

55. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

56. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)

8

of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

57. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

58. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

59. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

60. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

61. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

62. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[6].

63. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

64. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

---

[3] 42 U.S.C. §12101(a)(5)
[4] 42 U.S.C. §12101(a)(6)
[5] 42 U.S.C. §12101(a)(7)
[6] 42 U.S.C. §12101(a)(8)

65. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

66. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

67. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

68. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence; and

    B.  For damages in an amount to be proven at trial; and

    C.  For punitive damages to be proven at trial; and

    D.  For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this *August 5, 2019*

**PETER STROJNIK**

Plaintiff

## ADDENDUM A

# 3RD PARTY BOOKING WEBSITE – GENERAL ACCESSIBILITY INFORMATION

### HOTELS.COM

**About Hyatt Regency Orange County, Garden Grove**

**Location**
The contemporary Hyatt Regency Orange County is conveniently located within 1 mile of the **Anaheim Convention Center** and **Crystal Cathedral**. Shuttle service (surcharge) is available to and from Disneyland® Park, which is only 1.4 miles from the hotel. Sport fans are within a 2-mile radius of **Honda Center** and **Angel Stadium**, and **John Wayne Orange County Airport** lies 12 miles away.

**Hotel Features**
This property's bold design is evidenced in its towering, 17-story atrium lobby. The hotel features an onsite Starbucks and 24-hour business center. The hotel's restaurant, TusCA, featuring Italian/Californian cuisine, welcomes kids to eat free for dinner with a paying adult. Recreational options include 2 outdoor, heated pools, a tennis court, basketball court, and a complimentary, 24-hour fitness center.

High-speed WiFi is available throughout the hotel (surcharge). The hotel offers valet parking and onsite parking (surcharge). A TV in the lobby is available. This hotel is pet friendly (surcharges and restrictions apply).

**Guestrooms.**
The Hyatt Regency Orange County offers 656 guestrooms with either a king or 2 queen Hyatt Grand Beds, with pillowtop mattresses and premium bedding. Oversized work desks, 2 multi-line telephones and internet™ stereo with iPod™ docking stations are provided, along with WiFi (surcharge). Newly renovated suites include LCD HDTVs with ESPN, sofa beds, microwaves, and refrigerators.

**Key facts**

**Hotel size**
- This hotel has 656 rooms
- This hotel is arranged over 17 floors

**Arriving/leaving**
- 😊 52% of customers were happy with check-in
- Check-in time starts at 4 PM
- Check-out time is 11 AM
- Express check-in/out
- ➤ See more

**Required at check-in**
- Credit card or cash deposit required
- Government-issued photo ID required

**In the hotel**

| | |
|---|---|
| **Food and drink** | Full breakfast daily (surcharge)  \|  2 restaurants  \|  Bar/lounge  \|  Coffee shop/café  \|  Snack bar/deli  \|  Room service (during limited hours) |
| **Things to do** | Number of outdoor pools - 2  \|  Health club  \|  Tennis on site  \|  Basketball on site  \|  Golf lessons available nearby  \|  Golfing nearby  \|  Hiking/biking trails nearby  \|  Kayaking nearby  \|  Surfing/boogie boarding nearby  \|  Arcade/game room |
| **Working away** | 24-hour business center  \|  Conference space  \|  Meeting rooms  \|  Conference space size (feet) - 65,000  \|  Conference space size (meters) - 6 |
| **Services** | 24-hour front desk  \|  Concierge services  \|  Tours/ticket assistance  \|  Dry cleaning/laundry service  \|  Luggage storage  \|  Wedding services  \|  Multilingual staff  \|  Porter/bellhop |
| **Facilities** | Year Built 1988  \|  Elevator/lift  \|  ATM/banking  \|  Safe-deposit box at front desk  \|  Television in common areas |
| **Accessibility** | Accessible bathroom  \|  In-room accessibility  \|  Roll-in shower |

