BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
RICK A. WALTMAN (SBN: 306463)
655 West Broadway, Suite 1625
San Diego, CA 92101
Telephone: 619.219.5335
Email: twarren@buchalter.com

Attorneys for Defendant
SCG AMERICAN CONSTRUCTION INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>Plaintiff,<br><br>vs.<br><br>SCG AMERICAN CONSTRUCTION INC.,<br><br>Defendant. | Case No. SACV 19-01560-JVS(JDEx)<br>Honorable James V. Selna<br>Courtroom 10C<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF #012]**<br><br>Date: January 27, 2020<br>Time: 1:30 PM<br>Location: 411 West 4th Street<br>Santa Ana, CA 92701 |

Defendant SCG AMERICAN CONSTRUCTION INC. ("Defendant") hereby submits the following memorandum of points and authorities in support of its Motion to Set Aside Default ("Motion").

## I.    INTRODUCTION

The present lawsuit is one of a number of nearly-identical lawsuits filed by Plaintiff Peter Strojnik ("Plaintiff") alleging violation of the Americans with Disabilities Act ("ADA") and similar state laws. Indeed, Plaintiff is a serial litigant with a demonstrated history of abusive and frivolous ADA litigation, which resulted in the Arizona State Bar's suspension of Plaintiff's license to practice law and Plaintiff's later disbarment. Rather than preventing Plaintiff's abusive conduct, the

disbarment merely led to Plaintiff filing the same type of frivolous actions on his own behalf as a *pro se* plaintiff.

In this instance, Plaintiff filed a standard lawsuit alleging that the defendant violated the ADA and state laws when Plaintiff viewed unidentified third party booking sites and a first party booking site and allegedly could not assesses whether the property met his accessibility needs. Likely as a result of Plaintiff's many other identical complaints, Plaintiff failed to even attempt service on Defendant in this case until more than two months after filing his Complaint. Plaintiff's attempt at service was ineffective, as Plaintiff's server did not deliver the complaint and summons to Defendant or any authorized agent. Then, after the Court threatened to dismiss this case for lack of prosecution, Plaintiff moved for an entry of default judgment based on his defective service attempt without attempting to notify or confer with Defendant's counsel.

Despite knowing that Defendant was represented by counsel—Plaintiff did not inform Defendant's counsel of his Complaint, attempt at service, or his intent to move for default judgment. When the time for Defendant's response would have expired, Plaintiff never inquired whether Defendant intended to respond and never contacted Defendant's counsel regarding the matter of the service. Instead, Plaintiff quietly and quickly applied for entry of default.

The Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c) because there is good cause for Defendant's delay in appearing in this action. The minimal passage of time between the entry of default and Defendant's Motion precludes any delay or prejudice.

Second, Defendant has meritorious defenses that should be decided on the merits rather than procedural gamesmanship. As set forth below, Plaintiff's ADA claim is facially defective, as it fails to allege facts establishing Plaintiff's standing to bring the claims alleged. Defendant is entitled to litigate this matter on the merits

and the Court's disfavor of procedural judgments dictates against allowing the default to stand.

Lastly, Defendant's delay was not the result of nefarious intent. Instead, it was the result of Plaintiff failing to properly serve Defendant or notify Defendants' counsel of the Complaint and attempted service. As the present Motion makes evident, the minimal delay in the litigation is not the basis for Defendant's anticipated defenses to the action. As Defendant does not seek any advantage from the delay, the Court should set aside the entry of default and allow the litigation of the matter on its merits.

Accordingly, the Court should set aside entry of default against Defendant pursuant to Fed. R. Civ. P. 55(c).

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### a. Plaintiff is a Serial ADA Filer.

