Peter Strojnik,
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PETER STROJNIK,

Plaintiff,

vs.

SCG AMERICAN CONSTRUCTION INC.,

Defendant.

Case No: 8:19-cv-01560-JVS-JDE

**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**
**and**
**MOTION TO STRIKE IMPERTINENT AND SCANDALOUS AND IMPERTINENT MATTERS FROM THE RECORD**

**INTRODUCTION**

Setting aside an entry of default is normally done through a 5 minute phone call and a subsequent stipulation. This procedure advances the requirement of Fed. R. Civ. P. 1 for the Parties "to secure the just, speedy, and inexpensive determination of every action and proceeding".

A phone call plus stipulation saves a client significant amount of money and the District Court's already thinly stretched resources. Plaintiff recollects merely one time in his 38 year career as a lawyer where he did not stipulate to such. That one single outlier, however, involved the same defense lawyers whose practice seems to involve a strategic decision not to file the Answer, wait for the entry of default, and then engage in motion practice[1].

---

[1] *See Strojnik v. Host Hotels & Resorts, Inc. dba Andaz Maui at Wailea* (D.C. Hi. 1:19-CV-00136-JMS-RT) There, as here, Defendant's counsel Ms. Warren falsely claimed that "Plaintiff never informed Defendant's counsel that he had named Defendant in this lawsuit".

### MS. WARREN'S DECLARATION. Dkt. at 13-4 IS PATENTLY FALSE

Defendant first argues that "Plaintiff never informed [Ms. Warren] that he filed his lawsuit against Defendant, that the attempted to serve Defendant, or that he was moving for default judgment against Defendant". *Dkt. 3-4,* Declaration of Tracy Warren at ¶ 3.

Ms. Warren's Declaration is just simply false. On October 18, 2019, Plaintiff advised Ms. Warren that "The Complaint has been filed and service completed"[2]:

> **Gmail** — Peter Strojnik <ps@strojnik.com>
>
> **CONFIDENTIAL SETTLEMENT OFFER**
> 1 message
>
> Peter Strojnik <ps@strojnik.com>          Fri, Oct 18, 2019 at 11:02 AM
> To: "Warren, Tracy A." <twarren@buchalter.com>
>
> Hi, Tracy. We have the following cases pending:

***

> **SCG America / Hyatt Regency**: The Complaint has been filed and service completed. Before we get into the thick of things.
>
> I propose:

The second part of the Declaration – that Plaintiff never informed Ms. Warren that he was moving for default judgment is likewise false:

///

///

///

///

///

---

[2] Plaintiff does not attach the entire e-mail because it contained confidential settlement discussions.

2



Defendant then argues that one Mark Wu, on or about October 22, 2019, "noticed some documents strewn all over the floor of the parking lot", *Dkt*. 13-2 at ¶ 2, and that he then gave these documents to Yang Ping, *id.* at ¶ 4, and that Yang Ping asked Mr. Wu "the date we were served with the Complaint", *Dkt*. 13-3 at ¶5, and that Yang Ping was shown the service documents "around October 31, 2019" and "transmitted a copy of the Summons and Complaint to SCG Construction." This is not helpful to Defendant; it simply confirms that service was made and properly transmitted to Defendant.

## ARGUMENT

**1. DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IS INADMISSIBLE AND MUST BE STRUCK**

Ms. Warren is well known for her ever ingenious way of pointing out that Plaintiff filed $1,700 cases in Maricopa County, earned $1.2M in fees and donated each and every penny of those fees to a 501(c)(3) charitable organization for the disabled. While doing so, she manages to find most disparaging information about Plaintiff and attaches 239

pages of scandalous and impertinent[3] paperwork. Ms. Warren is aware, of course, that the content of proffered papers is inadmissible as a matter of law, a matter that has been explained to her in other cases[4]. Therefore, these papers cannot possibly be offered for their *"truth"*.

Instead, Defendant engages a furtive reconnaissance mission to determine whether the memorable observation by the Honorable Judge Melinda Harmon apply here. In *Gilkerson v. Chasewood Bank*, 1 F.Supp .3d 570, 596-97 (S.D. Tex., 2014), Judge Harmon displayed the courage to state what civil rights litigants know from experience:

---

[3] *Wilkerson v. Butler,* 229 F.R.D. 166, 170 (E.D. Cal. 2005) (allegation is "impertinent" if it is not responsive or relevant to the issues; it is "scandalous" if it improperly casts a derogatory light on someone.)

[4] Under Federal Rule of Evidence 201(a), the Court may take judicial notice of "adjudicative facts". Rule 201(a) must be read in conjunction with Rule 402 which provides that "[i]rrelevant evidence is not admissible" and Rule 401 which defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence".

201(b) further provides "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record."). Nor may a court take judicial notice of any matter that is in dispute. *Lee*, 250 F.3d at 689-90; *see also Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding judicial notice inappropriate where the facts to be noticed were not relevant to the disposition of the issues before the court).

While the Court may take judicial notice of court filings, it cannot take judicial notice of the truth of any statements made in them. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, . . . including documents on file in federal or state courts." (internal citation omitted)). The Court does so solely for its existence and content, not the truth of any statements therein. *See Rieckborn v. Jefferies LLC*, 81 F.Supp.3d 902, 913 (N.D. Cal. 2015).

