BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
RICK A. WALTMAN (SBN: 306463)
655 West Broadway, Suite 1625
San Diego, CA 92101
Telephone: 619.219.5335
Email: twarren@buchalter.com

Attorneys for Defendant

SCG AMERICAN CONSTRUCTION INC.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SCG AMERICAN CONSTRUCTION INC.,<br><br>　　　　Defendant. | Case No. SACV 19-01560-JVS(JDEx)<br>Honorable James V. Selna<br>Courtroom 10C<br><br>**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF #012]**<br><br>Date: January 27, 2020<br>Time: 1:30 PM<br>Location: 411 West 4th Street<br>Santa Ana, CA 92701 |

Defendant SCG AMERICAN CONSTRUCTION INC. ("Defendant") submits the following reply memorandum in support of its Motion to Set Aside Default ("Motion").

**I.     INTRODUCTION**

Plaintiff asks the Court to deny relief from default because he will be "prejudiced" by having to litigate his case. He does not point to any other reason to deny relief from default judgment. Plaintiff does not dispute Defendant's evidence showing that Plaintiff did not effectuate service. Defendant was thus not obligated to respond to Plaintiff's Complaint at the time he filed for default judgment. Defendant's legitimate dispute regarding service, combined with Defendant's well-

supported basis for challenging Plaintiff's standing, weighs strongly in favor of setting aside default judgment.

This case does not present the "extreme circumstances" warranting the "drastic" sanction of default judgment. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (reversing default judgment when district court did not mention any "extreme circumstances"). As set out further below, every factor weighs in favor of setting aside default judgment. The Court should set aside default.

## II. PLAINTIFF WILL NOT BE PREJUDICED FROM HAVING TO PROVE HIS CLAIMS ON THE MERITS

The only potential prejudice Plaintiff takes issue with is having to litigate the lawsuit he filed. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2000) ("merely being forced to litigate on the merits cannot be considered prejudicial for purposes of weighing a default judgment"); *see also Bateman v. United States Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (no prejudice simply because a party loses the windfall of a quick victory due to an opponent's procedural default and must litigate on the merits.) Plaintiff's burden of proof does not constitute "prejudice" for purposes of setting aside default judgment. This factor weighs in favor of setting aside default.

## III. DEFENDANT INTENDS TO CHALLENGE PLAINTIFF'S STANDING TO BRING HIS LAWSUIT

Plaintiff's claim will not succeed on the merits because he cannot establish standing. Plaintiff's inability to establish standing is not just a defense, but a failure of pleadings that should preclude Plaintiff from recovering. Defendant's mere expression of intent to raise such standing challenges constitutes a basis to grant default. *See Coen Co. v. Pan Int'l, Ltd.,* 307 F.R.D. 498, 505 (N.D. Cal. 2015) (granting relief from default judgment when "defendant has indicated its intent" to argue it was not liable without supporting facts because there was "a possibility the

outcome of the suit would differ from the result reached by a default."); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388 (reversing entry of default on a cause of action the Plaintiff failed to properly plead.).

SCG has laid out in detail its argument to challenge Plaintiff's standing in its initial Memorandum of Points and Authorities in Support of its. *See* [ECF No. 13-1 at p. 3-9.] This constitutes more than mere intent to challenge Plaintiff's standing, and is a sufficient basis by itself to set aside default. Plaintiff's claims that such a challenge could not be successful is directly contradicted by a recent identical suit he was involved in. Judge Donna M. Ryu of the Northern District of California in fact dismissed Plaintiff's Complaint that alleged the same exact facts and ADA violations at issue here because he failed to establish standing. *See* RJN Exh. 8. [ECF No. 13-5]. Plaintiff's Complaint here too should be dismissed, or the Court should at least address Plaintiff's standing on the merits. This factor weighs heavily in favor of granting SCG relief from default. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d at 696 ("[W]here there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute.").

## IV. DEFENDANT'S CONDUCT IS NOT CULPABLE BECAUSE PLAINTIFF DID NOT EFFECTUATE SERVICE OF PROCESS AND DEFENDANT WAS NOT OBLIGATED TO RESPOND

Plaintiff does not contest that his service vendor did not effectuate service on Defendant or its agent. Plaintiff does not dispute that his vendor tried to give an unaffiliated third party his Complaint, and then left Plaintiff's complaint scattered across a parking lot. Mark Ma Decl. [ECF. 13-2] ¶¶ 3-4, 6; Yang Ping Decl. [ECF 13-3] ¶¶ 5-6. Plaintiff did not serve Defendant or its agent, so his attempt as service was not effective. *See Polhemus v. American Medical Association*, 145 F.2d 357, (10th Cir. 1944) (quashing service where Plaintiff could not refute affidavit in support of motion to quash denying that the individual served was an agent of defendant

movant.); *see also Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297 (7th Cir. 1991) (actual knowledge of existence of lawsuit is insufficient in absence of valid service of process); *Tiner v. Insulrock Corp.*, 120 F. Supp. 11 (D. Ark. 1954) (holding insufficient service when no showing that agency relationship existed between individual served and party); *Rutter v. Louis Dreyfus Corp.*, 181 F.Supp. 531 (E.D. Pa. 1960). Plaintiff did not complete service, and Defendant was thus not obligated to respond.

When a party disputes that service was effective, it does not behave culpably. *See Coen Co. v. Pan Int'l, Ltd.,* 307 F.R.D. 498, 507 (N.D. Cal. 2015) (Judge Jon S. Tigar granting motion to set aside default, noting that "[b]ecause the Court cannot be certain that Defendant realized that Pei's receipt of service was effective as to Defendant, the Court cannot conclude that Defendant's failure to appear was culpable.") Defendant's conduct was based in law, and was not culpable. Every factor weighs in favor of granting relief from default judgment.

## V. CONCLUSION

Plaintiff does not contest that his service vendor did not effectuate service on any agent of Defendant. Defendant was therefore not obligated to respond. The Court should therefore grant Defendant relief from default judgment.

DATED: January 13, 2020  
BUCHALTER  
A Professional Corporation

By: */s/ Rick A. Waltman*  
TRACY A. WARREN  
RICK A. WALTMAN  
Attorneys for Defendant  
SCG AMERICAN CONSTRUCTION INC.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

4

DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT [ECF #012]          CASE NO. SACV 19-01560-JVS(JDEX)

## **CERTIFICATE OF SERVICE**

On January 13, 2020, by electronic transmission of a pdf copy of the above document and Notice of Electronic Filing to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, U.S. mail, facsimile and/or overnight delivery. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 13, 2020, at San Diego, California.

*/s/ Rick A. Waltman*
Rick A. Waltman