BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
RICK A. WALTMAN (SBN: 306463)
655 West Broadway, Suite 1625
San Diego, CA  92101
Tel.: 619.219.5335
E-mail:  twarren@buchalter.com


Attorneys for Defendant
SCG AMERICAN CONSTRUCTION INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK (SR.),<br><br>       Plaintiff,<br><br>       VS.<br><br>SCG AMERICAN CONSTRUCTION INC.,<br><br>       Defendant. | Case No. 8:19-cv-01560-JVS-JDE<br><br>**DEFENDANT SCG AMERICAN CONSTRUCTION INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  April 20, 2020<br>Time:          1:30 p.m.<br>Judge:        Hon. James V. Selna |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that, on April 20, 2020 at 1:30 p.m., or as soon thereafter as the motion may be heard by the Honorable James V. Selna in Courtroom 10C of the United States District Court for the Central District of California at 411 West 4th Street, Santa Ana, California 92701, Defendant SCG American Construction Inc. ("Defendant") will move to dismiss Plaintiff Peter Strojnik's ("Plaintiff") Complaint.

This Motion is brought under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that the allegations in the Complaint fail to state a claim or

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

establish subject matter jurisdiction under Article III.  This Motion is based upon the following Memorandum of Points and Authorities, the pleadings on file, and the accompanying Request for Judicial Notice and its exhibits.  A Proposed Order has also been lodged with the Court.


DATED:  February 26, 2020

BUCHALTER
A Professional Corporation


By: /s/      Tracy A. Warren

TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant
SCG AMERICAN
CONSTRUCTION, INC.

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION...................................................................... 1

II.  BACKGROUND AND RELEVANT FACTUAL ALLEGATIONS ............ 3

III.  LEGAL STANDARD ............................................................... 5

IV.  PLAINTIFF LACKS STANDING AND FAILS TO STATE A CLAIM UNDER THE ADA.................................................................... 6

    A.  Plaintiff Cannot Show an Injury in Fact, Intent to Return, or that he is Deterred. .................................................................... 7

        1.  Plaintiff Fails to Identify Any Actual, Imminent, or Concrete Barriers That Relate to His Disability. ...................................... 8

        2.  Plaintiff does not Allege an Intent to Return to Defendant's Hotel................................................................. 12

        3.  Plaintiff Fails to Allege Deterrence. .......................................... 16

V.  PLAINTIFF FAILS TO STATE A CLAIM ...................................... 17

VI.  PLAINTIFF'S STATE LAW CLAIMS UNDER THE UNRUH ACT AND DPS MUST BE DISMISSED AS WELL ................................... 19

VII.  PLAINTIFF'S NEGLIGENCE CLAIM SHOULD ALSO BE DISMISSED........................................................................ 21

VIII.  CONCLUSION ..................................................................... 22

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................... 5, 6

*Barnes v. Marriott Hotel Servs., Inc.*,
   2017 U.S. Dist. LEXIS 22588 (N.D. Cal. Feb. 16, 2017) ............................... 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).......................................................................................... 5

*Brooke v. Pac. Gateway Ltd., Ltd. P'ship.*,
   2017 U.S. Dist. LEXIS 70957 (S.D. Cal. May 9, 2017) ............................... 14

*Brother v. Tiger Partner, LLC*,
   331 F. Supp. 2d 1368 (M.D. Fla. 2004)........................................................ 13

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
   631 F.3d 939 (9th Cir. 2011) ........................................................ 6, 7, 10, 12

*Chapman v. Pismo Food Store*,
   710 F. App'x. 769 (9th Cir. 2018) ................................................................ 14

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983)........................................................................................... 7

*Civil Rights Educ. & Enf't. Ctr. v. Hosp. Properties Tr.*
   (*CREEC*), 867 F.3d 1093 (9th Cir. 2017)..................................................... 16

*D'Lil v. Best W. Encina Lodge & Suites*,
   538 F.3d 1031 (9th Cir. 2008) ...................................................................... 14

*Erickson v. Pardus*,
   551 U.S. 89 (2007)........................................................................................... 5

*Estate of Saylor v. Regal Cinemas, Inc.*,
   54 F.Supp.3d 409 (D. Md. 2014).................................................................. 21

*Feezor v. Sears, Roebuck & Co.*,
   608 F. App'x. 476 (9th Cir. 2015).......................................................... 16, 17

*Gastelum v. Canyon Hospitality LLC*,
   2018 U.S. Dist. LEXIS 87850 (D. Ariz. May 25, 2018) ............................... 15

*Gomez v. Bang & Olufsen Am., Inc.*,
   2017 WL 1957182 (S.D. Fla. Feb. 2, 2017) ................................................. 18

*Harris v. Stonecrest Care Auto Center*,
   472 F. Supp. 2d 1208 (S.D. Cal. 2007).......................................................... 7

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

ii

*Johnson v. Overlook At Blue Ravine, LLC*,
  2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012) ...................................... 13, 16

*Johnson v. Torres Enters. LP*,
  2019 U.S. Dist. LEXIS 11124 (N.D. Cal. Jan. 22, 2019) ............................................... 21

*Los Angeles v. Lyons*,
  461 U.S. 95 (1983) .................................................................................................... 12

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .......................................................................................... 6, 7, 13

*Molski v. Kahn Winery*,
  405 Supp. 2d 1160 (C.D. Cal. 2005) ..................................................................... 12, 13

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) .................................................................................................... 12

