1  
2  
3  
4  
5  

BUCHALTER  
A Professional Corporation  
TRACY A. WARREN (SBN: 228013)  
RICK A. WALTMAN (SBN: 306463)  
655 West Broadway, Suite 1625  
San Diego, CA 92101  
Tel.: 619.219.5335  
Email: twarren@buchalter.com  
       rwaltman@buchalter.com  

6  
7  

Attorneys for Defendant  
SCG AMERICAN CONSTRUCTION INC.  

8  

## UNITED STATES DISTRICT COURT

9  

## CENTRAL DISTRICT OF CALIFORNIA

10  

11  
12  
13  
14  
15  
16  
17  

PETER STROJNIK, SR.,

     Plaintiff,

VS.

SCG AMERICAN CONSTRUCTION
INC. DBA HYATT REGENCY
ORANGE COUNTY,

     Defendant.

Case No. 8:19-cv-01560-JVS-JDE

**DEFENDANT SCG AMERICAN
CONSTRUCTION INC.'S NOTICE
OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT [ECF #20]
AND DECLARE PLAINTIFF A
VEXATIOUS LITIGANT;
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

18  
19  

Hearing Date: August 3, 2020  
Time:        1:30 p.m.  
Judge:       Hon. James V. Selna  

20  

21  

22  

    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

23  

    **NOTICE IS HEREBY GIVEN** that, on August 3, 2020 at 1:30 p.m., or as

24  

soon thereafter as the motion may be heard by the Honorable James V. Selna in

25  

Courtroom 10C of the United States District Court for the Central District of

26  

California at 411 West 4th Street, Santa Ana, California 92701, Defendant SCG

27  

American Construction Inc. ("Defendant") will move to dismiss Plaintiff Peter

28  

Strojnik's ("Plaintiff") First Amended Complaint and to Declare Plaintiff a

Vexatious Litigant.

This Motion is brought under Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), 12(c), 12(h)(3), and 28 U.S.C. §1651.  This motion is made on the grounds that the allegations in the Complaint fail to state a claim or establish subject matter jurisdiction under Article III, and that Plaintiff's litigation tactics are harassing and burdensome to the court system, defendants, and society generally.  This Motion is based upon the following Memorandum of Points and Authorities, the pleadings on file, and the accompanying Request for Judicial Notice and its exhibits. A Proposed Order has also been lodged with the Court.

DATED:  March 30, 2020

BUCHALTER
A Professional Corporation


By:  /s/ Tracy A. Warren
TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant
SCG AMERICAN CONSTRUCTION, INC.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

# TABLE OF CONTENTS

Page

I.     INTRODUCTION .................................................................................. 1

II.    BACKGROUND & FACTUAL ALLEGATIONS ................................ 4

III.   LEGAL STANDARDS .......................................................................... 6

IV.    STROJNIK STILL LACKS STANDING AND FAILS TO STATE A CLAIM
       UNDER THE ADA. ............................................................................ 8

       A.     Strojnik Cannot Show An Injury In Fact. ................................... 9

       B.     Strojnik Does Not Identify How Any Barriers Relate To His Particular
              Disability. ................................................................................. 10

              1.     Strojnik encountered No Cognizable Barriers Viewing Websites ... 10

              2.     Strojnik Does Not Identify Barriers He Actually Encountered ....... 12

       C.     Strojnik Has Not Shown That He Has A Disability That Relates To the
              Alleged Barriers. ...................................................................... 15

       D.     Strojnik Fails to Allege Facts Showing a Threat of Repeated Injury ......... 17

       E.     Strojnik Fails to Allege Facts Showing He Is Deterred From Returning
              to Defendant's Hotel. ............................................................... 20

V.     STROJNIK'S STATE LAW CLAIMS MUST ALSO BE DISMISSED. ............. 21

VI.    STROJNIK'S NEGLIGENCE CLAIM SHOULD ALSO BE DISMISSED ....... 23

VII.   STROJNIK SHOULD BE DECLARED A VEXATIOUS LITIGANT ............... 24

VIII.  CONCLUSION .................................................................................. 26

NOTICE OF MOTION AND MOTION TO DISMISS     Case No. 8:19-cv-01560-JVS-JDE
FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angelucci v. Century Supper Club*
41 Cal.4th 160 (2007) ................................................................................ 18

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................... 6, 7, 9

*Barnes v. Marriott Hotel Servs., Inc.*
No. 15-cv-014090-HRL, 2017 U.S. Dist. LEXIS 22588 (N.D. Cal. Feb. 16, 2017)
................................................................................................................ 11

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ...................................................................................... 6

*Chapman v. Pier 1 Imports (U.S.) Inc.*
631 F.3d 939 (9th Cir. 2011)................................................................passim

*Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* (*CREEC*)
867 F.3d 1093 (9th Cir. 2017) ................................................................... 16

*D'Lil v. Best W. Encina Lodge & Suites*
538 F.3d 1031 (9th Cir. 2008).................................................................... 17

*Doran v. 7-Eleven, Inc.*
524 F.3d 1034 (9th Cir. 2008)............................................................... 8, 12

*Erickson v. Pardus*
551 U.S. 89 (2007) ......................................................................................... 6

*Gastelum v. Canyon Hospitality LLC*
2018 U.S. Dist. LEXIS 87850 (D. Ariz. May 25, 2018) ....................... 17

*Harris v. Stonecrest Care Auto Center*
472 F. Supp. 2d 1208 (S.D. Cal. 2007).................................................... 8

*Johnson v. Torres Enters. LP*
2019 U.S. Dist. LEXIS 11124 (N.D. Cal. Jan. 22, 2019) ..................... 20

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992)........................................................................... 7, 8, 17

*Pickern v. Holiday Quality Foods Inc.*
293 F.3d 1133 (9th Cir. 2002)................................................................... 17

*Reycraft v. Lee*
177 Cal. App.4th 1211 (2009)................................................................... 18

*Rodriguez v. Barrita, Inc.*
10 F. Supp. 3d 1062 (N.D. Cal. 2014) ................................................... 19

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS**     Case No. 8:19-cv-01560-JVS-JDE
**FIRST AMENDED COMPLAINT**

*Rutherford v. Cesar's Mexican Rest., LLC*
2019 U.S. Dist. LEXIS 150782 (S.D. Cal. Sept. 3, 2019) ................................... 14

*Rutherford v. Los Charros*
2019 U.S. Dist. LEXIS 60156 (S.D. Cal. Apr. 5, 2019) ...................................... 16

*Safe Air for Everyone v. Meyer*
373 F.3d 1035 (9th Cir. 2004) ................................................................................ 6

*Sanford v. MemberWorks, Inc.*
625 F.3d 550 (9th Cir. 2010) ................................................................................ 18

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
806 F.2d 1393 (9th Cir. 1986) ................................................................................ 7

*Sierra Club v. Morton*
405 U.S. 727 (1972) ................................................................................................ 8

*Starr v. Baca*
652 F.3d 1202 (9th Cir. 2011) ................................................................................ 6

*Strojnik v. 1315 Orange LLC*
No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) ................................................................................................................ 11, 12

*Strojnik v. Bakersfield Convention Hotel I, LLC*
No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 31, 2020) ............................................................................................................ 13, 14, 18

*Strojnik v. Four Sisters Inns, Inc.*
No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019) .................................................................................... 9, 13, 14, 16

*Strojnik v. Hotel Circle GL Holdings, LLC*
No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov. 21, 2019) ............................................................................................................ 12, 14, 18

*Strojnik v. Kapalua Land*
2019 U.S. Dist. LEXIS 165525 (D. Haw. Aug. 26, 2019) ................................... 11

*Strojnik v. Orangewood LLC*
No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020) ............................................................................................................ 9, 10, 11, 16

*Strojnik v. Pasadena Robles Acquisition, LLC*
Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019) ............................................................................................... 13, 18

*Surrey v. TrueBeginnings, LLC*
168 Cal.App.4th 414 (2008) .................................................................................. 19

*Urhausen v. Long Drug Stores Cal., Inc.*
155 Cal. App. 4th 254 (2007) ............................................................................... 19

*Vogel v. Sym Props., LLC*

**NOTICE OF MOTION AND MOTION TO DISMISS**      Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360 (C.D. Cal. Aug. 4, 2017)..................................................................................................................... 8

*White v. Lee*
227 F.3d 1214 (9th Cir. 2000).................................................................... 6

*Zimmerman v. GJS Grp.*
2018 U.S. Dist. LEXIS 148816 (D. Nev. Aug. 30, 2018) ...................... 8

**Statutes**

28 U.S.C. § 1367(c)(3) ............................................................................ 18

**Rules**

Fed. R. Civ. P. 12(b)(1) ...................................................................... 5, 20

Fed. R. Civ. P.
12(b)(6)................................................................................................ 6, 20

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant SCG American Construction Inc. ("Defendant") moves to dismiss Plaintiff Peter Strojnik's First Amended Complaint ("FAC") in its entirety for lack of standing again. Strojnik is a former lawyer of significant notoriety in Arizona who was disbarred by the Arizona State Bar as a result of his serial—and fraudulent—ADA lawsuits; similar to the one at issue here. This is now Mr. Strojnik's *second* attempt at establishing subject matter jurisdiction, as Strojnik opted to file his FAC rather than respond to Defendant's first motion to dismiss. (Dkt. 19; Dkt. 20.) Despite having the opportunity to amend, Strojnik's FAC still fails to remedy his lack of standing under the ADA. Instead, Plaintiff's FAC simply adds more implausible allegations. As one Court noted,

> In its two prior Orders dismissing Plaintiff's complaints, the Court has made clear that Plaintiff must plead how each alleged barrier affected him because of his disability. Although purporting to "strictly, absolutely and unquestionably correct[] the imperfections in [the] FAC," Plaintiff again parrots conclusions, rather than providing facts. Allegations that "the barriers at [a public accommodation] 'denied [plaintiff] full and equal enjoyment' is precisely the 'formulaic recitation' of the elements of a claim that the Supreme Court has deemed insufficient under Rule 8. . . . [A plaintiff] must do more than offer 'labels and conclusions' that parrot the language of the ADA." Plaintiff has failed to do so.

*Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *10-11 (C.D. Cal. Jan. 22, 2020) (internal citations omitted). Following his suspension – and continuing after his eventual disbarment in Arizona[1] – Plaintiff

---

[1] The Arizona State Bar reported "The Presiding Disciplinary Judge of the Arizona Supreme Court accepted a consent to disbarment filed by Peter Strojnik and effective May 10, 2019. Mr. Strojnik had been suspended on an interim basis since July 11, 2018, while the Bar conducted its investigation. Strojnik was assessed $1,263.92 in costs and expenses for the disciplinary proceeding.

Beginning in 2016, Strojnik filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with

began filing his ADA lawsuits as an *in pro per* plaintiff.[2]  This action, along with the many other almost identical cases Strojnik has filed since being disbarred, shows that Strojnik's tactics have frivolous serial litigation have continued.  *See Strojnik v. VY Verasa Commercial Company LLC, et al.*, No. 19-cv-02556-WHO, Dkt. 31 at 4:6-9 (N.D. Cal. Nov. 12, 2019) ("Strojnik's behavior has been questionable since this case's inception. I am taking note of Strojnik's behavior. I will not award sanctions at this time, but I will consider this conduct in any future motion if his litigation performance does not substantially improve. I expect better."); *Strojnik v. Swantown Inn & Spa LLC*, No. 2:18-cv-01831-RBL, Dkt. 12 at 3 (W.D. Wash. Mar. 12, 2019) ("Strojnik's history of predatory, unethical filings and hard-to-believe assertions does not help him," dismissing case with prejudice but declining to impose Rule 11 sanctions for his first offense in the case); *see also Strojnik v. IA Lodging Napa First*

---

Disabilities Act (AzDA) in state and federal courts.  Typically, he demanded approximately $5,000 in attorney's fees regardless if the business remedied the purported violations.  In all cases Strojnik alleged vague violations.

Strojnik's "extortionate" and "ethically suspect" misconduct led the Arizona Attorney General's Office ("AG") to intervene in the suits. The Court granted intervention, consolidated the cases, and eventually dismissed most of them for lack of standing.  The AG's office moved to intervene in one federal case to have Strojnik declared a vexatious litigant.

The State Bar alleged that Strojnik engaged in conduct that caused immediate and substantial harm to clients, the public, and the administration of justice, making illusory claims for attorney fees and monetary damages. One District Court said his tactics were extortionate. The State Bar alleged that Strojnik violated Rule 42, Ariz. R. Sup. Ct., ERs 1.2, 1.4, 1.5(a), 1.15(a) 3.1, 3.3(a), 3.4(c), 4.1(a), 4.4(a), 8.1, 8.4(c) and (d), Rules 43 and 54(d), Ariz. R. Sup. Ct. Strojnik did not contest the allegations and consented to his disbarment."  (Dkt. 19-1, Exh. 2.)

[2]  As Judge Staton in the Central District of California noted:  "Although Plaintiff is a pro se litigant in this forum, he is also an Arizona lawyer with extensive experience litigating ADA access cases. Plaintiff's Arizona law license is currently suspended.  A search of pacer.gov, sorted by date, reveals three months after Plaintiff's law license was suspended, he began filing ADA access cases as a pro se litigant instead of filing them on behalf of clients. [citation omitted.]  Indeed, in less than four months, Plaintiff has filed twenty-six ADA actions as a pro se litigant.  Rather than being a befuddled pro se litigant who erroneously believes that he has complied with the Court's Order, Plaintiff is an experienced litigator who appears to have altered his business model to work around the loss of his license."  *Strojnik v. Singpoli Grp., LLC*, 2019 U.S. Dist. LEXIS 24494, at *3-4 (C.D. Cal. Feb. 14, 2019).

**NOTICE OF MOTION AND MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

*LLC, dba Andaz Napa*, No. 19-cv-03983-DMR, Doc. No. 49 (N.D. Cal. Feb. 25, 2020).[3]

Indeed, Strojnik's serial litigation has seen no decline. Since April 2018, Strojnik has filed at least ***148*** new ADA cases in California and various other federal courts; ***34*** of which have been filed in the Central District of California.  (Request for Judicial Notice ("RJN"), Exh. 1; see also Dkt. 19-1, Exh. 8.)

However, Strojnik's notoriety is catching up with him in this District and other Districts.  At least three courts in the Central District have dismissed his nearly identical complaints on the same grounds that Defendant is asserting here.  On August 14, 2019, in *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019), the Court dismissed Strojnik's claims without leave to amend against the Pasadena Hilton for lack of standing based on his failure to allege how any of the barriers he may have experienced related to his alleged disabilities.  Similarly, on December 9, 2019, in *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019), the Court dismissed Strojnik's claims against the defendant's hotel without leave to amend for lack of standing.  And, most recently on January 22, 2020, in *Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020), the Court dismissed Strojnik's virtually identical claims against the DoubleTree Hotel in Anaheim without leave to amend based on his lack of standing.  The same is true of other districts. *See Strojnik v. Wickstrom Hostpitality, LLC,* No. No. 2:19-cv-002043 JAM AC PS, Doc. No. 12 (E.D. Cal. March 26, 2020) (recommending dismissal of

---

[3] Judge Donna M. Ryu granted a motion to dismiss Strojnik's almost identical complaint based on lack of standing.  (Dkt. 19-1, Exh. 3.)  Judge Ryu also ordered Plaintiff to submit a verified declaration by November 30, 2019 stating, among other things: "[h]ow many ADA cases" he has filed in the Northern District of California; "the date(s) that Strojnik encountered the barriers"; "[d]etails regarding [his] investigation [] regarding the alleged barriers" he encountered; and "the total amount of money Strojnik has recovered in settlements of his ADA cases."  (RJN Exh. 4.)  Plaintiff ignored Judge Ryu's order, and has not filed any such declaration to date.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Strojnik's complaint for failure to plead injury, intent to retrun, or deterrence); *Strojnik v. Bakersfield Convention Hotel I, LLC*, No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 31, 2020) (same); *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov. 21, 2019) (same); *See also Strojnik v. IA Lodging Napa First LLC, dba Andaz Napa*, No. 19-cv-03983-DMR, Doc. No. 49 (N.D. Cal. Feb. 25, 2020) (order granting dismissal of Strojnik's Complaint for lack of standing).[4]   The rationales of those rulings are equally applicable here, and there's no reason the Court should rule any differently.

Strojnik lacks standing to sue because the Complaint is completely devoid of anything but cursory legal conclusions that fail to establish (1) the scope of Strojnik's alleged disability; (2) the existence of any barriers in violation of the ADA or Unruh Act; (3) how any of the alleged "barriers" relate to or impacted *him*; and 4) that he has any *bona fide* intent to return to Defendant's Hotel in the future.  Strojnik's bare, conclusory allegations fail to state a claim upon which relief can be granted.  For these reasons, and those set forth below, the Court should grant this Motion and dismiss Strojnik's Complaint with prejudice, and declare Strojnik a vexatious litigant.

## II.   BACKGROUND & FACTUAL ALLEGATIONS

Strojnik filed a Complaint in this action on August 13, 2019. (Dkt. 1.) On February 26, 2020, Defendant filed a motion to dismiss and declare Plaintiff a vexatious litigant.  (Dkt. 19.)  Rather than stand by his initial allegations, Strojnik filed a First Amended Complaint ("FAC").  (Dkt. 20.)

Strojnik, a resident of Maricopa County, Arizona, alleges that he has "severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate

---

[4] *See also Strojnik v. Bakersfield Convention Hotel I, LLC,* No.. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan. 31, 2020) (same); *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal. Nov. 21, 2019) (same).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS**      Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

cancer and renal cancer, [and a] degenerative right knee." FAC ¶ 3. According to Strojnik, he "walks with difficulty and requires compliant mobility accessible features at places of public accommodation." Id. ¶ 5. Strojnik's disabilities purportedly limit his ability to sleep, walk, stand, sit, reach, lift, and bend. *Id.* Strojnik's FAC adds a laundry list of his alleged medical problems with references to the ADAAG, claiming that such substantially limit his ability to walk, stand, sit, bend, reach, sleep, and work, while at the same time alleging that he spends his days and thousands of miles traveling throughout the state of California for ADA testing. *See* FAC, ¶¶ 6, 13.

Defendant owns, operates or leases a lodging business located at 11999 Harbor Blvd., Garden Grove, CA 92840 ("Hotel"). FAC ¶ 7. Strojnik initially claimed that he "intended to the Disneyland area" on an unspecified date. (Dkt. 1.) He now claims that he "intended to visit the Disneyland area on March 14-15, 2019." FAC ¶ 17. Strojnik's FAC vaguely claims that "Plaintiff learned that not only did Defendant's hotel violate booking websites disclosures pursuant to 28 C.F.R. 36.302(e), but it was also replete with accessibility barriers all of which Plaintiff documented with website screenshots and documentary photographs." FAC ¶ 19. Rather than describing the barriers he purportedly encountered in any detail, Strojnik merely incorporates a series of photos and opaque descriptions that were previously contained in an addendum to his initial complaint. *Id*. Strojnik again lists the unspecified "ADA violations" and leaves the Court to guess what each of the alleged ADA violations are, and how they relate to his alleged disability. *Id*.

Strojnik claims he is deterred from visiting Defendant's Hotel based on his knowledge of these barriers. FAC ¶ 13. Strojnik's FAC alleges he intends to visit "the greater Los Angeles[5] area on or about the weekend of April 4"[6] *if* "Defendant's

---

[5] Disneyland is based in Anaheim, CA, not Los Angeles.
[6] Due to the COVID-19 outbreak, Plaintiff's plans to travel anywhere on April 4 are questionable at this stage.

**NOTICE OF MOTION AND MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

1   noncompliant Hotel becomes fully compliant with the ADAAG." *Id*. ¶¶ 13(h), 14.

2   Notably, Strojnik alleged in another action filed in the Northern District of California

3   that he plans to visit "the Napa area" during that same weekend of April 4, 2020.[7]

4   Napa is over 425 miles away from Defendant's Hotel, and even farther from

5   Strojnik's home.

6   ### III.    LEGAL STANDARDS

7          Rule 12(b)(1) empowers the court to dismiss claims over which it lacks subject

8   matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant may bring a Rule 12(b)(1)

9   motion to dismiss based on lack of standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th

10  Cir. 2000). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *Safe Air*

11  *for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the

12  moving party asserts that the allegations in the complaint are "insufficient on their

13  face" to establish federal jurisdiction. *Id*. A factual jurisdictional challenge occurs

14  when the moving party "disputes the truth of the allegations that, by themselves,

15  would otherwise invoke jurisdiction." *Safe Air*, 373 F.3d at 1039. In resolving a

16  factual dispute, "the court need not presume the truthfulness of the plaintiff's

17  allegations" and may review evidence beyond the complaint. *Id*.

18         Under Rule 12(b)(6), a complaint or any portion thereof may be dismissed

19  when it is apparent from the face of the pleadings that the plaintiff has failed to state

20  a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "[W]hen ruling

21  on a defendant's motion to dismiss, a judge must accept as true all of the factual

22  allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

23  (per curiam). However, a court is "not bound to accept as true a legal conclusion

24  couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

25  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice

26  if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

27  _____

[7] *See Strojnik v. IA Lodging Napa First LLC, dba Andaz Napa*, No. 19-cv-03983-
28  DMR, Doc. No. 50, ¶ 21(e).

6

**NOTICE OF MOTION AND MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

(quoting *Twombly*, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. There must be "sufficient allegations [t]of underlying facts to give fair notice and to enable the opposing party to defend itself effectively…and factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss is "context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

The Ninth Circuit has recognized the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007). More specifically, "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski*, 500 F.3d at 1057 (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). "Flagrant abuses of the judicial process cannot be tolerated because

**NOTICE OF MOTION AND MOTION TO DISMISS**   Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id*. (quoting *De Long*, 912 F.2d at 1148).

## IV.    STROJNIK STILL LACKS STANDING AND FAILS TO STATE A CLAIM UNDER THE ADA.

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Article III standing requires that Plaintiff sufficiently plead an (1) injury-in-fact, (2) that is causally connected to the Defendant's challenged conduct, and (3) likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact must be (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. *Id*. at 560. Because injunctive relief is the only remedy available to individuals under Title III of the ADA, Plaintiff must also show that he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946. The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." *Id*. at 944.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Chapman*, 631 F.3d at 954. Courts have found this is especially true in ADA cases. *Vogel v. Sym Props., LLC*, No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360, at *4 (C.D. Cal. Aug. 4, 2017). "Given the 'trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted. *Id*. (quoting *Harris v. Stonecrest Care Auto*

*Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007) (internal citations and quotes omitted)).

### A.    Strojnik Cannot Show An Injury In Fact.

An injury in fact must be "concrete and particularized and "actual or imminent," not conjectural or hypothetical. *Lujan*, 504 U.S. at 560. This includes a "requirement that a party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). The "injury in fact" element is met when a disabled plaintiff has *personally* encountered a barrier violating the ADA, based on his specific disability. *Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)); *see also, Zimmerman v. GJS Grp.*, 2018 U.S. Dist. LEXIS 148816, at *15-16 (D. Nev. Aug. 30, 2018) (Plaintiff failed to satisfy the injury in fact requirement because Plaintiff does not relate the alleged ADA barriers to his particular disability, and cannot establish a concrete and particularized injury or a real and immediate threat of future injury). But, "a 'barrier' will only amount to such interference if it affects the plaintiff's full and equal enjoyment of the facility *on account of his particular disability. Chapman*, 631 F.3d at 947.

For example, in *Chapman,* the plaintiff alleged "that he is 'physically disabled,' and that he 'visited the Store' and 'encountered architectural barriers that denied him full and equal access.'" *Chapman*, 631 F.3d at 954. The plaintiff, however, "simply identifie[d] alleged ADA . . . violations without connecting the alleged violations to [his] disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store." *Id*. As a result, the Ninth Circuit found these allegations insufficient to establish a concrete and particularized harm. *Id*.

Here, as in *Chapman*, Strojnik fails to connect any of the alleged ADA violations in the FAC to his specific disability. Rather, like the Complaint, the FAC

**NOTICE OF MOTION AND MOTION TO DISMISS**     Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

"again parrots conclusions rather than providing facts." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, at *10 (C.D. Cal. Jan. 22, 2020). Allegations that 'the barriers at [a public accommodation] 'denied [plaintiff] full and equal enjoyment' is precisely the 'formulaic recitation' of the elements of a claim that the Supreme Court has deemed insufficient under Rule 8…[A plaintiff'] must do more than offer 'labels and conclusions' that parrot the language of the ADA." *Chapman*, 631 F.3d at 955 n. 9 (citing *Iqbal*, 556 U.S. at 678). Plaintiff has failed to do so here.

### B.   Strojnik Does Not Identify How Any Barriers Relate To His Particular Disability.

#### 1.   *Strojnik encountered No Cognizable Barriers Viewing Websites*

In his FAC, Plaintiff vaguely alleges "Defendant's hotel violate booking websites disclosures pursuant to 28 C.F.R. 36.302(e), but it was also replete with accessibility barriers." FAC ¶ 19. "However, there are still no allegations containing 'further factual enhancement' to support these naked assertions." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00496-DSF-(JCx), Dkt. 34 at 7 (C.D. Cal. Oct. 21, 2019) (quoting Iqbal, 556 U.S. at 678). The FAC incorporates screenshots of the websites with captions identifying alleged barriers, but the captions are "bare legal conclusions cast in the form of factual allegations." *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *7 (C.D. Cal. Dec. 9, 2019) ("[T]hese captions in the Addendum are bare legal conclusions cast in the form of factual allegations."). As a court in the Central District noted, "[i]t is not enough for Plaintiff to claim in conclusory fashion that the Websites do not have 'enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs.' He must allege what information is missing from the website." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-

10

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

GJS, 2020 U.S. Dist. LEXIS 11743, at *19-20 (C.D. Cal. Jan. 22, 2020). Here, "[b]eyond repetition of the statutory text, [Strojnik] has not alleged any specific information that was missing on the website[s] that would prevent him from being able to stay at the Hotel." *Id*. at *20.

To the extent any accessibility information was missing from the websites, the court in *Orangewood* made clear that "a website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii)." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, *20 (C.D. Cal. Jan. 22, 2020). The Court in *Orangewood* explained:

> The 2010 DOJ ADAAG Guidance on this provision 'recognizes that a reservations system is not intended to be an accessibility survey,' and '[b]ecause of the wide variations in the level of accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is accessible" and 'to provide basic facts about each accessible room. 28 C.F.R. § Pt. 36, App. A. Further, the DOJ acknowledges that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information." Id. This provides further support that websites need not include all potentially relevant accessibility information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information.

*Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *20-21. Other district courts have also reached the same conclusion. *See Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019) (Plaintiff "does not cite any authority suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked"); *Strojnik v. Kapalua Land*, 2019 U.S. Dist. LEXIS 165525, at *9 (D. Haw. Aug. 26, 2019) (recommending dismissal of complaint with prejudice and noting that "Plaintiff fails to cite any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation."); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-cv-014090-HRL,

2017 U.S. Dist. LEXIS 22588, at *10 (N.D. Cal. Feb. 16, 2017) (granting summary judgment where the website "provides descriptions of accessible features…that include the level of detail proposed by the ADA Guidance document").

Here, Strojnik was perfectly free to call the Hotel, email the Hotel, speak to a reservations operator, or simply ask a Hotel representative when he purportedly visited in person. But he chose not to do so. That the websites did not provide *all* relevant information regarding the Hotel's accessibility features is not an impediment to Strojnik's use of the Hotel.

Further, although Strojnik also alleges that the websites failed to make accessible guest rooms available in the same manner as non-accessible rooms, he "does not allege facts plausibly showing that he requires an accessible guest room, beyond the conclusory statement that he needs one." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, *22-23 (C.D. Cal. Jan. 22, 2020). Nor does he allege in what way booking an accessible room is different from booking a non-accessible room on the websites, or how any such difference relates to his particular disability. Merely listing procedural violations without connecting them to any particular harm is insufficient to plead standing. *Spokeo*, 136 S. Ct. at 1550.

Strojnik fails to specify an ADA violation. He has no standing and fails to state a claim.

2. ***Strojnik Does Not Identify Barriers He Actually Encountered***

Strojnik does not allege that he visited Defendant's Hotel, or that he actually encountered any actual barriers. Not only does he fail to identify what barriers existed, he fails to allege any facts explaining how the purported barriers "relate" to his own disability. *Chapman*, 631 F.3d at 947. The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability.

12

*See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 n. 7 (9th Cir. 2008) (holding that, plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store…Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store.").

Here, the FAC includes the same grainy, barely visible set of photographs from "online" that were previously included in the Addendum A that accompanied the Complaint. FAC at 19; *see* Dkt. 1, Addendum A. Each photograph is accompanied by the same generic caption, such as "[i]naccessible check in counter," "[i]naccessible valet counter," "[i]naccessible concierge counter," etc.  FAC at 19. None of the allegations in the FAC "identify any barrier that would affect Strojnik, deny him equal access, or deter him staying at the hotel." *Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019). The captions under each photo are "bare legal conclusions cast in the form of factual allegations, with no specification as to how any alleged barrier violates any aspect of the ADA or any related accessibility guidelines." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, *8 (E.D. Cal. Nov. 21, 2019). Although Strojnik references the ADAAG in his FAC, he does not allege what provisions of the ADAAG any of the alleged barriers depicted in the photographs purportedly violated. "It is therefore altogether unclear from the allegations of the [FAC]…whether what [Strojnik] alleges are in fact ADA violations at all." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *8-9 (E.D. Cal. Nov. 21, 2019); *see also Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *7 (C.D. Cal. Dec. 9, 2019) ("[T]hese captions in the Addendum are bare legal conclusions cast in the form of factual allegations."); *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *4 n. 1 (C.D. Cal. Aug. 14,

13

2019) (same).

Even if the FAC plausibly alleged barriers to accessibility at Defendant's Hotel (it does not), the FAC still fails to allege how any of the purported barriers relate to Strojnik's specific disability. Strojnik simply asserts in a conclusory manner that the alleged barriers were "relat[ed] to [his] disability and interfere[d] with [his] full and complete enjoyment of the Hotel" without any further explanation. FAC ¶ 20. Strojnik must allege "more than labels and conclusions." *Strojnik v. Bakersfield Convention Hotel I, LLC*, No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, *10 (E.D. Cal. Jan. 31, 2020) (plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation…The allegation Plaintiff has made is no more than bare legal conclusion).

Although Strojnik points to a laundry list of his alleged medical conditions with references to the ADAAG, he does not explain how the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel. Instead, as in *Chapman*, Strojnik "leaves the federal court to guess which, if any, of the alleged violations" apply to his disability. *See Chapman*, 631 F.3d at 955. Plaintiff must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability. *Chapman*, 631 F.3d at 954 ("The Accessibility Survey simply identifies alleged ADA and CBC violations without connecting the alleged violations to [Plaintiff] Chapman's disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store."); *Four Sisters*, 2019 U.S. Dist. LEXIS 212094, at *3 (holding that the facts alleged by Strojnik fail to "explain how the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel"); *Hotel Circle*, 2019 U.S. Dist. LEXIS 202591, 2019 WL 6212084, at *3 (same); *Bakersfield Convention Hotel I,* 2020 U.S. Dist. LEXIS 16339, at *10-11 (same).

14

None of Plaintiff's allegations describe the architectural barriers at the Hotel and how those relate to his disability. This is insufficient under *Chapman*, 631 F.3d at 954. *See also Strojnik v. 1315 Orange LLC*, 2019 U.S. Dist. LEXIS 185481 (S.D. Cal. Oct. 25, 2019) (a "series of grainy, murky photographs titled "Personal Barrier Encounters," with brief captions . . . does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel," dismissing complaint); *Strojnik v. Hotel Circle GL Holdings, LLC*, Case No. 1:19-cv-01194-DAD-EPG (E.D. Cal. November 21, 2019).

Because the FAC fails to allege facts showing an ADA violation that relates to Strojnik's specific disability, it fails to allege an injury-in-fact for purposes of Article III standing and fails to state a claim upon which relief can be granted.

## C. Strojnik Has Not Shown That He Has A Disability That Relates To the Alleged Barriers.

In addition to lacking any allegation that explains how the alleged barriers affected Strojnik's specific disability, the extent of his alleged disability is also equally unclear from the allegations in the FAC. For example, while many of the alleged barriers in the photographs seem to relate to accessibility for an individual in a wheelchair, Strojnik never actually alleges that he uses a wheelchair. He does not allege whether he needs ambulatory or wheelchair assistance, or how his disabilities impact his mobility on this particular occasion or generally. *See Rutherford v. Cesar's Mexican Rest., LLC*, 2019 U.S. Dist. LEXIS 150782, at *1 (S.D. Cal. Sept. 3, 2019) (finding that the plaintiff failed to establish Article III standing where he did not allege if he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users). Nor does he allege any facts that would tend to show he requires the use of a wheelchair.

In fact, in a video clip from a March 7, 2018 news report that aired on the ABC Phoenix affiliate, Channel 15, Strojnik is clearly shown strolling without any type of

assistance whatsoever. (*See* RJN, Link 1, available at https://www.abc15.com/news/local-news/investigations/state-bar-moves-to-suspend-serial-suing-attorney-exposed-by-abc15).[8] Strojnik claims to suffer from "a degenerative right knee" and "severe right-sided neural foraminal stenosis," which refers to the narrowing of the small openings between each vertebra in the spine. FAC ¶ 3. Yet, in another video clip from ABC 15 that aired on June 25, 2018, Strojnik is shown walking into court with a large litigation briefcase slung over his shoulder— certainly not consistent with his claim that his foraminal stenosis "substantially limit[s] his major life activities." (*See* RJN Link2, available at https://www.abc15.com/news/local-news/investigations/az-attorney-general-attempts-second-intervention-to-shut-down-serial-suing-attorney.)

Therefore, the extent of Strojnik's alleged disability is entirely unclear from the FAC. Ignoring the fact that the videos of Strojnik show him moving just fine, the FAC fails to allege any facts showing Strojnik requires the use of a wheelchair, that he used a wheelchair on this particular occasion, or explain why it is any more likely that he will need a wheelchair if and when he might return to the Hotel. "[I]t is not enough merely to allege that [Plaintiff] 'at times' uses a wheelchair, and to point out technical ADA violations…that might affect someone who uses a wheelchair." *Rutherford v. Los Charros*, 2019 U.S. Dist. LEXIS 60156, at *2 (S.D. Cal. Apr. 5, 2019). "To show the kind of concrete injury necessary to establish jurisdiction at the pleading stage, he must plead facts showing the likelihood that he would visit Los Charros again *while using a wheelchair*, and that the violations he alleges would be

---

[8] Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *DuckHole Inc. v. NBC Universal Media LLC*, 2013 U.S. Dist. LEXIS 157305, at *7 (C.D. Cal. Sep. 6, 2013) (taking judicial notice of DVDs in support of Rule 12(b)(6) motion). This Court can thus take judicial notice of the videos of Strojnik aired by the news station and published online. *See City of Inglewood v. Teixeira*, 2015 U.S. Dist. LEXIS 114539, at *5 (C.D. Cal. Aug. 20, 2015) (judicial notice of YouTube videos in connection with Rule 12(b)(6) motion). Judicial notice is appropriate as the videos are from a source whose authenticity cannot be questioned and published on the news channel's own website.

**NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**        Case No. 8:19-cv-01560-JVS-JDE

likely interfere with his full and equal use of the facilities." *Id*. (Emphasis added). Thus, there is no alleged disability that Strojnik can connect to any purported barrier at the Hotel.  He fails to establish standing or state a claim.

### D.      Strojnik Fails to Allege Facts Showing a Threat of Repeated Injury

Even if Strojnik did adequately plead an actual concrete injury (he does not), he fails to demonstrate "a sufficient likelihood that he will again be wronged in a similar way" as required.  *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). That is, Strojnik must establish a "real and immediate threat of repeated injury" demonstrated by an intent to return to a noncompliant place of public accommodation.  *Id.* at 102 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)); *Chapman*, 631 F.3d at 948–49.  A general intent to return to a public accommodation is "insufficient to confer standing in an action for injunctive relief."  *Molski v. Kahn Winery*, 405 F.Supp.2d 1160, 1168 (C.D. Cal. 2005).  A plaintiff "lacks standing if he is indifferent to returning [] or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability." *Chapman*, 631 F.3d at 953. Furthermore, a plaintiff's mere "profession of an intent to return…[is] simply not enough" for standing. *Lujan*, 504 U.S. at 564. The Court in *Lujan* ruled that "such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be" do not establish an intent to return as necessary for standing.  *Id.*

Strojnik's FAC still fails to allege anything more than bare legal conclusions that have been deemed insufficient to support standing by multiple district courts. The most that Strojnik adds to his FAC is an alleged intent to visit "the greater Los Angeles area on or about the weekend of April 4" *if* the Hotel is ADA compliant.  *Id.* ¶13(h).  Plaintiff's "some day" intention, is insufficient to show a definite plan to return. *Lujan*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**          Case No. 8:19-cv-01560-JVS-JDE

do not support a finding of the 'actual or imminent' injury that our cases require."). Notably, Strojnik alleged in another action filed in the Northern District of California that he planned to visit "the Bay Area" during that same weekend, despite the two areas are over 400 miles apart. *See Strojnik v. IA Lodging Napa First LLC, dba Andaz Napa*, No. 19-cv-03983-DMR, Doc. No. 50, ¶ 21(e).  Strojnik's credibility and severely suspect.

In assessing the genuineness of an expressed intent to return, courts in the Ninth Circuit often consider four factors: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant's location area. *See Johnson v. Overlook At Blue Ravine, LLC*, 2012 U.S. Dist. LEXIS 102056 at *8 (E.D. Cal. July 20, 2012). Each of these factors weighs against Plaintiff.

First, Strojnik lives more than 360 miles from the Hotel. *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *6 (C.D. Cal. Aug. 14, 2019). If a plaintiff lives more than 100 miles from the public accommodation, "the distance subverts a professed intent to return." *Id.* (citing *Molski v. Kahn Winery*, 405 Supp. 2d 1160 (C.D. Cal. 2005)); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004) (finding plaintiff failed to establish likelihood of future harm in part because he lived 280 miles from the defendant's hotel).

Strojnik has never actually stayed at the hotel. Rather, Plaintiff merely alleges he intends to return to the area, and maybe visit the Defendant's Hotel when it becomes ADA compliant. Plaintiff's statements are exactly the kind of "mere profession of an intent" that the Supreme Court has deemed insufficient to establish standing under Article III. *Lujan*, 504 U.S. at 564 at n. 2; *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *6-7 (C.D. Cal. Aug. 14, 2019)

**NOTICE OF MOTION AND MOTION TO DISMISS**      Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

("Like in *Lujan*, this is a general intent to return without more and is simply Plaintiff saying he will 'some day' return to Defendant's hotel, such statements are not enough to confer standing.").

The *Pasadena Robles* court further noted that:

> In addition, the purpose of the "intent to return" road to standing is to show that the plaintiff will likely be harmed because barriers 'continue to exist at a place of public accommodation to which he intends to return.'" Chapman, 631 F.3d at 953. Here, Plaintiff's intent to return is expressly contingent on the hotel coming into compliance with the ADA, ***thus Plaintiff will not return unless the hotel comes into compliance so he will necessarily not encounter accessibility barriers at that time. Plaintiff's own intent allegation therefore forecloses standing based on the intent to return option.***

*Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *7 (C.D. Cal. Aug. 14, 2019) (dismissing complaint for lack of standing) (emphasis added); *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, *10 (C.D. Cal. Dec. 9, 2019) (same).

Moreover, Plaintiff's professed intent to return is simply implausible given the over 140 of ADA actions he has filed throughout the state of California since April 2018; ***31 of which have been filed in this District alone***. (RJN, Exh. 1.) All of these newly filed lawsuits contain the same or substantially similar allegations against other hotels. *See Gastelum v. Canyon Hospitality LLC*, 2018 U.S. Dist. LEXIS 87850, at *7 (D. Ariz. May 25, 2018) ("While the need to look at the specificity with which the Plaintiff has pleaded the likelihood of future visits might be less stringent had he only sued one hotel in the Phoenix area, …the inquiry must be more exacting where he has expressed only a rote intent to 'book rooms' in 133 other lodgings in the same geographic area."). Plaintiff's over 140 complaints (and counting) contain the same or substantially similar allegations against other hotels. (*See e.g*., Dkt. 19-1, Exhs. 3-8.). His conveniently vague allegations in all of these cases that he intends to return to all of the hotels, including Defendant's Hotel here, are simply

19

**NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

implausible, and likely impossible.   Plaintiff's professed intent to return is disingenuous, which vitiates his standing.

Based on the foregoing factors, Strojnik has failed to show that he has a genuine intent to return to Defendant's Hotel, and thus, has failed to establish standing under the ADA.

**E.     Strojnik Fails to Allege Facts Showing He Is Deterred From Returning to Defendant's Hotel.**

Strojnik also fails to allege he was or is deterred from visiting Defendant's Hotel.  To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access" and that a defendant's failure to comply with the ADA deters him or her from making use of the defendant's facility." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* (*CREEC*), 867 F.3d 1093, 1098 (9th Cir. 2017). However, "deterrence cannot be merely "conjectural or hypothetical." *Vogel v. Salazar*, No. SACV 14-00853-CJC (DFMx), 2014 U.S. Dist. LEXIS 1513, at *2 (C.D. Cal. Oct. 24, 2014). Rather, a plaintiff must show that he would return but for the alleged barriers. *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015).

Conclusory statements regarding that a plaintiff "was deterred" will not suffice; rather, corroborating facts are necessary. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting *Chapman*, 631 F.3d at 949); *see Strojnik v. Bakersfield Convention Hotel I, LLC,* No.. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, *13 (E.D. Cal. Jan. 31, 2020) ("Mere conclusory statements that an ADA plaintiff intends to return and is deterred from returning to a place are insufficient."). For example, in *Vogel*, the court found the plaintiff lacked standing because he failed "to assert or point to any colorable facts to prove that his assertion of deterrence is not merely hypothetical." *Id.*, 2014 U.S. Dist. LEXIS 1513, at *2. There, the court found that phrases such as "because of physical and intangible

**NOTICE OF MOTION AND MOTION TO DISMISS**     Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

barriers," "he has been deterred, and he continues to be deterred from visiting the Restaurant," were too conclusory to confer standing. *Ibid*.

Similarly, here, Strojnik fails to allege any facts showing his intent to return is anything more than hypothetical. "Although the complaint alleges that plaintiff intends to visit the Hotel once it is ADA-compliant, this, as discussed, is simply not enough." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *14 (E.D. Cal. Nov. 21, 2019) (citing *Lujan*, 504 U.S. at 564). "Plaintiff does not allege any facts that he actually would return to the [Hotel] if it were ADA compliant." *Id*. (quoting Vogel, 2014 U.S. Dist. LEXIS 1513, at *2). For example, plaintiff has not alleged that he visits the "Disneyland area" often or that he will go to the area again in the future. "There are also no allegations as to why Plaintiff prefers this particular [Hotel] property, as opposed to others in the 'Disneyland area.'" *Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *26 (C.D. Cal. Jan. 22, 2020). "Plaintiff's conclusory statement that he is deterred from visiting [the Hotel] are insufficient to demonstrate that he would [stay at the Hotel] if it were accessible. As a result, he lacks standing to pursue his claims." *Feezor*, 608 F. App'x at 477 (9th Cir. 2015). Thus, Strojnik's alleged deterrence is unsupported.

Having failed to allege any actual ADA violations that deterred him from visiting the Hotel in the first place, and provided no facts showing that he will be deterred from doing so in the future, Strojnik has therefore failed to sufficiently establish deterrence as a basis for standing.  Strojnik fails to state a claim under the ADA and has no standing to bring this suit.  His FAC should be dismissed with prejudice.

## V.      STROJNIK'S STATE LAW CLAIMS MUST ALSO BE DISMISSED.

Besides his claim for violation of the ADA, Plaintiff also sues under California state laws that prohibit disparate treatment of disabled persons, including the

California Unruh Civil Rights Act and the California Disabled Persons Act ("DPA"). Plaintiff's state law claims fail for several reasons.

First, because this court has only supplemental jurisdiction regarding these claims, if Plaintiff lacks standing to bring his ADA claim, there is no reason for the Court to retain jurisdiction over Plaintiff's state law claims. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.,* 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Since the Court has no subject-matter jurisdiction over the first claim under the ADA, the Court should decline to exercise supplemental jurisdiction over any of the remaining three state claims at this time. *See, e.g., Strojnik v. Hotel Circle*, 2019 U.S. Dist. LEXIS 202591, at *6 (declining to exercise supplemental jurisdiction over Strojnik's remaining state claims since his ADA claim has failed for lack of standing); *Strojnik v. Pasadena Robles*, 2019 U.S. Dist. LEXIS 213070, at *11 (same); *Strojnik v. Bakersfield Convention Hotel I, LLC,* 2020 U.S. Dist. LEXIS 16339, at *17 (same).

Second, standing to pursue monetary relief under the DPA and the Unruh Act differs from standing to seek injunctive relief under the ADA. *See Reycraft v. Lee*, 177 Cal. App.4th 1211 (2009); *see also Angelucci v. Century Supper Club*, 41 Cal.4th 160, 175 (2007). These statutes restrict damages recovery to situations where "the plaintiff ***personally encountered*** the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014) (emphasis added). Unlike the ADA, these statutes require "something more than mere awareness of or a reasonable belief about the existence of discriminatory condition." *Id.*

Strojnik did not personally encounter any barriers. He merely points to website photos which he claims amounted to barriers, without explanation of how they relate

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**    Case No. 8:19-cv-01560-JVS-JDE

to his disability or how they ***would have*** prevented him access. A plaintiff cannot recover damages under the Unruh Act unless the violation actually denied him or her equal access to some public facility. *Urhausen v. Long Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations. *Ibid*. As the court held, under that theory,

> Any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3…

*Ibid*.

In Strojnik's state law causes of action, he cannot allege that he was actually denied access to the Hotel. Although he alleges that he experienced barriers, he fails to explain how those alleged barriers impaired his ability to access the Hotel or its services—especially when it is apparent that, while he may experience pain, he is not in a wheelchair and does not use a wheelchair. "[T]he cases interpreting the Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or she has been the victim of defendant's discriminatory act." *Surrey v. TrueBeginnings, LLC*, 168 Cal.App.4th 414, 419 (2008). Thus, if he is able to "ambulate," it is irrelevant whether there are inaccessible counters or improper hardware, as alleged in the FAC.

## VI.   STROJNIK'S NEGLIGENCE CLAIM SHOULD ALSO BE DISMISSED

As with the DPA and Unruh claims, this Court has only supplemental jurisdiction over Plaintiff's negligence cause of action. If Plaintiff lacks standing to bring his ADA claim, there is no reason the Court retain jurisdiction over Plaintiff's negligence claim. Concern for judicial economy supports declining jurisdiction. *See*

**NOTICE OF MOTION AND MOTION TO DISMISS**       Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

*Johnson v. Torres Enters. LP*, 2019 U.S. Dist. LEXIS 11124, at *11 (N.D. Cal. Jan. 22, 2019).

## VII.   STROJNIK SHOULD BE DECLARED A VEXATIOUS LITIGANT

The Court should declare Plaintiff a vexatious litigant requiring him to obtain leave of court before filing any other future claims under the Americans with Disabilities Act in any California Court. *Molski v. Mandarin Touch Rest*., *Supra* 860, 861 (C.D. Cal. 2005), aff'd in part, dismissed in part sub nom. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007).  In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial first process and harass other parties." *Safir v. United States Lines, Inc*., 792 F.2d 19, 23 (2nd Cir.1986).  In doing so, the Court should look to five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g*., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Molski*, 500 F.3d at 1057 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).  A high settlement rate, coupled with a high volume of cases filed, can "show[] a pattern of extortion." *Molski*, 500 F.3d at 1054. Filing boilerplate complaints also indicates a harassing intent. *Id*. at 1051 (citing *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988).

Every factor weighs in favor of declaring Plaintiff a vexatious litigant. A court must look to both the number and content of the filings as indicia of frivolousness. *Molski v. Evergreen*, 500 F.3d 1047, 1059 (9th Cir. 2007). Plaintiff has filed over 140 almost identical ADA lawsuits throughout federal courts as a pro per litigant

24

since his disbarment in Arizona for doing effectively the same thing.  (RJN Exh. 1.)
Many of his complaints are literal copy-paste versions of one another. (*See, e.g.*, Dkt.
19-1, Exh. 3-7, *compare to* FAC.)  Plaintiff's claims are without merit as discussed
above, and his credibility and motives regarding his travel plans are simply
unbelievable given the preposterous volume of complaints.

Plaintiff's motives are harassing and purely financial, as is demonstrated by
his inclusion of state-law claims in addition to ADA claims simply to provide
leverage for settlement dollars. Plaintiff attempts to, and usually does, extract
monetary settlements to resolve his claims based on the high volume of his cases that
are voluntarily dismissed shortly after filing. (*See, e.g.,* Dkt. 19-1, Ex. 1.)  Plaintiff
employed this same high-volume/quick-settlement tactic in Arizona before he was
disbarred.  (*See* Dkt. 19-1, Ex. 1 at 4-5, 16 ("Strojnik would demand $5,000 in
attorney's fees, regardless if the business had remedied the violation" and engaged
in "unethical extortion."); Dkt. 19-1, Ex. 2.)

Plaintiff's litigation tactics are abusive, harassing, and not intended to
vindicate any right under the ADA.  He files hundreds of virtually identical copy-
past lawsuits to extort Defendants for quick settlements without any legitimate intent
to visit the locations he claims.  Plaintiff's assembly line of copy-paste ADA
complaints results in an extreme burden to the judicial system, the defendants preys
on, and society generally.

Other sanctions would not adequately protect the Courts and parties due to the
difficulty of determining the vexatious nature of complaints when not viewed in
aggregate.  Moreover, as noted above, Judge Ryu of this district is still considering a
motion to declare Plaintiff a vexatious litigant in an almost identical case.  Judge Ryu
ordered Plaintiff to submit a verified declaration by November 30, 2019 stating,
among other things: "[h]ow many ADA cases" he has filed in the Northern District
of California; "the date(s) that Strojnik encountered the barriers"; "[d]etails regarding

**NOTICE OF MOTION AND MOTION TO DISMISS   Case No. 8:19-cv-01560-JVS-JDE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

[his] investigation [] regarding the alleged barriers" he encountered; and "the total amount of money Strojnik has recovered in settlements of his ADA cases." (Dkt. 19-1, Exh. 4.) Plaintiff ignored Judge Ryu's order, and has not filed any such declaration to date.  Lesser sanctions will not suffice, as Plaintiff is demonstrably willing to ignore court orders.

Based on the totality of Plaintiff's litigation history, and his attitude toward our judicial system, Plaintiff must be declared a vexatious litigant by this Court. At the very least, Plaintiff should be ordered to seek leave from any court in the Northern District of California before filing suit in this district.

## VIII. **CONCLUSION**

For the foregoing reasons, Defendant requests that this Court grant its Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

DATED:  March 30, 2020

BUCHALTER
A Professional Corporation


By:  */s/ Tracy A. Warren*

TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant
SCG AMERICAN CONSTRUCTION
INC.

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By:  */s/ Tracy A. Warren*
Tracy A. Warren

**BUCHALTER**
A Professional Corporation
Los Angeles

**NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE