UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:   [IN CHAMBERS] <u>Order Regarding Motion to Dismiss</u>**

Defendant SCG American Construction Inc., d.b.a. Hyatt Regency Orange County ("SCG American") filed a motion to dismiss Plaintiff Peter Strojnik's ("Strojnik") First Amended Complaint ("FAC") and declare Strojnik a vexatious litigant.  Mot., Docket No. 22.[1]  Strojnik opposed.  Opp'n, Docket No. 24.

For the following reasons, the Court **GRANTS** the motion to dismiss and **GRANTS** the motion to declare Strojnik a vexatious litigant.  Strojnik's FAC is **DISMISSED without prejudice**.

## I. BACKGROUND

Strojnik's FAC alleges the following.  Strojnik is a disabled individual as defined by the Americans with Disabilities Act ("ADA") and the California Disabled Persons Act ("DPA").  FAC ¶ 2.  Strojnik regularly travels to and in California, in particular the greater Los Angeles region.  Id. ¶ 13.  However, he is deterred from visiting SCG American's hotel because it is not ADA or state law compliant.  Id.  He visited the region on March 13-14, 2019 and reviewed hotels for potential lodging, including by visiting SCG American's hotel.  Id. ¶¶ 17-18.  At the time Strojnik's FAC was drafted, he intended to lodge at SCG America's hotel over the weekend of April 4, 2020, so long as it became ADA compliant.  Id. ¶¶ 13-14.

---

[1] SCG American filed an earlier motion to dismiss, Docket No. 19.  However, rather than file an opposition, Strojnik filed his FAC.  In light of the FAC, that motion, and all related documents and responses, are moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

During Strojnik's review, he discovered that SCG American failed to provide necessary disclosures for online booking, and its hotel was replete with accessibility barriers. Id. ¶ 19. In particular, Strojnik alleges that the booking website does not identify and describe accessible features in enough detail to reasonably permit him to assess independently whether the hotel or guest rooms meet his accessibility needs and inadequately disperses accessible rooms among the room categories. Id. Strojnik also describes various physical barriers which he describes as inaccessible, including the valet counter, concierge counter, check-in counter, seating, etc. Id. He states that these barriers denied him full and equal access with the same reasoning: by "failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." Id. The removal of these accessibility barriers is readily achievable. Id. ¶ 21.

Strojnick alleges four causes of action: (1) violation of the Americans with Disabilities Act; (2) violation of the California Unruh Civil Rights Act; violation of the California Disabled Persons Act; and (4) negligence. Id. ¶¶ 15-41.

## II. Legal Standard

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Dismissal is proper when a plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). A "jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the challenge is based solely upon the allegations in the complaint (a "facial attack"), the court generally presumes the allegations in the complaint are true. Id.; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). If instead the challenge disputes the truth of the allegations that would otherwise invoke federal jurisdiction, the challenger has raised a "factual attack," and the court may review evidence beyond the confines of the complaint without assuming the truth of the plaintiff's allegations. Safe Air, 373 F.3d at 1039. The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" GTE Cal., Inc. v. FCC, 39 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|

| Title | Peter Strojnik v. SCG America Construction Inc. | | |
|---|---|---|---|

940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. Nelson v. NASA, 530 F.3d 865, 873 (9th Cir. 2008), rev'd on other grounds, 131 S. Ct. 746 (2011). To have standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that their injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180–81 (2000); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Nelson, 530 F.3d at 873. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (citation and internal quotation marks omitted).

**B.     Motion to Dismiss for Failure to State a Claim**

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

### III. DISCUSSION

#### A. Request for Judicial Notice

SCG American filed a request for judicial notice ("RJN") for three items: (1) PACER search results showing 148 ADA cases filed by Strojnik; (2) a video clip of a news report dated March 7, 2018 showing Strojnik walking without assistance; and (3) a video clip of a news report dated June 25, 2018 of him walking with a briefcase slung over his shoulder. RJN, Docket No. 23, at 3. Strojnik has not opposed this RJN.[2]

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds; Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002); see Fed. R. Evid. 201(b).

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998-99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then

---

[2] Strojnik opposed SCG American's original RJN, Docket No. 21, which was filed with its original motion to dismiss. Because that motion was mooted by Strojnik's FAC, so too was its RJN. Thus, Strojnik's opposition to that RJN does not apply here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja, 899 F.3d at 1002.

Courts "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Monynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal citations and quotation marks omitted).

In accordance with Fed. R. Evid. 201, the Court takes judicial notice of the PACER search results for Strojnik because this qualifies as notice of proceedings in other courts that have a direct relation to matters at issue and is not subject to dispute. The Court declines to take judicial notice of the videos allegedly showing Strojnik walking and carrying a briefcase over his shoulder, which would necessarily be used as a defense to Strojnik's FAC and, thus, cannot be incorporated into the FAC. See Khoja, 899 F.3d at 1002.

**B.      American with Disabilities Act Claim**

SCG American moves to dismiss Strojnik's ADA claim for lack of standing and failure to state a claim. Mot. at 8-21.

Strojnik bears the burden of establishing standing. Lujan, 504 U.S. at 561. "[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 866 (9th Cir. 2014) (quoting Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)). Because plaintiffs may only receive injunctive relief under Title III of the ADA, a plaintiff "must not only demonstrate the familiar requirements for standing—injury-in-fact, traceability, redressability—but also 'a sufficient likelihood that he will be wronged again in a similar way.'" Id. (quoting Fortyune v. Am. Multi–Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)). Therefore, a plaintiff must show that "he faces a 'real and immediate threat of repeated injury.'" Id. (quoting O'Shea v. Littleton, 414 U.S. 488, 496 (1974)). An ADA plaintiff may meet this requirement in two ways. First, the plaintiff may show that "he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." Id. (quoting Chapman, 631 F.3d at 948). Second, the plaintiff may show that he "is currently deterred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

from visiting that accommodation by accessibility barriers." Id. (quoting Doran v. 7–Eleven, Inc., 524 F.3d 1034, 1041 (9th Cir. 2008)).

1. Lack of Information on Websites

SCG American argues that Strojnik simply listed conclusory allegations about the website without listing what specific information is missing or how it relates to his alleged disabilities. Mot. at 10-12.

The ADA applies to websites that "impede[] access to the goods and services of . . . places of public accommodation." Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019). Access barriers encountered on a website must relate to the plaintiff's disabilities. Strojnik v. Orangewood LLC, No. CV-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *16 (C.D. Cal. Jan. 22, 2020) (citing Civil Rights Educ. & Enf't Ctr. v. Hosp. Props. Tr., 867 F.3d 1093, 1097 (9th Cir. 2017) (wheelchair-bound plaintiffs were informed by defendants that the hotel did not provide equivalent shuttle service for mobility-impaired people)).

Strojnik provides screenshots of the third-party website, Hotels.com, and SCG American's website, Hyatt.com, in support of his claim that SCG American violated booking website disclosure requirements pursuant to 28 C.F.R. § 36.302(e). See FAC ¶ 19. In order for SCG American to be held liable for what is posted on the third-party site, it must fail to "make[] available such rooms and [accessibility] information to [the] third-party reservation provider." 28 C.F.R. § Pt. 36, App. A (2010 DOJ Guidance); Orangewood LLC, 2020 U.S. Dist. LEXIS at *17. Nowhere in Strojnik's FAC is it alleged that SCG American failed to make accessibility information available to Hotels.com. Thus, Strojnik has not properly alleged a claim against SCG American for the postings by a third-party website.

As for the Hyatt website, Strojnik alleges that the "website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." FAC ¶ 19. Nothing more is provided. Strojnik cannot rely solely on conclusory allegations, but rather must state what information is missing that would prevent him from staying at the hotel. Orangewood, 2020 U.S. Dist. LEXIS at *19-20; see Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1550 (2016). Further, Strojnik needs to link

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

that missing information to his disability. Spokeo, 136 S. Ct. at 1549 ("[plaintiff] could not . . . allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement"); Chapman, 631 F.3d at 953 ("An ADA plaintiff . . . lacks standing . . . if the barriers he seek to enjoin do not pose a real and immediate threat to him due to his particular disability.").

Therefore, because Strojnik fails to allege that SCG American did not make accessibility information available to a third party booking site, and because he did not state what was missing from SCG American's website or connect that missing information to his disability, Strojnik has not stated an ADA claim and does not have standing. SCG American's motion to dismiss as to the claims involving the websites is **GRANTED**.

    2.    Physical Barriers

SCG American next moves to dismiss Strojnik's FAC as to the physical barriers for (1) failing to allege Strojnik visited SCG American's hotel and encountered any barriers, (2) failing to allege what barriers existed, and (3) failing to allege how those barriers relate to his disability. Mot. at 12.

In regards to SCG American's first argument, Strojnik has alleged that he visited the hotel and experienced barriers. FAC ¶ 18 ("Defendant's competitor's hotel was replete with accessibility barriers and, therefore, Plaintiff visited Defendant's hotel to determine if it would be suitable for future lodging."). Plaintiff has further alleged that he would return but is deterred from these barriers. Id. ¶ 14; see Doran, 524 F.3d at 1041.

Strojnik also alleges that certain physical barriers existed at SCG American's hotel when he visited, including the following:
- No marked passenger drop off zone
- Accessible parking not closest to entrance
- Inaccessible valet counter, concierge counter, check-in counters, seating in lobby, lobby bar, lobby bar seating, Citrus Grove Deli seating, Citrus Grove Deli counter, and isles and items in the gift shop.

FAC ¶ 19. However, these are simply "bare legal conclusions cast in the form of factual allegations, with no specification as to how any alleged barrier violates any aspect of the ADA or any related accessibility guidelines." Strojnik v. Hotel Circle GL Holdings,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

LLC, No. 1:19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *8 (E.D. Cal. Nov. 20, 2019).

    Strojnik has also not alleged how these supposed barriers denied him full and equal access, nor is it readily apparent from the photographs Strojnik provided. Strojnik did include a caption at the bottom of each photograph labeled "The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel." Id. However, every single caption simply repeats the reasoning he used in his claims involving the websites: "Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs." Id. Plaintiff must explain how he falls within the class of persons injured by these alleged physical barriers that are in violation of the ADA. Doran, 524 F.3d at 1044, n.7; see also Chapman, 631 F.3d at 947 ("a 'barrier' will only amount to [] inference if it affects the *plaintiff's* full and equal enjoyment of the facility on account of *his particular disability*." (emphasis added)); Strojnik v. Four Sisters Inns, Inc., No. 2:19CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *8 (C.D. Cal. Dec. 9, 2019). His copy-and-paste statements fail to do this.

    Because Strojnik has not explained how these alleged barriers deny him full and equal access as a result of his disability, SCG American's motion to dismiss as to the physical barriers is **GRANTED**.

**C.    California Disability Claims**

    SCG American next moves to dismiss Strojnik's Unruh Civil Rights Act and California Disabled Persons Act claims for lack of supplemental jurisdiction. Mot. at 21-23.

    Strojnik asserts subject matter jurisdiction as a result of federal question jurisdiction over his ADA claim and supplemental jurisdiction over the state law claims. FAC ¶ 8. However, where a Court lacks Article III jurisdiction over a plaintiff's ADA claim for lack of standing, the Court has no discretion to retain supplemental jurisdiction over the plaintiff's remaining state law claims. Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002) ("[W]ith the dismissal of [plaintiff's] federal constitutional claim for lack of standing, we have no authority to retain jurisdiction over [plaintiff's]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

state law claims.") (citing 28 U.S.C. § 1367(a)); Doran, 524 F.3d at 1049 (vacating the district court's declining of supplemental jurisdiction only after determining the ADA claim was still valid). The Court has no subject matter jurisdiction over Strojnik's ADA claim because Strojnik has failed to allege an imminent injury-in-fact, and thus lacks constitutional standing. Accordingly, because the Court lacks jurisdiction in the first instance, the Court has no discretion to retain supplemental jurisdiction over Whitaker's remaining state law claims.

Accordingly, SCG American's motion to dismiss Strojnik's state law disability claims is **GRANTED**. Furthermore, the Court adopts the reasoning in Shutza v. Cuddeback, 262 F. Supp. 3d 1025 (S.D. Cal. 2017). In light of California's recent legislation regulating the filing of claims under California Civil Code §§ 51 *et seq.*, which reflects a special state interest in these cases, the Court may decline to exercise supplemental jurisdiction over Strojnik's Unruh Civil Rights Act claim pursuant to 28 U.S.C. § 1367(c)(2)-(4). If Strojnik repleads the claim, he needs to show cause why the Court should exercise supplemental jurisdiction over the Unruh Civil Rights Act claim in his amended complaint.

**D.    Negligence Claim**

SCG American likewise moves to dismiss Strojnik's negligence claim on the same grounds as those for the state disability claims. The Court **GRANTS** the motion to dismiss as to the negligence claim.

**E.    Leave to Amend FAC**

Given the Court has granted SCG American's motion to dismiss in its entirety, Strojnik seeks leave to amend his FAC. Opp'n at 11.

Under Rule 15, parties may amend pleadings only with written consent from the opposing party or leave of court. Fed. R. Civ. P. 15(a)(2). Leave of court should be "freely give[n] . . . when justice so requires." Id.; see Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality"). To determine whether amendment is proper, the court must consider the following factors: undue delay, bad faith, prejudice to the opposing party, and futility. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

2d 222 (1962); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The consideration of prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The non-moving party must demonstrate that they would be prejudiced if the amendment is granted. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

There are several issues with Stroknik's complaint. First, Strojnik has been previously informed by other courts in this circuit that his method of filing numerous essentially identical complaints raises the question of whether his pleadings are made in good faith. See, e.g., Strojnik v. IA Lodging Napa First LLC, No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS 32075, at *13 (N.D. Cal. Feb. 25, 2020); Strojnik v. Hotel Circle GL Holdings, LLC, 2019 U.S. Dist. LEXIS at *18-19; Strojnik v. Wickstrom Hosp., LLC, No. 2:19-cv-002043 JAM AC PS, 2020 U.S. Dist. LEXIS 52889, at *15 (E.D. Cal. Mar. 25, 2020). Further, Strojnik alleges that SCG American's instant motion to dismiss is a "cut-and-paste" version of the last one they filed which is now moot. Opp'n at 2. However, Strojnik's FAC still failed to properly plead an ADA claim knowing the deficiencies SCG American was going to highlight. Id.

Nonetheless, "leave to amend 'when justice so requires' is to be granted with 'extreme liberality.'" *Strojnik v. 574 Escuela, LLC*, 2020 U.S. Dist. LEXIS at *14 (quoting *Hoang v. Bank of Am., N.A.,* 910 F.3d 1096, 1102 (9th Cir. 2018)) (citations omitted). Thus, Strojnik's FAC is **DISMISSED without prejudice**. Strojnik has 30 days to file a second amended complaint.

**F.     Request to Declare Strojnik a Vexatious Litigant**

Lastly, SCG American moves for this Court to declare Strojnik a vexatious litigant requiring him to obtain leave of court before filing any future claims under the ADA in any California court. Mot. at 24.

The All Writs Act, 28 U.S.C. § 1651 (a), vests federal courts with the discretion to enjoin vexatious litigants. Weissman v. Quail Lodge Inc., 179 F.3d 1194, 1197 (9th Cir. 1999); De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Such orders, however, are "extraordinary remed[ies] that should be narrowly tailored and rarely used." Moy v. United States, 906 F.2d 467,470 (9th Cir. 1990); DeLong, 912 F.2d at 1147. "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

enables one person to preempt the use of judicial time that properly could be used to consider meritorious claims of other litigants.'" Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting De Long, 912 F.3d at 1148).

Although the Ninth Circuit never has articulated a precise standard to be followed by courts presented with a motion to declare a litigant vexatious, it has cautioned that such an order "cannot issue merely upon a showing of litigiousness." Moy, 906 F.2d at 470. Rather, the Court must: (1) give the plaintiff an opportunity to oppose the order; (2) create an adequate record of what court filings support issuance of the order; and (3) find that the filings were frivolous and harassing. DeLong, 912 F.2d at 1147-48. If the Court finds that a vexatious litigant order is proper, it must be narrowly tailored so as "'to prevent infringement on the litigator's right of access to the courts.'" Id. at 1148 (quoting Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984)).

1. Notice

SCG American filed its motion on March 30, 2020. Mot. Strojnik responded to the motion, but did not acknowledge SCG American's request to declare him a vexatious litigant. See generally Opp'n. However, an opportunity to oppose the motion is sufficient to satisfy the due process requirement. Molski, 500 F.3d at 1058-59.

2. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude a vexatious litigant order was needed." De Long, 912 F.2d at 1147. The Court has taken judicial notice of the search results in PACER showing Strojnik's 148 ADA cases provided by SCG American. There is an adequate record for review here.

3. Substantive Findings of Frivolous Litigation History

The third requirement set forth in De Long "gets to the heart of the vexatious litigant analysis." Molski, 500 F.3d at 1059. To determine if Strojnik's actions are frivolous or harassing, the Court "must look at the number and to content of the filings as indicia of the frivolousness of the litigant's claims." Id. (quoting De Long, 912 F.2d at 1148) (internal quotations omitted). As an alternative to frivolousness, the district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

may make an alternative finding that the litigant's filings "show a pattern of harassment." De Long, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's five factor test in Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) as "a helpful framework" for determining this substantive factor. See Molski, 500 F.3d at 1058 (applying the framework to this factor and the other substantive factor, the narrow tailoring of the restriction). These five factors are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir, 792 F.2d at 24.

Strojnik's propensity for filing a multitude of disability discrimination cases, particularly against hotel defendants, is very well known. See Strojnik v. 574 Escuela, LLC, No. 3:18-cv-06777-JD, 2020 U.S. Dist LEXIS 57459, at *5 (N.D. Cal. Mar. 31, 2020); Strojnik v. Bakersfield Convention Hotel I, LLC, No. 1:19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, at *1 (E.D. Cal. Jan. 30, 2020); Strojnik v. Victus Grp., Inc., No. 1:18-CV-1620 AWI SKO, 2020 U.S. Dist. LEXIS 54117, at *6 (E.D. Cal. Mar. 27, 2020). While this alone does not establish vexation, a "district court must look at both the number and content of the filings of the filings as indicia of the frivolousness of the litigant's claims." Moy, 906 F.2d at 470 (an order declaring a litigant vexatious "cannot issue merely upon a showing of litigiousness."); but see Molski, 500 F.3d at 1059 (quoting De Long, 912 F.2d at 1148).

As stated above, countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits. IA Lodging Napa First, 2020 U.S. Dist. LEXIS at *13-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

Although Strojnik is a *pro se* litigant in this case, he is also a former attorney with vast knowledge and experience in the realm of ADA cases. Strojnik v. Singpoli Grp., LLC, No. LACV 19-00066 JLS (AGR), 2019 U.S. Dist. LEXIS 24494, at *3 (C.D. Cal. Feb. 14, 2019). Strojnik is no longer an attorney because his law license was suspended for unethical conduct. Id.; Mot. at 1, fn. 1. Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims. All the while, despite this onslaught, Strojnik claims that granting a motion to dismiss would essentially diminish trust in the judiciary. Opp'n at 2. Strojnik has even moved to sanction SCG American for making a request for judicial notice. Objection to RJN, Docket No. 21, at 3.

In addition to the constant strain on the judicial system, there have been multiple occasions where Strojnik has ignored requests from the courts. See, e.g., Strojnik v. Griffin, No. 1:18-cv-01619-LJO-SAB, 2019 U.S. Dist. LEXIS 40825, at *2 (E.D. Cal. Mar. 13, 2019) ("it is apparent that [Strojnik] has made insufficient efforts to comply with the order [to show cause]"); Strojnik v. Fresno Hotel Holdings, LLC, No. 1:19-cv-01195, 2020 U.S. Dist. LEXIS 40548, at *2 (E.D. Cal. Mar. 9. 2020) (Strojnik failed to obey a court order and failed to appear at a telephonic status conference); Strojnik v. Griffin, No. 1:18-cv-01619-LJO-SAB, 2019 U.S. Dist. LEXIS 156174, at *3 (E.D. Cal. Sep. 11, 2019) (Strojnik failed to file a motion for default judgment as ordered, then did not respond to a resulting order to show cause); Strojnik v. Evans Hotels, LLC, No. 3:19-cv-000650-BAS-AHG, 2020 U.S. Dist. LEXIS 35550, at *5 (S.D. Cal. Mar. 2, 2020) ("[Strojnik]'s communications with the Court indicate a complete disregard for the expectation that a litigant should make a diligent effort to appear for hearing dates at all.").

In sum, Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders. These findings support SCG American's motion for a pre-filing restriction.

4.  Narrow Tailoring of Pre-Filing Restrictions

Out of due concern for the litigant's rights to access the courts, pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." Molski, 500 F.3d at 1061. SCG American suggests that Strojnik be required to "obtain leave of court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1560 JVS (JDE) | Date | April 19, 2020 |
|---|---|---|---|
| Title | Peter Strojnik v. SCG America Construction Inc. | | |

before filing any other future claims under the Americans with Disabilities Act in any California Court." Mot. at 24. The Court agrees with the substance of SCG American's suggestion, but limits this pre-filing order to this District. The Court is satisfied that the proposed order as modified below will not deny Strojnik access to the courts, including for any legitimate ADA claim, and it adds a valuable layer of protection for the Court and potential future ADA defendants of Strojnik.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss. Strojnik's FAC is **DISMISSED without prejudice**. Stroknik has 30 days to file an amended complaint. Further, Strojnik is enjoined from filing any civil action alleging a cause of action for a violation of the Americans with Disabilities Act within the United States District Court for the Central District of California, without first obtaining certification from the Chief Judge of the District Court that his claims are not frivolous or asserted for an improper purpose.

**IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |