Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | Case No: 8:19-cv-01560-JVS-JDE |
| PETER STROJNIK, | **SECOND AMENDED COMPLAINT** |
| Plaintiff, | 1. **Americans with Disabilities Act** |
| vs. | 2. **Discrimination in Public Accommodations (State Law)** |
| SCG AMERICA CONSTRUCTION INC. DBA HYATT REGENCY ORANGE COUNTY | 3. **Negligence** |
| | **JURY TRIAL REQUESTED** |
| Defendant. | |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is disabled as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 by virtue of (i) prostate cancer and genitourinary impairment, (ii) renal cancer, (iii) severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, (iv) degenerative right knee (replaced with a prosthesis), (v) degenerative shoulders and

limitation on the use of both shoulders, and attendant impairment of elbows and wrists to reach and twist, and (vi) pleurisy. Plaintiff has been declared as disabled by the Arizona Department of Transportation pursuant to doctor's report of disability.

4. Plaintiff is disabled as defined in 28 C.F.R. 36.105(a)(1)(i), (ii) and (iii).

5. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

6. The following graph indicates the relationship between Plaintiff's ADA disabilities and their relationship to major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | X | X | X | Major Bodily Function (normal cell growth, genitourinary, bladder, reproductive) | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | X | X | X | Major Bodily Function (normal cell growth) | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | X | X | X | Walking, standing, sitting, bending, sleeping, working, | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |

| | | | | | |
|---|---|---|---|---|---|
| Degenerative Right Knee | X | X | X | Walking, standing, sitting, bending, sleeping, working | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(d)(2)((iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists To Reach And Twist | X | X | X | Performing manual tasks, sleeping, reaching, lifting, writing, working, grasping, twisting wrist | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(e)(1)(2)<br>(f)(1) |
| Pleurisy | X | X | X | Performing manual t asks, sleeping, walking, reaching, lifting, writing, working | (c)(1)(i)<br>(d)(1)(iv)<br>(d))1)(v)<br>(d))1)(vi)<br>(d)(2)((iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| As Described in Dr. Lee's 8/1/18 Report | X | X | X | | (c)(1)(i)<br>(e)(1)(2)<br>(f)(1) |

7. Plaintiff has been declared disabled by the Arizona Department of Transportation which entitles him to preferential parking and passenger loading / drop of zone areas.

8. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 11999 Harbor Blvd., Garden Grove, CA 92840 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.



**JURISDICTION**

9. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

3

10. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

11. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

13. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

14. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

    a. Plaintiff is retired and spends his retirement years traveling for recreation, pleasure and ADA testing.

    b. Plaintiff has travelled and lodged in California over 200± times.

    c. Just since January 23, 2019, Plaintiff travelled to California and lodged and/or visited there as follows and particularly the greater Los Angeles area as follows:

        i. 2019-01-23 – San Diego
        ii. 2019-02-16-17 – Solvang
        **iii. 2019-03-14-17 – Anaheim**
        iv. 2019-04-05 – Santa Barbara
        v. 2019-04-06 – Santa Clara
        vi. 2019-04-07 – Carmel
        vii. 2019-04-16 – Healdsburg
        viii. 2019-04-17 – Calistoga
        ix. 2019-04-18 – Napa
        x. 2019-05-20 – La Jolla
        xi. 2019-05-21 – San Diego
        xii. 2019-05-22 – Sorento Valley
        xiii. 2019-06-05 – Bakersfield
        xiv. 2019-06-06 – Redding
        xv. 2019-06-07 – Sacramento
        xvi. 2019-06-07 – Fresno and Visalia
        xvii. 2019-07-25 – Coronado
        xviii. 2019-11-22 – Ventura

xix. 2019-11-23 – Burlingame
xx. 2019-11-24 – Napa
**xxi. 2019-11-25 – Beverly Hills**
xxii. 2019-12-10 - San Diego
xxiii. 2020-02-24 – San Diego
xxiv. 2020-02-09 – Paso Robles
xxv. 2020-02-10 – Palo Alto
xxvi. 2020-02-11 – Pasadena
xxvii. 2020-02-20 – San Diego

d. Further, Plaintiff has travelled numerous times to the San Francisco Area and the California Wine Country which requires an overnight stop in the greater Los Angeles area when traveling via I-10 to I-210 to I-5 and I-80.

e. When traveling to the greater Los Angeles area, Plaintiff is required to lodge there because the distance of returning to Plaintiff's home is approximately 350 miles which evokes the likelihood of lodging there.

f. In addition to traveling to the greater Los Angeles area as indicated above, Plaintiff has travelled from Phoenix to the greater Los Angeles area numerous times and lodged there estimated 30-40 times.

g. Plaintiff likes to stay in the Garden Grove because its vicinity to Anaheim and Disneyland.

h. Plaintiff intends to visit the greater Los Angeles area on or about the weekend of April 4, 2020 on his way to Bakersfield and the wine country. To the extent Plaintiff is assured that the Hotel is compliant with 28 C.F.R. 36 and the 2010 Standards for Accessibility Design, he will lodge at the Hotel.

15. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**COUNT ONE**
**Violation of Plaintiff's Civil Rights under the ADA**

16. Plaintiff realleges all allegations heretofore set forth.

17. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

18. Plaintiff intended to visit the Disneyland area on March 14-15, 2019 and therefore reviewed hotel booking websites for disclosures mandated by 28 C.F.R. 36.302(e).

19. Plaintiff lodged in Anaheim on or about March 14-15, 2019 at Defendant's competitor's lodging. Defendant's competitor's hotel was replete with accessibility barriers and, therefore, Plaintiff visited Defendant's hotel to determine if it would be suitable for future lodging.

20. Plaintiff learned that not only did Defendant's hotel violate booking websites disclosures pursuant to 28 C.F.R. 36.302(e), but it was also replete with accessibility barriers all of which Plaintiff documented with website screenshots and documentary photographs as follows:



**3RD PARTY BOOKING WEBSITE – GENERAL ACCESSIBILITY INFORMATION**

**HOTELS.COM**

About Hyatt Regency Orange County, Garden Grove

Location.
The contemporary Hyatt Regency Orange County is conveniently located within 1 mile of the Anaheim Convention Center and Crystal Cathedral. Shuttle service (surcharge) is available to and from Disneyland® Park, which is only 1.4 miles from the hotel. Sports fans are within a 2 mile radius of Honda Center and Angel Stadium, and John Wayne Orange County Airport lies 12 miles away.

Hotel Features.
This property's bold design is evidenced in its towering, 17-story atrium lobby. The hotel features an onsite Starbucks and 24-hour business center. The hotel's restaurant, TusCA, featuring Italian/Californian cuisine, welcomes kids to eat free for dinner with a paying adult. Recreational options include 2 outdoor, heated pools, a tennis court, basketball court, and a complimentary, 24-hour fitness center.

High-speed WiFi is available throughout the hotel (surcharge). The hotel offers valet parking and onsite parking (surcharge). A TV in the lobby is available. This hotel is pet friendly (surcharges and restrictions apply).

Guestrooms.
The Hyatt Regency Orange County offers 656 guestrooms with either a king or 2 queen Hyatt Grand Beds, with pillowtop mattresses and premium bedding. Oversized work desks, 2 multi-line telephones and iHome™ stereo with iPod™ docking stations are provided, along with WiFi (surcharge). Newly renovated suites include LCD HDTVs with ESPN, sofa beds, microwaves, and refrigerators.

Key facts
Hotel size
- This hotel has 656 rooms
- This hotel is arranged over 17 floors

Arriving/leaving
- 92% of customers were happy with check-in
- Check-in time starts at 4 PM
- Check-out time is 11 AM
- Express check-in/out
- See more

Required at check-in
- Credit card or cash deposit required
- Government-issued photo ID required

6

| In the hotel | |
|---|---|
| Food and drink | Full breakfast daily (surcharge) \| 2 restaurants \| Bar/lounge \| Coffee shop/café \| Snack bar/deli \| Room service (during limited hours) |
| Things to do | Number of outdoor pools - 2 \| Health club \| Tennis on site \| Basketball on site \| Golf lessons available nearby \| Golfing nearby \| Hiking/biking trails nearby \| Kayaking nearby \| Surfing/boogie boarding nearby \| Arcade/game room |
| Working away | 24-hour business center \| Conference space \| Meeting rooms \| Conference space size (feet) - 65,000 \| Conference space size (meters) - 6 |
| Services | 24-hour front desk \| Concierge services \| Tours/ticket assistance \| Dry cleaning/laundry service \| Luggage storage \| Wedding services \| Multilingual staff \| Porter/bellhop |
| Facilities | Year Built 1986 \| Elevator/lift \| ATM/banking \| Safe-deposit box at front desk \| Television in common areas |
| Accessibility | Accessible bathroom \| In-room accessibility \| Roll-in shower |

| In the room | |
|---|---|
| Home comforts | In-room climate control (air conditioning) \| Air conditioning \| Coffee/tea maker \| Iron/ironing board |
| Sleep well | Hypo-allergenic bedding available \| Down comforter \| Blackout drapes/curtains \| Turndown service \| Premium bedding \| Pillowtop mattress |
| Freshen up | Private bathroom \| Shower/tub combination \| Designer toiletries \| Hair dryer |
| Be entertained | TV \| Premium TV channels \| iPod docking station |
| Stay connected | Desk \| Free WiFi \| Phone |
| More | In-room safe (laptop compatible) \| Connecting/adjoining rooms available |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

### 3ᴿᴰ PARTY BOOKING WEBSITE – ROOM DESCRIPTIONS



**Room, 1 King Bed**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Crib
- Rollaway bed

More Info: 866-539-8122



**Room, 2 Queen Beds**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 2 Queen Beds

**Extra beds available**
- Crib
- Rollaway bed

More Info: 866-539-8122



**Room, 1 King Bed, Accessible, Bathtub**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Crib
- Rollaway bed

More Info: 866-539-8122



**Suite, 1 Bedroom (King)**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Crib
- Rollaway bed
- Sofa bed

More Info: 866-539-8122



**Suite, 1 Bedroom (2 Grand Queen Beds)**

**Sleeps 6 people** (including up to 5 children)

**Bed choices**
- 2 Queen Beds

**Extra beds available**
- Crib
- Rollaway bed
- Sofa bed

More Info: 866-539-8122



**Suite (Kids Suite)**

**Sleeps 5 people** (including up to 4 children)

**Bed choices**
- 1 King Bed and 1 Twin Bunk Bed

**Extra beds available**
- Crib
- Rollaway bed

More Info: 866-539-8122



**Executive Room, 1 King Bed with Sofa bed**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 1 King Bed and 1 Double Sofa Bed

**Extra beds available**
- Crib
- Rollaway bed
- Sofa bed

More Info: 866-539-8122



**Suite, 2 Bedrooms (2 King Beds)**

**Sleeps 6 people** (including up to 5 children)

**Bed choices**
- 2 King Beds

**Extra beds available**
- Crib
- Rollaway bed
- Sofa bed

More Info: 866-539-8122



**Suite, 2 Bedrooms (1 King Bed and 2 Queen Beds)**

**Sleeps 8 people** (including up to 7 children)

**Bed choices**
- 1 King Bed and 2 Queen Beds

**Extra beds available**
- Crib
- Rollaway bed
- Sofa bed

More Info: 866-539-8122




**Family Suite (VIP)**

**Sleeps 8 people** (including up to 7 children)

**Bed choices**
- 1 King Bed and 1 Twin Bunk Bed

**Extra beds available**
- Crib
- Rollaway bed
- Sofa bed

More Info: 866-539-8122

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Inadequate dispersion of accessible rooms among various categories of rooms.

| |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |

**1ST PARTY BOOKING WEBSITE - GENERAL ACCESSIBILITY INFORMATION**

https://www.hyatt.com/en-US/hotel/california/hyatt-regency-orange-county/alica

HOTEL ACCESSIBILITY FEATURES

We are committed to providing equal access and opportunity for individuals with disabilities. The features also make our hotels more accessible for older individuals with changing abilities to ensure a seamless experience. Our overall goal is to improve usability throughout the hotel for all guests.

Accessible Hotel Areas with Accessible Routes from Accessible Public Entrance

Registration desk

Public Entrance

Swimming pool

Guestroom(s)

| |
|---|
| **Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |

**1ST PARTY BOOKING WEBSITE –ROOM DESCRIPTIONS**



### King Room

Unwind in this 325 sq ft guestroom featuring one king Hyatt Grand Bed®, 65" flat screen TV, oversized desk, and just minutes from Disneyland.

AMENITIES ⌃

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### Queen Room

Relax in this 325 sq ft guestroom featuring two queen Hyatt Grand Beds®, 65" flat screen TV, oversized desk, and minutes from Disneyland.

AMENITIES ⌃

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### ADA King Tub

Recharge in this 348 sq ft ADA compliant room featuring one king bed, and accessible bathroom with tub, grab bars and extra wide doors.

AMENITIES ⌃

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe
- ADA features: Strobe-light fire alarm & smoke detector, closed-caption TV, grab bars, wide doors, cordless phone, lowered features and raised toilet



### ADA Queen Tub

Sleep well in this 348 sq ft ADA compliant room featuring two queen beds, and accessible bathroom with tub, grab bars and extra wide doors.

AMENITIES ⌃

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe
- ADA features: Strobe-light fire alarm & smoke detector, closed-caption TV, grab bars, wide doors, cordless phone, lowered features and raised toilet



### ADA Queen Shower

Recharge in this 348 sq ft ADA compliant room featuring two queen beds, and accessible bathroom with roll-in shower, grab bars and extra wide doors.

AMENITIES ⌃

- 65" flat screen TV with Pay Per View movies
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe
- ADA features: Strobe-light fire alarm & smoke detector, closed-caption TV, grab bars, wide doors, cordless phone, lowered features and raised toilet



### 1 Bedroom King Suite

Feel at home in this 400 sq ft suite featuring one king bedroom, microwave, refrigerator, and separate living area with oversized desk and sleeper sofa. This is a standard suite. See World of Hyatt program terms for upgrade eligibility.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### 1 Bedroom Queen Suite

Feel at home in this 400 sq ft suite featuring two queen beds in master, microwave, refrigerator and separate living area with oversized desk and sleeper sofa. This is a standard suite.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### 2 Bedroom King Suite

Settle in to this 700 sq ft two-bedroom, two-bath suite with two king beds, microwave, refrigerator, and separate living area with oversized desk & sleeper sofa. This is a premium suite.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### 2 Bedroom Queen Suite

Settle in to this 700 sq ft two-bedroom, two-bath suite with one king and two queen beds, microwave, refrigerator, and separate living area with sleeper sofa. This is a premium suite. See World of Hyatt program terms for upgrade eligibility.

AMENITIES ∧

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### Kid's Suite

Perfect for families, this 375 sq ft suite is fitted with bunk beds for kids, private adjoining room with one king bed for adults, microwave and refrigerator. This is a standard suite. See World of Hyatt program terms for upgrade eligibility.

AMENITIES ∧

- Private adjoining room
- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### VIP Family Suite

Stretch out in this 700 sq ft two-bedroom, two-bath suite with one king bed in the master, bunk beds in the 2nd room, and separate living area with sleeper sofa. This is a premium suite. See World of Hyatt program terms for upgrade eligibility.

AMENITIES ∧

- 65" flat screen TVs with Pay Per View movies
- Microwave & refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



### VIP Suite

Recharge in this 676 sq ft room featuring one king bed, spacious living area, mini refrigerator, wet bar and large dining/conference table. Two bedroom option available upon request but sold as a one bedroom king. This is a premium suite.

AMENITIES ∧

- 65" flat screen TVs with Pay Per View movies
- Mini refrigerator
- Oversized workstations
- KenetMD(tm) bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe





## 1 Bedroom Hospitality Suite

Relax in this 696 sq ft room featuring one king bed, spacious living area, mini refrigerator and a large dining/conference table. This is a premium suite.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Mini-refrigerator
- Microwave
- Oversized workstation
- KenetMD(tm) bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe

## Executive King Suite

Stretch out in this 676 sq ft room featuring with one king bed, spacious living area with sofa bed, mini-refrigerator, wet bar and large dining/conference table. This is a premium suite.

AMENITIES ⌃

- 65" flat screen TVs with Pay Per View movies
- Mini-refrigerator
- Sleeper sofa
- Oversized workstations
- KenetMD™ bath amenities
- Iron and ironing board
- Hair dryer
- Coffeemaker
- In-room safe



## Presidential Suite

Spread out in our 928-square-foot suite featuring one king bed, a spacious living area, and a wet bar. This is a premium suite.

AMENITIES ⌃

- 65" flat-screen TVs with Pay Per View movies
- KenetMD bath amenities
- Hair dryer
- Coffeemaker
- Minifridge
- Microwave
- Iron and ironing board
- In-room safe

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. Inadequate dispersion of accessible rooms among various categories or rooms – no accessible suites.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms

in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

**PERSONAL BARRIER ECOUNTERS**



**Identification of Specific Barrier in Plain Language:** No marked passenger drop off zone.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



| **Identification of Specific Barrier in Plain Language:** Accessible parking not closest to entrance. |
|---|
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |



**Identification of Specific Barrier in Plain Language:** Inaccessible valet counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible concierge counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible check in counters.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible seating in lobby.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.





**Identification of Specific Barrier in Plain Language:** Inaccessible lobby bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible lobby bar seating..

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible seating in Citrus Grove Deli.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible counter in Citrus Grove Deli.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible isles and items in gift shop.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

21. With respect to violations of 28 C.F.R. 36.302(e)(1)(ii), Plaintiff further alleges:

a. Plaintiff is disabled as described in Table 1 above which disabilities substantially limit the following major life activities: Performing manual asks, sleeping, reaching, lifting, writing, working, grasping, twisting wrist. *See* 28. C.F.R. 36.105(a)(1)(i) and 28 CFR 36.105(d)(1)(v).

b. Plaintiff further alleges to be substantially limiting, an impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity. The term "substantially limits" must be interpreted and applied to require a degree of functional limitation that is lower than the standard for substantially limits applied prior to the 2008 ADA Amendments Act. 28 CFR 36.105(d)(1)(v).

c. Plaintiff further alleges that ameliorative effects of mitigating measures cannot be considered; the effect of impairment must be considered in its unmitigated state[1].

d. Plaintiff's disabilities, as disclosed in Table 1 above, in mitigated, unmitigated, episodic, remissive or active state, require Defendant's booking website to "identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet his accessibility needs" description of the following accessibility elements relating to referenced substantial limitations:

(i) Operable parts [205[2], 309, 404,] such as doors, door opening and closing hardware, AC controls.

(ii) Knee and toe clearances [306] at counters, bars etc..

(iii)    Reach ranges [308] in sales stores.

(iv)    Accessible routes [402].

(v) Walking surfaces [403] on accessible routes.

---

[1] 28 CFR 36.105(d)(1)(viii); *Rohr v. Salt River Project Agricultural Improvement and Power District,* 555 F.3d 850, (9th Cir. 02/13/2009) (Impairments are to be evaluated in their unmitigated state.) *Accord J.D. v. Colonial Williamsburg Foundation,* 18-1725 (4th Cir. 2019) (citing to *Rohr*).

[2] Bracketed numbers refer to Standards for Accessibility Design.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505].

(vii)    Toilet and Bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines. clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612].

(viii)  Transient lodging guest rooms [806].

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904].

(x) Swimming pools and saunas [1009].

e.  With respect to third party booking websites, the information whether Defendant made available the information referenced in preceding paragraph to such third party booking website is strictly within the knowledge of Defendant. On information and belief based on third party booking website's failure to disclose such information, Plaintiff alleges, on information and belief, that such information was not provided to third party booking website by Defendant.

22. With respect to the allegations of physical accessibility barriers personally experienced by Plaintiff, Plaintiff enhances the above allegations as follows:

a.  Plaintiff has been denied full and equal enjoyment of Defendant's hotel on account of his particular disabilities stated in Table 1. These disabilities substantially limit Plaintiff's following major life activities: Performing manual tasks, sleeping, reaching, lifting, writing, working, grasping, twisting wrist. *See* 28. C.F.R. 36.105(a)(1)(i) and 28 CFR 36.105(d)(1)(v).

b.  Plaintiff further alleges to be substantially limiting,  an impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity. The term "substantially limits" must be interpreted and applied to require a degree of functional limitation that is lower than the standard for

substantially limits applied prior to the 2008 ADA Amendments Act 28 CFR 36.105(d)(1)(v).

c. Plaintiff further alleges that ameliorative effects of mitigating measures cannot be considered; the effect of impairment must be considered in its unmitigated state. *See* footnote 2.

d. Plaintiff further alleges that Episodic or Remissive impairment is a disability if it would substantially limit a major life activity when active. 28 CFR 36.105(d)((1)(iv).

e. Plaintiff's disabilities, as disclosed in Table 1 above, in mitigated, unmitigated, episodic, remissive or active state, substantially limited Plaintiff's access to the personally experienced barriers in the following manner:

(i) No marked passenger loading zone (photo 1) [209] substantially limits Plaintiff from the use of exclusive passenger loading zone.

(ii) Accessible parking not closest to accessible entry to the hotel (photo 2) [208.3] substantially limits Plaintiff from accessing the hotel from the shortest accessible route.

(iii) Inaccessible valet counter (photo 3) [305, 308, 904] substantially limits Plaintiff from accessing the counter.

(iv) Inaccessible concierge counter (photo 4) [305, 308, 904] substantially limits Plaintiff from accessing the counter.

(v) Inaccessible check in counter (photo 5) [305, 308, 904] substantially limits Plaintiff from accessing the counter.

(vi) Inaccessible seating in lobby (photo 6) [902] substantially limit Plaintiff from the use of the seat and working surface.

(vii) Inaccessible lobby bar (2 photos 7) [305, 308, 904] substantially limits Plaintiff from accessing the counter.

(viii) Inaccessible lobby seating (photo 8) [902] substantially limit Plaintiff from seating in the lobby area.

(ix)  Inaccessible seating in Citrus Grove Deli (Photo 9) [902] substantially limit Plaintiff from seating in the Citrus Deli.

(x) Inaccessible counter in Citrus Deli (photo 10) [305, 308, 904] substantially limits Plaintiff from accessing the counter.

(xi)  Inaccessible isles and items in gift shop (photo 11) [206, 308, 402] substantially limits Plaintiff from accessing the items in the gift shop.

23. The ADA and Unruh accessibility violations described in the preceding paragraph relate to Plaintiff's disabilities and interfere with Plaintiff's full and complete enjoyment of the Hotel; for the details of the relation between Plaintiff's disabilities and ADAAG violations, Plaintiff incorporates the table in ¶6 above.

24. The removal of accessibility barriers listed above is readily achievable.

25. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A.  Relief described in 42 U.S.C. §2000a – 3; and

B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C.  Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D.  Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E.  Equitable nominal damages; and

F.  For costs, expenses and attorney's fees; and

G.  All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## <u>COUNT TWO</u>
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

26. Plaintiff realleges all allegations heretofore set forth.

27. Plaintiff incorporates the reasoning of the Honorable Joseph C. Spero, Chief Magistrate Judge (N.D. Cal. 3:19-cv-00672-JCS at Dkt. 20) Appended hereto as Exhibit 1.

28. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

29. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

30. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

31. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

32. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e.  For damages in an amount no less than $4,000.00 per encounter with barrier; and

f.  For treble damages pursuant to Cal Civ. Code. §3345.

g.  The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

33. Plaintiff realleges all allegations heretofore set forth.

34. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

35. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

36. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

37. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

38. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the

requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
### Negligence

39. Plaintiff realleges all allegations heretofore set forth.

40. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

41. Defendant breached this duty.

42. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff damage.

43. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

44. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

45. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

      A.  For finding of negligence; and

      B.  For damages in an amount to be proven at trial; and

      C.  For punitive damages to be proven at trial; and

      D.  For such other and further relief as the Court may deem just and proper.

<b>REQUEST FOR TRIAL BY JURY</b>

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 20th day of April 2020.

**PETER STROJNIK**

_____

Plaintiff

ECF filed this 20th day of April, 2020.

/s/