Peter Strojnik (Sr.),
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case No: 8:19-cv-01560-JVS-JDE

PETER STROJNIK,

                              Plaintiff,

vs.

SCG AMERICA CONSTRUCTION INC.
DBA HYATT REGENCY ORANGE
COUNTY

                              Defendant.

**PLAINTIFF'S REQUEST TO COURT TO SUPPLEMENT THE ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT BY SUPPORTING ITS SUBSTANTIVE FINDINGS AS TO THE FRIVOLOUSNESS OR HARASSING NATURE OF THE PLAINTIFF'S FILINGS FOR THE PURPOSES OF REVIEW**

## INTRODUCTION

Because the right to access the courts implicates due process and First Amendment rights, courts have been exceedingly reluctant to restrict such access. The 9th Circuit Court of Appeals has noted that because a pre-filing order "restricts an individual's access to the court system, it is an extraordinary remedy that should be narrowly tailored and rarely used." *Moy v. United States,* 906 F.2d 467, 470 (9th Cir. 1990). This pre-clearance requirement is in itself a serious imposition on the right to access the courts: "Among all other citizens, he is to be restricted in his right of access to the courts. As far as he is concerned, his future filings run the risk of delay and even possible rejection before he can call upon defendants to respond to those filings. ... We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future." *Id.*

Because it interferes with the basic right of court access, "[a]n injunction cannot issue merely upon a showing of litigiousness." *Id.* Rather, "[t]he plaintiff's claims must not only be numerous, but also be *patently without merit.*" *Id.*(emphasis added). *In re Oliver,* 682 F.2d 443, 446 (3d Cir. 1982) ("Oliver's litigiousness alone would not support an injunction restricting his filing activities.... [L]egitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be.").

In *Molski v. Evergreen Dynasty Corp.,* 521 F.3d 1215 (9th Cir., 2008), the 9th Circuit Court of Appeals noted:

> The First Amendment right to "petition the Government for a redress of grievances" — which includes the filing of lawsuits — is "one of `the most precious of the liberties safeguarded by the Bill of Rights.'" *BE & K Constr. Co. v. NLRB,* 536 U.S. 516, 524, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (quoting *United Mine Workers v. Illinois Bar Assn.,* 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967)). Consequently, a determination that a litigant has repeatedly filed frivolous and harassing lawsuits itself implicates his First Amendment interest in access to the courts. Indeed, where an individual's use of the courts is declared abusive or baseless, "the threat of reputational harm[,] ... different and additional to any burden posed by other penalties," is alone sufficient to trigger First Amendment concerns. *See id.* at 530, 122 S.Ct. 2390.

> Because the right to access the courts implicates due process and First Amendment rights, courts have been exceedingly reluctant to restrict such access. We have noted that because a pre-filing order "restricts an individual's access to the court system, it is an extraordinary remedy that should be narrowly tailored and rarely used." *Moy v. United States,* 906 F.2d 467, 470 (9th Cir. 1990). This is so even though litigants and lawyers covered by a pre-filing order are not entirely enjoined from filing suits covered by the order, but must obtain the court's approval first. This pre-clearance requirement is in itself a serious imposition on the right to access the courts: "Among all other citizens, he is to be restricted in his right of access to the courts. As far as he is concerned, his future filings run the risk of delay and even possible rejection before he can call upon defendants to respond to those filings. ... We cannot predict what harm might come to him as a result, and he should not be forced to predict it either. What he does know is that a Sword of Damocles hangs over his hopes for federal access for the foreseeable future." *Id.*

> Because it interferes with the basic right of court access, "[a]n injunction cannot issue merely upon a showing of litigiousness." *Id.* Rather, "[t]he plaintiff's claims must not only be numerous, but also be *patently without*

merit." *Id.*(emphasis added). Other circuits have similarly emphasized the extreme caution to be used in imposing such orders. *See, e.g., In re Powell,* 851 F.2d 427, 434 (D.C.Cir. 1988) ("[M]ere litigiousness alone does not support the issuance of an injunction. Both the number and content of the filings bear on a determination of frivolousness or harassment." (citation and footnote omitted)); *In re Oliver,* 682 F.2d 443, 446 (3d Cir. 1982) ("Oliver's litigiousness alone would not support an injunction restricting his filing activities.... [L]egitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be.").

From *Goolsby v. Gonzales*, 1:11-cv-00394-LJO-GSA-PC (E.D. Cal.) at [37] (Adopted by the Court in [44].

## COURT'S STATED BASES FOR DECLARING STROJNIK A VEXATIOUS LITIGANT [25]

This Court's reasons for declaring Strojnik a vexatious litigant are summarized as follows with Strojnik's comment following each when appropriate:

**1. The Court has taken judicial notice of the search results in PACER showing Strojnik's 148 ADA cases provided by SCG America.**

**2. Strojnik's filing of disability discrimination cases is well known.**

**3. "Countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims".**

However, the Court does not list even one of these "countless courts".

**4. ADA violating public accommodations and not disabled individuals are the true "victims".**

This finding is proof that in the 30 yeas since the passage of the ADA, public accommodations have been amazingly successful in portraying themselves as victims to all segments of society, from the media to the general polity, from attorneys general to state legislators, from news editors to lawyer associations and district courts. *See, e.g., Gilkerson v. Chasewood Bank*, 1 F.Supp .3d 570, 596-97 (S.D. Tex., 2014) ("a number of courts addressing Title III cases have been skeptical, and even hostile" to ADA Plaintiffs). This finding is evocative, however, of Judge Holland's stout rebuke of such reversal between ADA segregationists and

3

sufferers. In *Brooke v. Airport Hotel, LLC* 2:15-cv-1149-HRH (D. Ariz., 2015) where, in soundly denying a motion to dismiss, he noted:

> By way of introduction to its motion to dismiss, defendant points out that plaintiff has filed multiple, "generic" lawsuits. Defendant alleges that plaintiff is "targeting" "mom-and-pop" businesses that cannot afford to defend claims such as that brought here.

> Plaintiff is the potential victim here, not the defendant. The fact that plaintiff has filed multiple suits (in excess of 50 at last count) is not relevant to the instant motion. "For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007).

**5. Strojnik's filings have caused a "constant strain on the judicial system".**

Yet the Court, knowing that Strojnik is an ADA Tester, fails to acknowledge that "…under the ADA, private enforcement suits are the primary method of obtaining compliance with the Act." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011)

**6. Strojnik made "insufficient efforts to comply with the order [to show cause]" in the *Griffin* case.**

The Court, having reviewed the *Griffin* case, fails to acknowledge that Strojnik never received the Order to Show Cause in that case, *see Dkt. at 14* (MAIL RETURNED as Undeliverable, Attempted Not Known: 23 Order to Show Cause, sent to Peter Strojnik Sr. (Flores, E) (Entered: 09/23/2019).

In the Griffin case, contrary to the suggestion that Strojnik failed to comply with court orders, the Court actually sanctioned *Griffin*, not Strojnik. *See* [20] and [21] striking Griffin's Answer and entering default for "Defendants Anita Griffin and Greg Griffin's answer to the complaint, filed January 4, 2019, is STRICKEN FROM THE RECORD as a sanction for their failure to comply with orders of the Court".

**7. Strojnik missed a telephonic status conference in the *Fresno Hotel Holdings* matter.**

The court, having reviewed the *Fresno Hotel Holdings* case, does not acknowledge that the OSC [17] in the *Fresno Hotel Holdings* matter was discharged at [19] ("Accordingly, the Court DISCHARGES the Order to Show Cause and no sanctions shall be imposed.")

**8. Strojnik displayed insufficient efforts to comply with the court order in *Griffin*.**

This is a repetition of item 6 above. Strojnik never received the OSC as confirmed in the Docket at [24].

**9. Citing to *Evans* case, the Court states that Strojnik's "communications with the Court indicate a complete disregard for the expectation that a litigant should make diligent effort to appear at hearing dates at all".**

The Court, having reviewed the *Evans* case, does not acknowledge that this was in response to Plaintiff's timely request for a continuance based on Strojnik's prior paid for cruise vacation. The Court denied the motion to continue when the Court knew that Strojnik was already travelling. *See* Dkt. 99 explaining that Plaintiff was unable to attend the hearing because he is unable to teleport from the middle of the [Atlantic] ocean to San Diego.) *Evans* at [99], Exhibit 1.

**10. The Court indicates that Strojnik files ADA civil rights actions in "what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits".**

The Court does not mention, however, that under its own local rules, "[t]he parties shall exhaust all possibilities of settlement". L.R.16-2.9. Nor does the Court mention the policy of this district stated in L.R. 16-15:

> **L.R. 16-15 Policy Re Settlement & ADR.** It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties. The Court favors any reasonable means to accomplish this goal. Nothing in this rule shall be construed to the contrary. The parties are urged first to discuss and to attempt to reach settlement among themselves without resort to these procedures. It is also the policy of the Court that unless an Alternative Dispute Resolution (ADR) Procedure is selected by the parties, the judge assigned to preside over the civil case (the trial judge) may participate in facilitating settlement.

**11.** **Lastly, the Court indicates that "countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes".**

The Court does not list any of these "countless courts", nor does the Court recognize that Strojnik is an ADA Tester and that each of the 148 cases reviewed by the Court he (1) alleges ADA violations at a distinct and separate location (2) encountered by Strojnik at a distinct and separate time (3) documents the violations with distinct and separate photographic evidence evidencing (4) distinct and separate ADAAG violations. The fact that Strojnik alleges ADA, Unruh, DPA and negligence claims is inherent in ADA civil rights litigation. Strojnik is not a car injury plaintiff; he is an ADA plaintiff.

In sum, upon review of 148 cases showing that (1) Strojnik failed to comply with an unreceived Order to Show cause in *Griffin,* (2) the Court's discharge of the Order to Show Cause in *Fresno Holdings, LLC.*, (3) Strojnik's inability to attend an ENE conference in *Evans* based on physical impossibility, and the district court's own policy favoring settlement, the Court concludes:

> Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders. These findings support SCG American's motion for a pre-filing restriction.

The Court's conclusion is not supported by reference to even one of 148 reviewed cases where the Court found the filing "frivolous", "harassing" or "patently without merit". Therefore, pursuant to *De Long*, the Order needs to be supplemented.

**COURT'S ORDER [25] LACKS ADEQUATE RECORD FOR REVIEW**

On p. 11 of its Order, the Court states:

2. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude a vexatious litigant order was needed." De Long, 912 F.2d at 1147. The Court has taken judicial notice of the search results in PACER showing Strojnik's 148 ADA cases provided by SCG American. There is an adequate record for review here.

While a review of 148 case is certainly "adequate", the review must, as stated in [25], "include a listing of all cases and motions that led the district court to conclude that a vexatious litigant motion [is] needed". This, in turn, requires the Court to list the *frivolous[1], harassing* or *meritless[2]* cases, not cases where Strojnik did not respond to an Order to Show cause because he never received it, *Griffin*, or where an OSC was discharged, *Fresno Holdings, LLC.*, or where the continuance of a court appearance was timely requested for prior paid for travel arrangements and artfully denied at the time the Court was aware that Plaintiff would be thousands of miles away, *Evans.* Strojnik is aware of no precedent that the events in *Griffin*, *Fresno Holdings*, or *Evans* are even relevant to a vexatious litigant order.

---

[1] "To decide whether the litigant's [prior] actions are frivolous or harassing, " under the third factor from *De Long*, "the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims. … An injunction cannot issue merely upon a showing of litigiousness. A plaintiff's claims must not only be numerous, but also be patently without merit." *Molski*, 500 F.3d at 1059 (citation and quotation marks omitted). " Frivolous litigation is not limited to cases in which a legal claim is entirely without merit. It is also frivolous for a claimant who has some measure of a legitimate claim to … assert[] facts that are grossly exaggerated or totally false." *Id.* at 1060-61. Claims might also be deemed vexatious if the plaintiff "repeatedly assert[s] the same claims in a slightly altered guise, " "use[s] the courts to block and hinder various business transactions of the defendants, " and/or uses "senseless and unduly burdensome" litigation tactics. *Safir*, 792 F.2d at 24.

[2] A dismissal for lack of jurisdiction is not on the merits since the Court never gets to the merits in such case. *See Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (holding that jurisdictional dismissal are not on the merits.)

But to evaluate the nature of Plaintiff's claims, "the district court needs to look at 'both the number and content of the filings as indicia' of the frivolousness of the litigant's claims." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). A plaintiff's claims must be both numerous and patently without merit to be deemed frivolous for the purpose of declaring the plaintiff a vexatious litigant. *Molski*, 500 F.3d at 1059.

Strojnik requests the Court's necessary enhancement of its Order.

### CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully requests that the Court:

A. Identify those cases in which the Court found that Strojnik's complaint was "frivolousness or harassing [in] nature" or "patently without merit" in a manner adopted by this Circuit. *See* Exhibit 2; and

B. Identify any other case that supports the Court's conclusion that Strojnik is a vexatious litigant.

RESPECTFULLY SUBMITTED this 22nd day of April 2020.

**PETER STROJNIK**

_____
Plaintiff

ECF filed this 22nd day of April, 2020.