**In the room**

| | |
|---|---|
| **Home comforts** | In-room climate control (air conditioning)  \|  Air conditioning  \|  Coffee/tea maker  \|  Iron/ironing board |
| **Sleep well** | Hypo-allergenic bedding available  \|  Down comforter  \|  Blackout drapes/curtains  \|  Turndown service  \|  Premium bedding  \|  Pillowtop mattress |
| **Freshen up** | Private bathroom  \|  Shower/tub combination  \|  Designer toiletries  \|  Hair dryer |
| **Be entertained** | TV  \|  Premium TV channels  \|  iPod docking station |
| **Stay connected** | Desk  \|  Free WiFi  \|  Phone |
| **More** | In-room safe (laptop compatible)  \|  Connecting/adjoining rooms available |

11

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

### 3RD PARTY BOOKING WEBSITE – ROOM DESCRIPTIONS



**Room, 1 King Bed**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Crib
- Rollaway bed

More Info: 866-539-8122



**Room, 2 Queen Beds**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 2 Queen Beds

**Extra beds available**
- Crib
- Rollaway bed

More Info: 866-539-8122



**Room, 1 King Bed, Accessible, Bathtub**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Crib
- Rollaway bed

More Info: 866-539-8122



**Suite, 1 Bedroom (King)**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Crib
- Rollaway bed
- Sofa bed

More Info: 866-539-8122



**Suite, 1 Bedroom (2 Grand Queen Beds)**

**Sleeps 5 people** (including up to 5 children)

**Bed choices**
- 2 Queen Beds

**Extra beds available**
- Crib
- Rollaway bed
- Sofa bed

More Info: 866-539-8122



**Suite (Kids Suite)**

**Sleeps 5 people** (including up to 4 children)

**Bed choices**
- 1 King Bed and 1 Twin Bunk Bed

**Extra beds available**
- Crib
- Rollaway bed

More Info: 866-539-8122



**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Inadequate dispersion of accessible rooms among various categories of rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

| 1ST PARTY BOOKING WEBSITE - GENERAL ACCESSIBILITY INFORMATION |
| --- |
| https://www.hyatt.com/en-US/hotel/california/hyatt-regency-orange-county/alica |

13

HOTEL ACCESSIBILITY FEATURES

We are committed to providing equal access and opportunity for individuals with disabilities. The features also make our hotels more accessible for older individuals with changing abilities to ensure a seamless experience. Our overall goal is to improve usability throughout the hotel for all guests.

**Accessible Hotel Areas with Accessible Routes from Accessible Public Entrance**

Registration desk

Public Entrance

Swimming pool

Guestroom(s)

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

**1ST PARTY BOOKING WEBSITE –ROOM DESCRIPTIONS**



King Room

Unwind in this 325 sq ft guestroom featuring one king Hyatt Grand Bed®, 65" flat screen TV, oversized desk, and just minutes from Disneyland.

AMENITIES

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



Queen Room

Relax in this 325 sq ft guestroom featuring two queen Hyatt Grand Beds®, 65" flat screen TV, oversized desk, and minutes from Disneyland.

AMENITIES

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



### ADA King Tub

Recharge in this 348 sq ft ADA compliant room featuring one king bed, and accessible bathroom with tub, grab bars and extra wide doors.

AMENITIES ⌃

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe
- ADA features: Strobe-light fire alarm & smoke detector, closed-caption TV, grab bars, wide doors, cordless phone, lowered features and raised toilet



### ADA Queen Tub

Sleep well in this 348 sq ft ADA compliant room featuring two queen beds, and accessible bathroom with tub, grab bars and extra wide doors.

AMENITIES ⌃

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe
- ADA features: Strobe-light fire alarm & smoke detector, closed-caption TV, grab bars, wide doors, cordless phone, lowered features and raised toilet



### ADA Queen Shower

Recharge in this 348 sq ft ADA compliant room featuring two queen beds, and accessible bathroom with roll-in shower, grab bars and extra wide doors.

AMENITIES ⌃

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe
- ADA features: Strobe-light fire alarm & smoke detector, closed-caption TV, grab bars, wide doors, cordless phone, lowered features and raised toilet



### 1 Bedroom King Suite

Feel at home in this 400 sq ft suite featuring one king bedroom, microwave, refrigerator, and separate living area with oversized desk and sleeper sofa. This is a standard suite. See World of Hyatt program terms for upgrade eligibility.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



### 1 Bedroom Queen Suite

Feel at home in this 400 sq ft suite featuring two queen beds in master, microwave, refrigerator and separate living area with oversized desk and sleeper sofa. This is a standard suite.

AMENITIES ⌄

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### 2 Bedroom King Suite

Settle in to this 700 sq ft two-bedroom, two-bath suite with two king beds, microwave, refrigerator, and separate living area with oversized desk & sleeper sofa. This is a premium suite.

AMENITIES ⌄

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### 2 Bedroom Queen Suite

Settle in to this 700 sq ft two-bedroom, two-bath suite with one king and two queen beds, microwave, refrigerator, and separate living area with sleeper sofa. This is a premium suite. See World of Hyatt program terms for upgrade eligibility.

AMENITIES ⌄

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### Kid's Suite

Perfect for families, this 375 sq ft suite is fitted with bunk beds for kids, private adjoining room with one king bed for adults, microwave and refrigerator. This is a standard suite. See World of Hyatt program terms for upgrade eligibility.

AMENITIES ⌄

- Private adjoining room
- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



### VIP Family Suite

Stretch out in this 700 sq ft two-bedroom, two-bath suite with one king bed in the master, bunk beds in the 2nd room, and separate living area with sleeper sofa. This is a premium suite. See World of Hyatt program terms for upgrade eligibility.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### VIP Suite

Recharge in this 676 sq ft room featuring one king bed, spacious living area, mini refrigerator, wet bar and large dining/conference table. Two bedroom option available upon request but sold as a one bedroom king. This is a premium suite.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Mini refrigerator
- Oversized workstations
- KenetMD(tm) bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### 1 Bedroom Hospitality Suite

Relax in this 696 sq ft room featuring one king bed, spacious living area, mini refrigerator and a large dining/conference table.  This is a premium suite.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Mini-refrigerator
- Microwave
- Oversized workstation
- KenetMD(tm) bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### Executive King Suite

Stretch out in this 676 sq ft room featuring with one king bed, spacious living area with sofa bed, mini-refrigerator, wet bar and large dining/conference table. This is a premium suite.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Mini-refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



Presidential Suite

Spread out in our 928-square-foot suite featuring one king bed, a spacious living area, and a wet bar. This is a premium suite.

AMENITIES ∧

- 65" flat-screen TVs with Pay Per View movies
- KenetMD bath amenities
- Hair dryer
- Coffeemaker
- Minifridge
- Microwave
- Iron and ironing board
- In-room safe

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Inadequate dispersion of accessible rooms among various categories or rooms – no accessible suites.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

**PERSONAL BARRIER ECOUNTERS**



**Identification of Specific Barrier in Plain Language:** No marked passenger drop off zone.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17  | **Identification of Specific Barrier in Plain Language:** Accessible parking not closest to entrance. |
18
19  | **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
20
21  | **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible valet counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



| Identification of Specific Barrier in Plain Language: Inaccessible concierge counter. |
| --- |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |



| **Identification of Specific Barrier in Plain Language:** Inaccessible check in counters. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |



**Identification of Specific Barrier in Plain Language:** Inaccessible seating in lobby.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





| **Identification of Specific Barrier in Plain Language:** Inaccessible lobby bar. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |



**Identification of Specific Barrier in Plain Language:** Inaccessible lobby bar seating..

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible seating in Citrus Grove Deli.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



| **Identification of Specific Barrier in Plain Language:** Inaccessible counter in Citrus Grove Deli. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



21 | **Identification of Specific Barrier in Plain Language:** Inaccessible isles and items in gift shop.

22 | **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

23 | **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

26
27
28   **END**