This is not the first time Plaintiff has brought allegations under the ADA. Plaintiff has filed over 80 ADA cases in federal courts alone, often identical allegations, to those made here. (*See e.g.*, Request for Judicial Notice ("RJN"), Exh. 7.) In each case, Plaintiff represents himself. (*Id.*) But, Plaintiff used to be an ADA lawyer in the State of Arizona, where he lives. (*See* RJN, Exhs. 1-6.) After filing approximately 1,700 ADA claims in seven months, complaints were brought against Plaintiff and a State Bar investigation ensued. (*See* RJN, Exh. 1 at *4, Exhs. 2-6.) The Arizona State Bar reported the following outcome:

> The Presiding Disciplinary Judge of the Arizona Supreme Court accepted a consent to disbarment filed by Peter Strojnik and effective May 10, 2019. Mr. Strojnik had been suspended on an interim basis since July 11, 2018, while the Bar conducted its investigation. Strojnik was assessed $1,263.92 in costs and expenses for the disciplinary proceeding.
>
> Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans

> with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.
>
> Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing. The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.
>
> The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration of justice, making illusory claims for attorney fees and monetary damages. One District Court said his tactics were extortionate. The State Bar alleged that Strojnik violated Rule 42, Ariz. R. Sup. Ct., ERs 1.2, 1.4, 1.5(a), 1.15(a) 3.1, 3.3(a), 3.4(c), 4.1(a), 4.4(a), 8.1, 8.4(c) and (d), Rules 43 and 54(d), Ariz. R. Sup. Ct. Strojnik did not contest the allegations and consented to his disbarment.

(*See* RJN, Exh. 6.) Following his disbarment in Arizona, Plaintiff began filing his ADA lawsuits as an in *pro per* plaintiff.

### b. Plaintiff Failed to Effectuate Service or to Inform Defendant's Counsel of this Action or Attempted Service

Plaintiff filed the present case on or about August 13, 2019. [ECF No. 1 ("Complaint").] In the months leading up to his Complaint, Plaintiff corresponded with Defendant's counsel, Tracy Warren, in an attempt to extract a settlement against Defendant specifically for the alleged violations contained in his Complaint. (Declaration of Tracy A. Warrant ("Warren Decl.") ¶ 2.) Despite being aware that Defendant was represented by counsel, and knowing how to reach Defendant's counsel, Plaintiff did not inform Defendant's counsel that he had filed a lawsuit. (*Id.*, ¶ 3.)

Over two months later, *after* the Court issued an "Order to Show Cause RE Dismissal for Lack of Prosecution" [ECF No. 8], Plaintiff finally attempted to serve Defendant. [ECF No. 9.] However, Plaintiff never served Defendant or any of its


agents on October 17, 2019 as alleged or otherwise. (Declaration of Yang Ping ("Yang Ping Decl.") ¶ 6-7.) Defendant now understands that Plaintiff attempted to serve another tenant of the building in which Defendant's CPA does business. (Yang Ping Decl. ¶ 6; Declaration of Mark Ma ("Mark Ma Decl.") ¶ 6.) The separate tenant refused service because she was not a party to the claim. (Yang Ping Decl. ¶ 6; Mark Ma Decl. ¶ 6.) Defendant understands that Plaintiff's server then left the documents in the parking lot. (Yang Ping Decl. ¶ 5; Mark Ma Decl. ¶¶ 3-4.) Plaintiff's attempt to serve an individual completely unaffiliated with Defendant, and to leave the complaint and summons in the parking lot do not constitute effective service on Defendant.

On November 21, 2019, the Court again ordered Plaintiff to show cause for why this case should not be dismissed due to lack of prosecution. [ECF No. 10.] That same day, Plaintiff filed an application for entry of default judgment without notifying Defendant or its counsel of the fact a Complaint had even been filed. [ECF No. 11.]

### c. <u>The Present Case is True to Plaintiff's Form.</u>

In the operative Complaint, Plaintiff alleges that at some unidentified date he intended to visit "the Disneyland area" and began looking for accommodations on various third party booking websites. (Compl., ¶¶ 15-17.) Plaintiff alleges that he found the property at issue on those sites, but that the sites did not provide sufficient information for Plaintiff to determine if the property had the mobility related access features required for his disabilities. (*Id.*, ¶ 17.) Plaintiff also alleges the third party booking sites failed to make reservations for accessible guest rooms in the same manner as non-accessible guest rooms. (*Id.*, ¶ 18.)

Plaintiff claims that thereafter he discovered that Defendant's own booking site also failed to identify and describe mobility related accessibility features and guest rooms in enough detail to permit him to assess whether Defendant's Property

met his accessibility needs. (*Id.*, ¶¶ 19-20.) Plaintiff then claims that as he continued browsing Defendant's site, he realized that it disclosed certain barriers to access. (*Id.*) Plaintiff further claims that Defendant's booking site failed to make reservations for accessible guest rooms in the same manner as non-accessible guest rooms. (*Id.*)

This Complaint is virtually indistinguishable from the more than 80 similar suits Plaintiff has filed since last year. (*See e.g.*, RJN Exh. 7.) In one such case filed in the Northern District of California, Judge Donna M. Ryu granted a motion to dismiss Plaintiff's almost identical case due to his failure to establish standing. (RJN Exh. 8.) Judge Ryu also ordered Plaintiff to submit a verified declaration by November 30, 2019 stating, among other things: "[h]ow many ADA cases" he has filed in the Northern District of California; "the date(s) that Strojnik encountered the barriers"; "[d]etails regarding [his] investigation [] regarding the alleged barriers" he encountered; and "the total amount of money Strojnik has recovered in settlements of his ADA cases." (RJN Exh. 9.) Plaintiff ignored Judge Ryu's order, and has not filed any such declaration to date. (Warren Decl., ¶ 5.)

### III. ARGUMENT

"Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *U.S. V. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089 (9th Cir. 2010) (internal formatting omitted); *quoting Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). "[D]efault judgments are generally disfavored, and 'whenever it is reasonably possible, cases should be decided upon their merits." *In re Hammer*, 940 F.2d 524, 525-526 (9th Cir. 1991) (internal formatting omitted) (*quoting Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989). Accordingly, a district court should set aside entry of default on a showing of good cause. *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

The good cause analysis requires the Court to consider three factors:

(1) whether the plaintiff would be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. *Falk*, 739 F.2d at 463; *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-926 (9th Cir. 2004). The Court has discretion to set aside entry of default even in situations where one factor weighs against the decision. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111-1112 (9th Cir. 2011). Here, all the factors weigh in favor of setting aside the default and allowing the case to proceed on the merits.

### a. Plaintiff Will Not Suffer Prejudice If Entry of Default is Set Aside.

First, the entry of default should be set aside because Mr. Strojnik would not be prejudiced in any way. Prejudice is determined by whether a party will be hindered in pursuing its claim. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (questioned on other grounds). The fact that a party may be denied a quick victory is insufficient to deny relief from default judgment. *Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000). "The delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.*

Here, Plaintiff will not be able to articulate any prejudice that he would suffer should entry of default be set aside. Plaintiff filed the present matter on August 13, 2019 and only attempted to serve Defendant process on October 17, 2019, 65 days after filing suit. [ECF Nos. 1, 9.] Entry of default was only entered 25 days ago. [ECF No. 12.] Given the minimal delays in the advancement of the case, Plaintiff cannot claim any loss of evidence, difficulties of discovery or other basis for denying Defendant its right to defend the matter on the merits.

### b. Defendant Has Meritorious Defenses to the Lawsuit.

The next factor weighing in favor of Defendant's Motion is that Defendant has a meritorious defense to the lawsuit. A defense is considered meritorious if "there is

some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). All that is required is an assertion of "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is resolved at a later stage." *Audio Toys, Inc. v. Smart AV Pty Ltd.*, 2007 U.S. Dist. LEXIS 44078, *8 (N.D. Cal. June 6, 2007).

Here, Defendant has multiple defenses that create the possibility of Defendant prevailing at trial. Importantly, this litigation is frivolous and Plaintiff should be declared a vexatious litigant.

First, Plaintiff's ADA claim—the sole claim on which his federal subject matter jurisdiction is based—failed to establish the facts necessary to prove Plaintiff's standing. Notably, Plaintiff's Complaint alleges neither an injury-in-fact nor an intent to return to the noncompliant facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Plaintiff never alleges he personally encountered any barriers to his access there. *Brooke v. H.P. Hospitality*, LLC, 2017 U.S. Dist. LEXIS 214372, at *811 (C.D. Cal. July 11, 2017); *Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170, at *11 (E.D. Cal. Mar. 27, 2012) (holding that merely alleging that barriers exist is insufficient to show standing). Plaintiff similarly fails to show a "real and immediate threat of repeated injury," given that he: (a) resides far distant from the subject property, (b) has never patronized the property before, (c) has not alleged any definite plan to visit/return, and (d) has not alleged frequent travel near the property. *Johnson v. Overlook At Blue Racine, LLC*, 2012 U.S. Dist. LEXIS 42170 at *5 (E.D. Cal. Jul. 20, 2012). Accordingly, Defendant has a meritorious defense based on Plaintiff's lack of standing.

Moreover, Plaintiff's history as an ADA litigant is well-documented, both in judicial records and in proceedings before the Arizona State Bar. Given this litigation history, Defendant contends that the present litigation is a frivolous case and

represents a flagrant abuse of the judicial process, which the Court should remedy through its inherent power. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). Accordingly, Defendant intends to seek judicial orders dismissing the present litigation and declaring Plaintiff to be a vexatious litigant.

As Plaintiff's Complaint fails to establish standing, fails to allege the specific barriers purportedly faced, and fails to show any basis for a finding in his favor, the second factor weighs in favor of setting aside the entry of default.

### c. Defendant's Delay in Responding to the Lawsuit is Excusable.

In the Ninth Circuit, analysis of "culpability" for the purposes of demonstrating "good cause" under Rule 55(c) overlaps with the standard for "excusable neglect" under Rule 60(b)(1). *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (questioned on other grounds). The Ninth Circuit finds a negligent failure to respond excusable if the defaulting party offers a credible, good-faith explanation for the delay that negates "any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Knoebber*, 244 F.3d at 697-98.

Here, Defendant's failure to file a response was excusable. Plaintiff did not effectuate service on Defendant, and Defendant's counsel's docketing team therefore did not schedule a deadline to respond. (Warren Decl., ¶ 4.) Plaintiff did not serve Defendant or any agent of Defendant on October 17, 2019 or otherwise. Yang Ping Decl. ¶¶ 6-7.) Defendant understands that Plaintiff attempted to serve another tenant of the building in which Defendant's agent does business. (Yang Ping Decl. ¶ 6; Mark Ma Decl. ¶ 6.) The separate tenant refused service because she was not a party to the claim. (Decl. (Yang Ping Decl. ¶ 6; Mark Ma Decl. ¶ 6.) Defendant understands that Plaintiff's server then left the documents in the parking lot. (Yang Ping Decl. ¶ 5; Mark Ma Decl. ¶¶ 3-4.)

FRCP 4(h) requires a plaintiff to "deliver a copy of summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Plaintiff's attempt to serve an individual completely unaffiliated with Defendant, and to leave the complaint and summons on that individual's windshield do not constitute effective service on Defendant. As such, Defendants' counsel's docketing staff was not aware of any service of the Complaint and did not calendar a response deadline accordingly. (Warren Decl., ¶ 4.) Defendant then promptly drafted and filed the present Motion seeking to set aside the default and enter a responsive pleading.

Defendant has not intended to take advantage of Plaintiff, interfere with judicial decision making or otherwise manipulate the legal process in failing to timely file its responsive pleading. Defendant's challenges to Plaintiff's operative complaint and its anticipated defenses in the litigation are not based on any action that occurred between the alleged service and the present Motion. As Defendant's failure to timely respond was not designed to capitalize on any unknown event that occurred during the minimal delay, any neglect to timely file a responsive pleading should be excused.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion and set aside entry of default.

DATED: December 18, 2019

BUCHALTER
A Professional Corporation

By: */s/ Rick A. Waltman*
TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant
SCG AMERICAN CONSTRUCTION INC.