> Testers have been an accepted and successful means of enforcing civil rights statutes under the Fair Housing Act and Title VII of the Civil Rights Act of 1964, although **a number of courts addressing Title III cases have been skeptical, and even hostile**. *See* Lee, *Giving Disabled Testers Access to Federal Courts,* 19 Va. J. Soc. Pol'y & L. at 321–23; Johnson, *Testers Standing up for Title III of the ADA,* 59 Case W. Res. L.Rev. at 689–702. "As a result of both the Attorney General's limited resources and the limited remedies available to Title III plaintiffs, 'most suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.'" *Betancourt v. Federated Dept. Stores,* 732 F.Supp. 2d 693, 701 (W.D.Tex.2010) *quoting Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir. 2007). (Emphasis supplied.)

Defendant's strategy is not subtle. Defendant is aware of a significant social undercurrent of hostile skeptics. So she is trying to determine whether her litigation privileged defamation will fall on fertile ground in this Court.

## 2. THE ENTRY OF DEFAULT SHOULD NOT BE SET ASIDE

This Court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). To determine whether good cause exists to set aside entry of default, the Court considers three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default (or in this case, setting aside entry of default) would prejudice the plaintiff. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The party seeking to vacate an entry of default bears the burden of demonstrating that these factors favor vacating the default. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)

### A. Defendant's Conduct is Culpable

A defendant's conduct is deemed culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Knoebber*, 244 F.3d at 697. A party's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful or bad faith failure to respond." *Id.* at 244

698. "Neglect [or] simple, faultless omissions to act and, more commonly, omissions caused by carelessness" do not equate to "an intentional failure to answer." *Id.* (citations omitted). "[A] credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not intentional." *Id.* at 698.

Here, the service of process was completed on October 16, 2019. Ms. Warren was advised of the Complaint on October 18, 2019 and received the Application for the Entry of Default on November 21, 2019. Ms. Warren's gross misrepresentations of facts in her sworn Declaration do not change these facts.

**B. Defendant does not have a meritorious defense.**

   **i. Defendant's Argument that Plaintiff Lacks Article III Standing is not Meritorious.**

Defendant claims that it has a meritorious defense based on standing. This is incorrect[5].

Article III standing is a prerequisite to suit in the federal courts. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Because it implicates the court's subject matter jurisdiction, a defendant may challenge standing at any time. Id. see also Fed. R. Civ. Proc. 12(b)(1). Moreover, "[t]he federal courts are under an independent obligation to examine their own jurisdiction." *United States v. Hays*, 515 U.S. 737, 742 (1995).

The standing inquiry requires a plaintiff to show (1) he suffered an "injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. *Civil Rights Educ. & Enforce. Ctr. V. Hosp. Properties Trust* ("*CREEC*"), 867 F.3d 1093, 1098 (9th Cir. 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Federal

---

[5] Plaintiff notes that this section is taken directly from the Order Denying Defendant's Motion to Dismiss, Dkt. 15, *Johnson v. Alhambra* 2:19-cv-00103-JAM-DB (E.D.Cal. June 2019)

courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008) (internal quotations omitted).

Unlike challenges to a complaint for failure to state a claim, challenges to constitutional standing fall under Federal Rule of Civil Procedure 12(b)(1). Accordingly, a plaintiff's statement of subject-matter jurisdiction is not governed by the strict pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011). To be sure, "this is not to say that a plaintiff may rely on a bare legal conclusion to assert injury-in-fact, or engage in an ingenious academic exercise in the conceivable to explain how defendants' actions caused his injury." *Id.* at 1068 (internal quotations omitted). But each element of standing need only "be supported . . . with the manner and degree of evidence required at the successive stages of litigation." Id. (quoting *Defenders of Wildlife*, 504 U.S. at 561). Accordingly, the Court must, at this stage, accept as true all material allegations of the complaint and construe those allegations in favor of the complaining party. Id. (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Defendant's argument based on Article III standing fails as a matter of law.

### ii. Defendant's Argument that the SAC fails to Allege ADA Violations, or that the alleged violations are false, is plain wrong.

The Complaint, Dkt. 1 at Addendum A at pp 11-30 provides documentary and photographs evidence of Plaintiff's *personal* encounters with violations of 28 CFR 36.302(e) and ADAAG. Nowhere does Defendant point out to even one of the photographically documented violations to claim that the photograph is wrong, retouched, or otherwise fails to accurately reflect the subject matter thereof. Defendant have no defense whatsoever.

### C. Plaintiff would be prejudiced by setting aside default.

Here, Plaintiff is prejudiced because, as Defendant plainly admits, "Defendant intends to seek judicial orders dismissing the present litigation and declaring Plaintiff to be a vexatious litigant". Dkt. 13-1 at 9:4-5. As indicated above, Ms. Warren has already

filed, *and lost*, a vexatious litigant motion in *Hyatt International*. Having to deal with issues not proper to the resolution of Plaintiff's claim is patently prejudicial

## CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons Plaintiff requests relief as follows:

1. Denial of Defendant's Motion in its Entirety; and
2. Order Defendant to refile its Motion and delete all impertinent and scandalous matters from the record.

RESPECTFULLY SUBMITTED this 23rd day of December 2019.

**STROJNIK, P.C.**

_____
Plaintiff

## VERIFICATION

Plaintiff verifies that the statements of fact incorporated into the above Response are true and correct to the best of his knowledge and memory.

_____
Plaintiff

A copy of the foregoing mailed this 23rd day of December 2019, to the clerk of the District Court and thence distributed through PACER.

Courtesy copy e-mailed to:

Tracy A. Warren
twarren@buchalter.com

/s/