*Pickern v. Holiday Quality Foods Inc.*,
  293 F.3d 1133 (9th Cir. 2002) .................................................................................... 14

*Reycraft v. Lee*,
  177 Cal. App. 4th 1211 (2009) ................................................................................... 20

*Robles v. Domino's Pizza, LLC*,
  913 F.3d 898 (9th Cir. 2019) ..................................................................................... 18

*Rocca v. Den 109 LP*,
  684 F. App'x. 667 (9th Cir. 2017) .............................................................................. 15

*Rodriguez v. Barrita, Inc.*,
  10 F. Supp. 3d 1062 (N.D. Cal. 2014) ....................................................................... 20

*Rutherford v. Cesar's Mexican Rest., LLC*,
  2019 WL 4193392 (S.D. Cal. Sept. 3, 2019) .............................................................. 11

*Rutherford v. Los Charros*,
  2019 U.S. Dist. LEXIS 60156 (S.D. Cal. Apr. 5, 2019) ............................................... 11

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) ..................................................................................... 5

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ..................................................................................... 6

*Spokeo, Inc. v. Robbins*,
  136 S. Ct. 1540 (2016) ............................................................................................ 7, 9

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ..................................................................................... 6

*Strojnik v. 1315 Orange LLC*,
  2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) ........................................ 9, 10

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

iii

*Strojnik v. Bakersfield Convention Hotel I, LLC*,
   2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 31, 2020) ..................................... 3, 12, 16

*Strojnik v. Four Sisters Inns, Inc.*,
   2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019) ................................... 2, 10, 14

*Strojnik v. Hotel Circle GL Holdings, LLC*,
   2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov. 21, 2019) ............................ 3, 10-11, 17

*Strojnik v. IA Lodging Napa First LLC, dba Andaz Napa*,
   Doc. No. 49 (N.D. Cal. Feb. 25, 2020) .................................................................. 3, 11

*Strojnik v. Kapalua Land Co. LTD*,
   2019 WL 4685412 (D. Haw. Aug. 26, 2019) ........................................................ 9, 18

*Strojnik v. Kapalua Land Co. Ltd.*,
   2019 WL 4684450 (D. Haw. Sept. 25, 2019) .............................................................. 18

*Strojnik v. Orangewood LLC*,
   2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020) ..................... 2, 8-9, 12, 17, 19

*Strojnik v. Pasadena Robles Acquisition, LLC*,
   2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019) ............................... 2, 10, 13

*Strojnik v. Singpoli Grp., LLC*,
   2019 U.S. Dist. LEXIS 24494 (C.D. Cal. Feb. 14, 2019) ............................................. 2

*Surrey v. TrueBeginnings, LLC*,
   168 Cal.App.4th 414 (2008) ..................................................................................... 21

*Urhausen v. Long Drug Stores Cal., Inc.*,
   155 Cal. App. 4th 254 (2007) ................................................................................... 20

*Vogel v. Salazar*,
   2014 U.S. Dist. LEXIS 1513 (C.D. Cal. Oct. 24, 2014) ...................................... 16, 17

*Vogel v. Sym Props., LLC*,
   2017 U.S. Dist. LEXIS 214360 (C.D. Cal. Aug. 4, 2017) ............................................. 7

*White v. Lee*,
   227 F.3d 1214 (9th Cir. 2000) ..................................................................................... 5

*White v. NCL America, Inc.*,
   2006 WL 1042548 (S.D. Fla. 2006) ............................................................................ 22

**Statutes**

Cal. Civ. Code §§ 51-53 ("Unruh Act") ................................................................. 4

Cal. Civ. Code §§ 54-54.3 .......................................................................................... 4

**Rules**

28 C.F.R. §36.302(e)(1)(ii) ................................................................................... 17, 19

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

iv

Fed. R. Civ. P. 12(b)(1) ................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ................................................................................. 5

Fed. R. Civ. P. 15(a) ..................................................................................... 6

Rule 12(b)(1) ................................................................................................. 1

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

v

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Peter Strojnik ("Plaintiff" or "Strojnik") is a formerly-licensed lawyer of significant notoriety in Arizona who was disbarred from the practice of law in Arizona as a result of his serial—and unfounded—ADA lawsuits.  In particular, after filing approximately 1,700 ADA claims in seven months, complaints were brought against Plaintiff and a State Bar investigation ensued.  (*See* Request for Judicial Notice ("RJN"), Exh. 1, p. 4.)  The Arizona State Bar reported the following outcome:

> The Presiding Disciplinary Judge of the Arizona Supreme Court accepted a consent to disbarment filed by Peter Strojnik and effective May 10, 2019. Mr. Strojnik had been suspended on an interim basis since July 11, 2018, while the Bar conducted its investigation. Strojnik was assessed $1,263.92 in costs and expenses for the disciplinary proceeding.
>
> Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in state and federal courts. Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations. In all cases Strojnik alleged vague violations.
>
> Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing. The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.
>
> The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration of justice, making illusory claims for attorney fees and monetary damages. One District Court said his tactics were extortionate. The State Bar alleged that Strojnik violated Rule 42, Ariz. R. Sup. Ct., ERs 1.2, 1.4, 1.5(a), 1.15(a) 3.1, 3.3(a), 3.4(c), 4.1(a), 4.4(a), 8.1, 8.4(c) and (d), Rules 43 and 54(d), Ariz. R. Sup. Ct. Strojnik did not contest the allegations and consented to his disbarment.

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**                    Case No. 8:19-cv-01560-JVS-JDE

(RJN Exh. 2.) Following his suspension – and continuing after his eventual disbarment in Arizona – Plaintiff began filing his ADA lawsuits as an *in pro per* plaintiff.[1]

However, Strojnik's notoriety is catching up with him in other jurisdictions, including in this district. Since his suspension as an attorney, Strojnik has filed over 100 cases against hotels containing basically the exact same allegations. (RJN Exh. 8.) Three courts in the Central District have dismissed his nearly identical complaints on the same grounds that Defendant is asserting here. On August 14, 2019, in *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019), the Court dismissed Strojnik's claims without leave to amend against the Pasadena Hilton for lack of standing based on his failure to allege how any of the barriers he may have experienced related to his alleged disabilities. Similarly, on December 9, 2019, in *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019), the Court dismissed Strojnik's claims against the defendant's hotel without leave to amend for lack of standing. And, most recently on January 22, 2020, in *Strojnik v. Orangewood LLC,* No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020), the Court dismissed Strojnik's virtually identical claims against the DoubleTree Hotel in Anaheim without leave to amend based on his lack of standing. The same is true of cases filed in other districts of California.[2] Plaintiff's Complaint in this action is

---

[1] As Judge Staton in this district noted: "Although Plaintiff is a pro se litigant in this forum, he is also an Arizona lawyer with extensive experience litigating ADA access cases. Plaintiff's Arizona law license is currently suspended. A search of pacer.gov, sorted by date, reveals three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. [citation omitted]. Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant. Rather than being a befuddled pro se litigant who erroneously believes that he has complied with the Court's Order, Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license." *Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019).

[2] For example, in the Northern District of California, Judge Donna M. Ryu granted a motion to dismiss Strojnik's almost identical complaint based on lack of standing. (RJN Exh. 3:

almost the same word-for-word as the complaints dismissed in the *Pasadena Robles Acquisition*, *Four Sisters Inns*, and *Orangewood LLC* matters dismissed in this district.  (*See* RJN Exhs. 5-7.)

Plaintiff's claims alleged in the Complaint here are no different. Plaintiff lacks standing to sue because the Complaint is completely devoid of anything but cursory legal conclusions that fail to establish (1) the scope of Plaintiff's alleged disability; (2) how any of the alleged "barriers" that Plaintiff found at the Hotel are barriers to *him*; and (3) that Plaintiff has any *bona fide* intent to return to Hotel in the future. His bare, conclusory allegations fail to state a claim upon which relief can be granted. Plaintiff's Unruh Act claims fare no better, since any alleged barriers that Plaintiff supposedly identified during his stay at the Hotel have to be barriers *to him as a result of his disability*.  While he might be suffering from various physical ailments, none of those physical ailments are relevant to the alleged ADA architectural barriers that Plaintiff claims to have discovered at the Hotel.  Plaintiff's negligence claim—based on the alleged violation of the ADA, fails to state a claim, since any violation of the ADA does not establish a duty to Plaintiff and damages under the ADA are limited to injunctive relief.  For these reasons, and those set forth below, the Court should grant this Motion and dismiss Plaintiff's Complaint with prejudice.

## II.   BACKGROUND AND RELEVANT FACTUAL ALLEGATIONS

Plaintiff, appearing pro se, is a resident of Maricopa County, Arizona.  (Compl. ¶ 3.) Plaintiff alleges that he is "legally disabled by virtue of a severe right-sided

---

*Strojnik v. IA Lodging Napa First LLC, dba Andaz Napa*, No. 19-cv-03983-DMR, Doc. No. 49 (N.D. Cal. Feb. 25, 2020) (order granting dismissal of Strojnik's Complaint for lack of standing); *see also Strojnik v. Bakersfield Convention Hotel I, LLC,* No.. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 31, 2020) (same); *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov. 21, 2019) (same).  Judge Ryu also ordered Plaintiff to submit a verified declaration by November 30, 2019 stating, among other things: "[h]ow many ADA cases" he has filed in the Northern District of California; "the date(s) that Strojnik encountered the barriers"; "[d]etails regarding [his] investigation [] regarding the alleged barriers" he encountered; and "the total amount of money Strojnik has recovered in settlements of his ADA cases." (RJN Exh. 4.)  Plaintiff ignored Judge Ryu's order, and has not filed any such declaration to date.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and] degenerative right knee." (*Id.*)  Plaintiff alleges that due to his alleged disability, he "requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair-assisted." (*Id.* ¶ 14.) However, he does not allege what those mobility accessible features are.

Defendant owns, operates, or leases a Hotel located at 11999 Harbor Blvd., Garden Grove, CA 92840. (Compl. ¶ 5.)  Plaintiff alleges that at some unidentified date he intended to visit "the Disneyland area" and began looking for accommodations on various third party booking websites. (*Id.* ¶ 15.) Plaintiff alleges that the websites "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." (*Id.* ¶¶ 17, 19.)  Plaintiff also claims to have "thereafter visited the Hotel and made observations documented in Addendum A." (*Id.* ¶ 21.) "Addendum A" contains several photographs that Plaintiff apparently contends show "barriers to accessibility," but he fails to identify what any of the alleged barriers in the photographs actually are, much less how they relate to his alleged disability. Plaintiff alleges he "intends to visit Defendant's Hotel at a specific time when the Defendant's purportedly noncompliant Hotel becomes fully compliant with ADAAG." (*Id.* ¶ 12.)

Plaintiff filed the present case on or about August 13, 2019.  In his Complaint, Plaintiff asserts claims under the ADA, the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 ("Unruh Act"), the California Disabled Persons Act, Cal. Civ. Code §§ 54-54.3 ("DPA"), a negligence claim.  Like all of Plaintiff's complaints, the Complaint in this matter is fatally flawed in numerous respects and should be dismissed with prejudice.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

4

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

### III.   <u>LEGAL STANDARD</u>

Rule 12(b)(1) empowers the court to dismiss claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A defendant may bring a Rule 12(b)(1) motion to dismiss based on lack of standing.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A Rule 12(b)(1) jurisdictional challenge may be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction.  *Id*.  A factual jurisdictional challenge occurs when the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction."  *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute, "the court need not presume the truthfulness of the plaintiff's allegations" and may review evidence beyond the complaint.  *Id*.

Under Rule 12(b)(6), a complaint or any portion thereof may be dismissed when it is apparent from the face of the pleadings that the plaintiff has failed to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  A complaint must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively…and factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

5

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss is "context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   PLAINTIFF LACKS STANDING AND FAILS TO STATE A CLAIM UNDER THE ADA

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Article III standing requires that Plaintiff sufficiently plead an (1) injury-in-fact, (2) that is causally connected to the Defendant's challenged conduct, and (3) likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact must be (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. *Id.* at 560. Because injunctive relief is the only remedy available to individuals under Title III of the ADA, Plaintiff must also show that he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946. The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

6

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Chapman*, 631 F.3d at 954.  Courts have found this is especially true in ADA cases. *Vogel v. Sym Props., LLC*, No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360, at *4 (C.D. Cal. Aug. 4, 2017).  "Given the 'trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted. *Id.* (quoting *Harris v. Stonecrest Care Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007) (internal citations and quotes omitted)).

Here, Plaintiff cannot show injury in fact because he has not alleged any actual or concrete injury.  He also fails to sufficiently allege an intent to return to the Hotel or any genuine deterrence.  He thus fails to establish standing, and his Complaint should be dismissed.

> A. **Plaintiff Cannot Show an Injury in Fact, Intent to Return, or that he is Deterred.**

An injury in fact must be "concrete and particularized and "actual or imminent," not conjectural or hypothetical. *Lujan*, 504 U.S. at 560.  A plaintiff "lacks standing…if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Chapman*, 631 F.3d at 953.  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present, adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Lujan*, 504 U.S. at 564.  A barrier in a public accommodation must "interfere with the plaintiff's full and equal enjoyment of the facility." *Chapman,* 631 F.3d at 947.  A barrier will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Ibid.*  A "bare procedural violation," divorced from any concrete harm, cannot satisfy the demands of Article III standing. *Spokeo, Inc. v. Robbins*, 136 S. Ct. at 1540, 1550 (2016).  Here, Plaintiff contends that he

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

7

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

experienced alleged barriers by reviewing third-party websites and the hotel website, and then purportedly visiting Defendant's hotel property.

### 1. Plaintiff Fails to Identify Any Actual, Imminent, or Concrete Barriers That Relate to His Disability.

#### a. *Plaintiff Encountered No Cognizable Barriers When Viewing Websites*

In his First Cause of Action, Plaintiff alleges that the websites failed to "identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." (Compl. ¶¶ 17, 19.)   However, Plaintiff fails to allege what those features are. Plaintiff claims such information is "more fully documented in Addendum A," but the uniform captions set forth in the Addendum are merely bare legal conclusions cast in the form of factual allegations.   As a court in this district noted ***about Strojnik's allegations at issue here***, "[i]t is not enough for Plaintiff to claim in conclusory fashion that the [] Websites do not have 'enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs.' He must allege what information is missing from the website." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, *19-20 (C.D. Cal. Jan. 22, 2020).   "Beyond repetition of the statutory text, Plaintiff has not alleged any specific information that was missing on the website[s] that would prevent him from being able to stay at the Hotel." *Id*. at *20.

Moreover, the screenshots in Addendum A show that the websites did contain at least some disclosures related to ADA accessible rooms.   For example, Hyatt.com specifically identifies certain rooms as "ADA King Tub," "ADA Queen Tub," "ADA Queen Shower," and then provides a list of the particular "ADA features" in the room's description. (Addendum A at 15).   To the extent any accessibility information was not provided, the court in *Orangewood* made clear that "a website need not list

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

8

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii)." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, *20 (C.D. Cal. Jan. 22, 2020); *see Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019) (Plaintiff "does not cite any authority suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked"); *Strojnik v. Kapalua Land*, 2019 U.S. Dist. LEXIS 165525, at *9 (D. Haw. Aug. 26, 2019) (recommending dismissal of complaint with prejudice and noting that "Plaintiff fails to cite any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation."); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-cv-014090-HRL, 2017 U.S. Dist. LEXIS 22588, at *10 (N.D. Cal. Feb. 16, 2017) (granting summary judgment where the website "provides descriptions of accessible features…that include the level of detail proposed by the ADA Guidance document").

Although Plaintiff also vaguely alleges that the websites failed to make accessible guest rooms available in the same manner as non-accessible rooms, he "does not allege facts plausibly showing that he requires an accessible guest room, beyond the conclusory statement that he needs one." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, *22-23 (C.D. Cal. Jan. 22, 2020).  Nor does he allege in what way booking an accessible room is different from booking a non-accessible room on the websites, or how any such difference relates to his particular disability.  To the extent that Plaintiff bases his allegation on the purported "inadequate dispersion" of accessible rooms (Addendum A at 18), he fails to plead how such barriers relate to his disability, or any facts to support an injury because of those barriers.  Listing procedural violations without connecting them to any particular harm is insufficient to plead standing.  *Spokeo*, 136 S. Ct. at 1550.

BUCHALTER
A Professional Corporation
San Diego

9

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

b.     *Plaintiff Does Not Identify Barriers He Actually Experienced During His Purported "Visit."*

Plaintiff next claims that he personally experienced barriers when he purportedly visited Defendant's property "on or about March 14-15." (Compl. ¶ 21; Addendum A at 19).  However, again, Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing.  *See Chapman*, 631 F.3d at 947.  A barrier will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility on account of his particular disability." *Ibid.*

Here, Plaintiff alleges broadly that "[t]he ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel." (Compl. ¶ 25.)  However, Plaintiff does not allege what barriers to accessibility he encountered at the Hotel.  Plaintiff merely directs the Court's attention to Addendum A which contains, as in other cases filed by Plaintiff[3], "a series of grainy, murky photographs titled 'Personal Barrier Encounters,' with brief captions' of barriers he purportedly encountered at the Hotel, but does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, *8 (E.D. Cal. Nov. 21, 2019).  These captions include:  "[i]naccessible valet counter," "[i]naccessible concierge counter," "[i]naccessible check in counters," "[i]naccessible seating in lobby," "[i]naccessible lobby bar," "[i]naccessible lobby bar seating."  Although Plaintiff references the ADAAG in his Complaint, he does not allege what provision of the ADAAG any of the alleged barriers depicted in the photographs purportedly violate.

---

[3]  *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, *7 (C.D. Cal. Dec. 9, 2019); *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, *4 n. 1 (C.D. Cal. Aug. 14, 2019); *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, *3, 8 (E.D. Cal. Nov. 21, 2019); *Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019).

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

*Strojnik v. IA Lodging Napa First LLC,* No. 19-cv-03983-DMR, Doc. No. 49, at 4 (N.D. Cal. Feb. 25, 2020) (noting that, "although Strojnik is a frequent ADA litigant, his complaint does not cite any statutes, regulations, or caselaw that supports his theories of injury.") (RJN Exh. 3).

Further, while many of the alleged barriers in the photographs seem to relate to accessibility for an individual in a wheelchair, Strojnik never actually alleges that he requires the use of a wheelchair. In a single paragraph of the Complaint, he merely alleges that he "requires an ADA compliant lodging facility…both ambulatory *and wheelchair assisted.*" (Compl. ¶ 14.) However, he does not allege how often he requires ambulatory assistance versus wheelchair assistance, nor does he allege that he required ambulatory or wheelchair assistance when the visited the Hotel. As the court found in *Strojnik v. Hotel Circle GL Holdings, LLC,* "[t]his deficiency clouds whether plaintiff has suffered an injury-in-fact." *Id.*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *7 (E.D. Cal. Nov. 21, 2019) (citing *Rutherford v. Cesar's Mexican Rest., LLC*, No. 19CV1416-LAB (JLB), 2019 WL 4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding that the plaintiff failed to establish Article III standing where he did not allege if he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users).[4]

Nonetheless, even if Plaintiff had managed to plausibly allege barriers to accessibility at Defendant's Hotel, he "still fails to allege an injury-in-fact because [he] does not allege how any of those alleged barriers relate to [his] specific disability or disabilities." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, *9 (E.D. Cal. Nov. 21, 2019). He merely asserts in a conclusory manner that the barriers were "relate[d] to [his] disability and

---

[4] *See also Rutherford v. Los Charros*, 2019 U.S. Dist. LEXIS 60156, at *2 (S.D. Cal. Apr. 5, 2019) (finding "[it] is not enough merely to allege that [the plaintiff] 'at times' uses a wheelchair, and to point technical ADA violations…that might affect someone who uses a wheelchair…To show the kind of concrete injury necessary to establish jurisdiction at the pleading stage, he must plead facts showing the likelihood that he would visit [the defendant's property] while using a wheelchair, and that the violations he alleges would likely interfere with his full and equal use of the facilities.").

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

interfere[d] with [his] full and complete enjoyment of the Hotel" without any further explanation.  Compl. ¶ 25.  This is wholly insufficient to plead Article III standing.  *See e.g., Strojnik v. Bakersfield Convention Hotel I, LLC,* No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, *10 (E.D. Cal. Jan. 31, 2020) (plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation…The allegation Plaintiff has made is no more than bare legal conclusion) (internal citations omitted); *Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *10-11 (C.D. Cal. Jan. 22, 2020) (finding Strojnik's "[a]llegations that 'the barriers at [a public accommodation] 'denied [plaintiff] full and equal enjoyment' is precisely the 'formulaic recitation' of the elements of a claim that the Supreme Court has deemed insufficient under Rule 8. . . .  [A plaintiff] must do more than offer 'labels and conclusions' that parrot the language of the ADA.  *Chapman*, 631 F.3d at 955 n. 9.").  Plaintiff did not suffer an actual concrete injury or that any such injury was caused by any particular ADA violation.  Plaintiff has no standing.

## 2. Plaintiff does not Allege an Intent to Return to Defendant's Hotel.

Even if Plaintiff did adequately plead an actual concrete injury (which he did not), he fails to demonstrate "a sufficient likelihood that he will again be wronged in a similar way" as required.  *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  That is, Plaintiff must establish a "real and immediate threat of repeated injury" demonstrated by an intent to return to a noncompliant place of public accommodation.  *Id.* at 102 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)); *Chapman*, 631 F.3d at 948–49.  A general intent to return to a public accommodation is "insufficient to confer standing in an action for injunctive relief."  *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005).  A plaintiff "lacks standing if he is indifferent to returning [] or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability."  *Chapman*, 631 F.3d at 953.  Furthermore, a plaintiff's mere "profession

12

of an intent to return…[is] simply not enough" for standing. *Lujan*, 504 U.S. at 564. The Court in *Lujan* ruled that "such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be" do not establish an intent to return as necessary for standing. *Id*.

To demonstrate an intent to return, courts in the Ninth Circuit often consider four factors:  (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant's location area. *See Johnson v. Overlook At Blue Ravine, LLC*, 2012 U.S. Dist. LEXIS 102056 at *8 (E.D. Cal. July 20, 2012).  Each of these factors weighs against Plaintiff.

First, Strojnik lives more than 360 miles from the Hotel.  *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *6 (C.D. Cal. Aug. 14, 2019).  If a plaintiff lives more than 100 miles from the public accommodation, "the distance subverts a professed intent to return." *Id*. (citing *Molski v. Kahn Winery*, 405 Supp. 2d 1160 (C.D. Cal. 2005)); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004) (finding plaintiff failed to establish likelihood of future harm in part because he lived 280 miles from the defendant's hotel).

Moreover, although Plaintiff claims to have visited Defendant's hotel on prior occasion, he has never actually stayed at the hotel.  Nor does he offer any definite or concrete plan to do so in the future.  Rather, Plaintiff merely alleges he intends to return at some unidentified point in the future when Defendant's hotel becomes ADA compliant.  Plaintiff's statements are exactly the kind of "mere profession of an intent" that the Supreme Court has deemed insufficient to establish standing under Article III. *Lujan*, 504 U.S. at 564 at n. 2; *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *6-7 (C.D. Cal. Aug. 14, 2019) ("Like in *Lujan*, this is a general intent to return without more and is simply Plaintiff saying he

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

13

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

will 'some day' return to Defendant's hotel, such statements are not enough to confer standing.").

The *Pasadena Robles* court further noted that:

> In addition, the purpose of the "intent to return" road to standing is to show that the plaintiff will likely be harmed because barriers 'continue to exist at a place of public accommodation to which he intends to return.'" *Chapman*, 631 F.3d at 953. Here, Plaintiff's intent to return is expressly contingent on the hotel coming into compliance with the ADA, ***thus Plaintiff will not return unless the hotel comes into compliance so he will necessarily not encounter accessibility barriers at that time. Plaintiff's own intent allegation therefore forecloses standing based on the intent to return option.***

*Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *7 (C.D. Cal. Aug. 14, 2019) (dismissing complaint for lack of standing) (emphasis added); *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, *10 (C.D. Cal. Dec. 9, 2019) (same).

Plaintiff also fails to allege any facts regarding the regularity of his visits to the general area around Defendant's Hotel. *C.f., D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (plaintiff had visited the area "approximately 1-3 times per year" for more than a decade including "before, during, and after her stay" at the defendant's property); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (plaintiff visits his grandmother who lives in the area almost weekly). Rather, at most, Plaintiff alleges to have visited the area/Defendant's Hotel on one prior occasion, and alleges nothing more than a vague desire to return at some unidentified point in the future. *See Chapman v. Pismo Food Store*, 710 F. App'x. 769, 770 (9th Cir. 2018) ("[plaintiff] failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store."); *Brooke v. Pac. Gateway Ltd., Ltd. P'ship.*, No. 3:17-CV-0796-CAB-(WVG), 2017 U.S. Dist. LEXIS 70957, at *4 (S.D. Cal. May 9, 2017) (holding that plaintiff lacked

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

14

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

standing where the hotel in question was hundreds of miles from plaintiff's residence and she failed to provide specific evidence of concrete plans to visit San Diego in the future, and that she would stay in the Hotel if not for the accessibility issues); *Rocca v. Den 109 LP*, 684 F. App'x. 667, 669 (9th Cir. 2017) ("The district court also did not err in finding it implausible that Rocca would return to Denny's because it was far from his home. . . . Rocca did not testify that he had an intent to return, let alone provide detailed reasons for the long distance visit such as a regular business trip, an annual amusement park visit, or a family member nearby.").

Moreover, Plaintiff's professed intent to return is simply implausible given the over 100 of ADA actions he has filed throughout the state of California since April 2018; ***31 of which have been filed in this District alone***.  All of these newly filed lawsuits contain the same or substantially similar allegations against other hotels. *See Gastelum v. Canyon Hospitality LLC*, 2018 U.S. Dist. LEXIS 87850, at *7 (D. Ariz. May 25, 2018) ("While the need to look at the specificity with which the Plaintiff has pleaded the likelihood of future visits might be less stringent had he only sued one hotel in the Phoenix area, …the inquiry must be more exacting where he has expressed only a rote intent to 'book rooms' in 133 other lodgings in the same geographic area.").  Plaintiff's over 100 complaints (and counting) contain the same or substantially similar allegations against other hotels.  (*See e.g*., RJN Exhs. 3-8.).  His conveniently vague allegations in all of these cases that he intends to return to all of the hotels, including Defendant's Hotel here, are simply implausible, and likely impossible.  Plaintiff's professed intent to return is disingenuous, which vitiates his standing.

Finally, Plaintiff does not allege the frequency of travel near the Hotel.  Even if he did, any such allegations would be suspect for the same reasons as stated above.

Buchalter
A Professional Corporation
San Diego

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**                    Case No. 8:19-cv-01560-JVS-JDE

Based on the foregoing factors, Plaintiff has failed to show that he has a genuine intent to return to Defendant's Hotel, and thus, has failed to establish standing under the ADA.

### 3. Plaintiff Fails to Allege Deterrence.

Plaintiff also fails to allege he was or is deterred from visiting Defendant's Hotel.  To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access" and that a defendant's failure to comply with the ADA deters him or her from making use of the defendant's facility." *Civil Rights Educ. & Enf't. Ctr. v. Hosp. Properties Tr.* (*CREEC*), 867 F.3d 1093, 1098 (9th Cir. 2017).  However, "deterrence cannot be merely "conjectural or hypothetical." *Vogel v. Salazar*, No. SACV 14-00853-CJC (DFMx), 2014 U.S. Dist. LEXIS 1513, at *2 (C.D. Cal. Oct. 24, 2014).  Rather, a plaintiff must show that he would return but for the alleged barriers. *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x. 476, 477 (9th Cir. 2015).

Conclusory statements regarding that a plaintiff "was deterred" will not suffice; rather, corroborating facts are necessary.  *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting *Chapman*, 631 F.3d at 949); *see Strojnik v. Bakersfield Convention Hotel I, LLC,* No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, *13 (E.D. Cal. Jan. 31, 2020) ("Mere conclusory statements that an ADA plaintiff intends to return and is deterred from returning to a place are insufficient.").  For example, in *Vogel*, the court found the plaintiff lacked standing because he failed "to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical."  *Id.*, 2014 U.S. Dist. LEXIS 1513, at *2.  There, the court found that phrases such as "because of physical and intangible barriers," "he has been deterred, and he continues to be deterred from visiting the Restaurant," were too conclusory to confer standing.  *Ibid.*

Similarly, here, Plaintiff fails to allege any facts showing his intent to return is anything more than hypothetical.  "Although the complaint alleges that plaintiff

16

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**                    Case No. 8:19-cv-01560-JVS-JDE

intends to visit the Hotel once it is ADA-compliant, this, as discussed, is simply not enough." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at \*14 (E.D. Cal. Nov. 21, 2019) (citing *Lujan*, 504 U.S. at 564). "Plaintiff does not allege any facts that he actually would return to the [Hotel] if it were ADA compliant." *Id*. (quoting *Vogel*, 2014 U.S. Dist. LEXIS 1513, at \*2). For example, plaintiff has not alleged that he visits the "Disneyland area" often or that he will go to the area again in the future. "There are also no allegations as to why Plaintiff prefers this particular [Hotel] property, as opposed to others in the 'Disneyland area.'" *Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at \*26 (C.D. Cal. Jan. 22, 2020). "Plaintiff's conclusory statement that he is deterred from visiting [the Hotel] are insufficient to demonstrate that he would [stay at the Hotel] if it were accessible. As a result, he lacks standing to pursue his claims." *Feezor*, 608 F. App'x. at 477 (9th Cir. 2015). Thus, any alleged deterrence is unsupported.

Having failed to allege any actual ADA violations that deterred him from visiting the Hotel in the first place, and provided no facts showing that he will be deterred from doing so in the future, Plaintiff has therefore failed to sufficiently establish deterrence as a basis for standing.

## V.    PLAINTIFF FAILS TO STATE A CLAIM

Title III of the ADA prohibits discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a). Under 28 C.F.R. §36.302(e)(1)(ii), such an entity shall sufficiently identify and describe "accessible features" in its hotels and guest rooms.[5] For a website to constitute a "place of public accommodation," the website must have a

---

[5]  More specifically, 28 C.F.R. §36.302(e)(1)(ii) states that the entity shall "identify and describe *accessible features* in the hotels and guest rooms offered through its reservation service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." (emphasis added).

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

"sufficient nexus to a physical place of public accommodation." *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (holding Domino's website had a sufficient nexus because customers could order the goods and services provided by the physical restaurant). "All the ADA requires is that, if a retailer chooses to have a website, the website cannot impede a disabled person's full use and enjoyment of the brick-and-mortar store. To survive a motion to dismiss, Plaintiff must claim an actual (not hypothetical) impediment to the use of Defendant's retail location." *Gomez v. Bang & Olufsen Am., Inc.*, No. 1:16-CV-23801, 2017 WL 1957182, at *4 (S.D. Fla. Feb. 2, 2017). "[T]here is a critical distinction "between an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location," the former being "insufficient to state a claim." *Strojnik v. Kapalua Land Co. LTD*, No. CV 19-00077 SOM-KJM, 2019 WL 4685412, at *7 (D. Haw. Aug. 26, 2019), *report and recommendation adopted sub nom. Strojnik v. Kapalua Land Co. Ltd.*, No. CV 19-00077-SOM-KJM, 2019 WL 4684450 (D. Haw. Sept. 25, 2019) (dismissing Plaintiff's ADA claim because his allegations "relate[d] to his inability to obtain facts about the Property, not the goods and services provided at hotels.com's physical place.").

Here, Plaintiff does not allege any facts establishing that the websites he reviewed denied him full and equal enjoyment of the Hotel's physical facilities. Instead, Plaintiff alleges that he was unable to obtain information about "inaccessible" mobility elements of the Hotel from the websites, and this vaguely rendered him unable to "make reservations for accessible guest rooms available in the same manner as individual who do not need accessible rooms." Plaintiff does not allege that he was prevented from using the Hotel facilities, only that there was insufficient information for him to determine whether to stay at the Hotel. As noted in *Strojnik v. Kapalua Land*, "Plaintiff's allegations are unrelated to any injury he actually suffered at the Property and even further, unrelated to an inability to use

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

18

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

the Website to reserve a room at the Property because of the Website's functioning."  2019 U.S. Dist. LEXIS 165525, *18 (D. Haw. Aug. 26, 2019).

Moreover, even if Plaintiff had identified information that was missing from the websites that related to his disability, several courts have held that "a website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. §36.302(e)(1)(ii)."  *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, Doc. No. 43, at *16 (C.D. Cal. Jan. 22, 2020); *Strojnik v. Kapalua Land*, 2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019) (recommending dismissal of complaint with prejudice and noting that "Plaintiff fails to cite any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation."); *Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019) (Plaintiff "does not cite any authority suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked").  28 C.F.R. §36.302(e)(1)(ii) only requires the Hotel to describe accessible features of its facility "in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."  There is no separate mandate, as Plaintiff alleges, that the Hotel describe the inaccessible elements of the facility.

Moreover, as discussed above, Plaintiff does not allege that any specific barrier that denied him access on account of any particular disability when he allegedly visited the physical location.  Therefore, Plaintiff's Complaint fails to allege sufficient facts to state a claim under the ADA.

## VI.   PLAINTIFF'S STATE LAW CLAIMS UNDER THE UNRUH ACT AND DPS MUST BE DISMISSED AS WELL

The standing required to pursue monetary relief under the Unruh Act is different from standing to seek injunctive relief under federal or state law.  *Reycraft*

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

19

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

*v. Lee*, 177 Cal. App. 4th 1211 (2009).  The Unruh Act restricts damages recovery to situations where "the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014).  Unlike the ADA, these statutes require "something more than mere awareness of or a reasonable belief about the existence of discriminatory condition." *Ibid*.  Standing under the Unruh Act is established where a disabled plaintiff can show he or she actually presented himself or herself to a business or public place with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion.  *Reycraft*, 177 Cal. App. 4th at 1224.  Although Strojnik now alleges that he went to Defendant's hotel, as discussed above, he fails to explain how any of the purported architectural barriers he encountered denied him equal access to the hotel.

A plaintiff cannot recover damages under the Unruh Act unless the violation actually denied him or her equal access to some public facility.  *Urhausen v. Long Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007).  In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations.  *Ibid*.  As the court held, under that theory,

> Any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. ***Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.***3…

*Ibid*.

Here, Plaintiff cannot allege that he was actually denied access to Defendant's hotel.  Although he alleges to have experienced architectural barriers during his visit,

20

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

**DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

he fails to explain how any of those alleged barriers impaired his ability to access the hotel. In fact, the allegations show that at most, Plaintiff looked at the availability of ADA-accessible rooms online, but did not even attempt to reserve one—which is clearly insufficient. For example, he does not allege that he attempted to call the hotel, email the hotel, speak to anyone at the hotel, or any number of simple efforts to access Defendant's hotel; nor does he plausibly allege that he was actually attempting to patronize Defendant's hotel along with the vast number other hotels that he has sued in the area at the same time, for the same purported visit. "[T]he cases interpreting the Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or she has been the victim of defendant's discretionary act." *Surrey v. TrueBeginnings, LLC,* 168 Cal.App.4th 414, 419 (2008). Plaintiff has not suffered any injury as a result of Defendant. Accordingly, Plaintiff's claims under the Unruh Act and DPS should be dismissed with prejudice.

## VII.    PLAINTIFF'S NEGLIGENCE CLAIM SHOULD ALSO BE DISMISSED

As with the Unruh and DPA claims, this Court only has supplemental jurisdiction over Plaintiff's negligence cause of action if his federal claims survive. If Plaintiff lacks standing to bring his ADA claim, there is no reason the Court should retain jurisdiction over Plaintiff's negligence claim. Concern for judicial economy supports declining jurisdiction. *See Johnson v. Torres Enters. LP*, 2019 U.S. Dist. LEXIS 11124, at *10-12 (N.D. Cal. Jan. 22, 2019).

Moreover, Plaintiff fails to allege any facts to support the existence of any duty, or a breach of such a duty, nor can he. As the Court held in *Estate of Saylor v. Regal Cinemas, Inc.*, 54 F.Supp.3d 409 (D. Md. 2014), negligence claims cannot be based on a breach of the ADA because, for a breach of a statute to be evidence of negligence, the statute typically must pertain to public safety or health, whereas the ADA is anti-discrimination statute. Similarly, in *White v. NCL America, Inc.*, No.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

21

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

05-2203-0CIV, 2006 WL 1042548 (S.D. Fla. 2006), the Court held that "[b]ecause the ADA was not designed to protect those with disabilities from personal injuries, Plaintiff is unable to state a claim for negligence per se." Thus, Plaintiff's bare assertions that Defendant owed a duty to comply with the ADA, and failed to do so, are insufficient to state a claim for negligence.

## VIII. <u>CONCLUSION</u>

For the foregoing reasons, Defendant SCG American Construction, Inc. requests that Plaintiff Peter Strojnik's Complaint be dismissed in its entirety with prejudice.

DATED:  February 26, 2020

BUCHALTER
A Professional Corporation


By: */s/Tracy A. Warren*
TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant
SCG AMERICAN
CONSTRUCTION INC.

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

22

DEFENDANT'S NOTICE OF MOTION
AND MOTION TO DISMISS COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE