BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
RICK A. WALTMAN (SBN: 306463)
655 West Broadway, Suite 1625
San Diego, CA 92101
Tel.: 619.219.5335
Email: twarren@buchalter.com
        rwaltman@buchalter.com

Attorneys for Defendant
SCG AMERICAN CONSTRUCTION INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., | Case No. 8:19-cv-01560-JVS-JDE |
| Plaintiff, | |
| VS. | **DEFENDANT SCG AMERICAN CONSTRUCTION INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF #27]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SCG AMERICAN CONSTRUCTION INC. DBA HYATT REGENCY ORANGE COUNTY, | |
| Defendant. | |

Hearing Date: August 3, 2020
Time:            1:30 p.m.
Judge:          Hon. James V. Selna

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**NOTICE IS HEREBY GIVEN** that, on August 3, 2020 at 1:30 p.m., or as soon thereafter as the motion may be heard by the Honorable James V. Selna in Courtroom 10C of the United States District Court for the Central District of California at 411 West 4th Street, Santa Ana, California 92701, Defendant SCG American Construction Inc. ("Defendant") will move to dismiss Plaintiff Peter Strojnik's ("Plaintiff") First Amended Complaint and to Declare Plaintiff a Vexatious Litigant.

This Motion is brought pursuant to the Court's April 20, 2020 order (Dkt. 25), Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), 12(c), 12(h)(3), and 28 U.S.C. §1651.  This motion is made on the grounds that the allegations in the Complaint fail to state a claim or establish subject matter jurisdiction under Article III.  This Motion is based upon the following Memorandum of Points and Authorities, the pleadings on file, and the accompanying Request for Judicial Notice and its exhibits on file, and any oral arguments allowed by the Court. A Proposed Order has also been lodged with the Court.

DATED:  May 4, 2020

BUCHALTER
A Professional Corporation


By:  */s/ Rick A. Waltman*
TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant
SCG AMERICAN CONSTRUCTION, INC.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

2

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

# TABLE OF CONTENTS

<u>Page</u>

I.  INTRODUCTION .................................................................................... 1

II.  BACKGROUND & FACTUAL ALLEGATIONS ................................. 2

III.  LEGAL STANDARDS ............................................................................ 3

IV.  STROJNIK STILL LACKS STANDING AND FAILS TO STATE A CLAIM UNDER THE ADA. ............................................................... 5

    A.  Strojnik Cannot Show An Injury In Fact or State A Claim. ......................... 5

    B.  Strojnik Fails to Allege Facts Showing a Threat of Repeated Injury ......... 11

    C.  Strojnik Fails to Allege Facts Showing He Is Deterred From Returning to Defendant's Hotel. .................................................. 14

V.  STROJNIK FAILS TO STATE A CLAIM UNDER THE ADA .......................... 16

VI.  STROJNIK'S STATE LAW CLAIMS MUST ALSO BE DISMISSED. .............. 16

VII.  STROJNIK'S NEGLIGENCE CLAIM SHOULD ALSO BE DISMISSED ........ 18

VIII.  THE COURT SHOULD DENY LEAVE TO AMEND ......................................... 18

IX.  CONCLUSION ................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angelucci v. Century Supper Club*,
  41 Cal.4th 160 (2007) ................................................................................. 16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................... 4, 6

*Barnes v. Marriott Hotel Servs., Inc.*,
  No. 15-cv-014090-HRL, 2017 U.S. Dist. LEXIS 22588 (N.D. Cal. Feb.
  16, 2017) ................................................................................................... 7, 15

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 4

*Brooke v. Choice Hotels Int'l, Inc.*,
  No. 3:16-cv-00310, 2016 WL 2594070 (S.D. Cal. May 5, 2016) .............................. 12

*Brother v. Tiger Partner, LLC*,
  331 F. Supp. 2d 1368 (M.D. Fla. 2004) .................................................................. 12

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ............................................................... *passim*

*Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust*,
  867 F.3d 1093 (9th Cir. 2017) 6 ........................................................... 11, 14

*Doran v. 7-Eleven, Inc.*,
  524 F.3d 1034 (9th Cir. 2008) ............................................................................. 8

*Erickson v. Pardus*,
  551 U.S. 89 (2007) (per curiam) ......................................................................... 4

*Feezor v. Sears, Roebuck & Co.*,
  608 F. App'x 476 (9th Cir. 2015) ................................................................. 14, 15

*Gastelum v. Canyon Hosp. LLC*,
  No. CV-17-02792-PHX-GMS, 2018 WL 2388047 (D. Ariz. May 25,
  2018) ........................................................................................................... 6

*Gastelum v. Canyon Hospitality LLC*,
  2018 U.S. Dist. LEXIS 87850 (D. Ariz. May 25, 2018) ........................................ 13

*Harris v. Stonecrest Care Auto Center*,
   472 F. Supp. 2d 1208 (S.D. Cal. 2007) ........................................................ 6

*Houston v. Marod Supermarkets, Inc.*,
   733 F.3d 1323 (11th Cir. 2013) ................................................................. 11

*Johnson v. Overlook At Blue Ravine, LLC*,
   2012 U.S. Dist. LEXIS 102056 (E.D. Cal. July 20, 2012) .................................. 12, 14

*Johnson v. Torres Enters. LP*,
   2019 U.S. Dist. LEXIS 11124 (N.D. Cal. Jan. 22, 2019) ................................... 18

*Los Angeles v. Lyons*,
   461 U.S. 95 (1983) ..................................................................................... 11

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ..................................................................... 5, 12, 13, 15

*Molski v. Kahn Winery*,
   405 Supp. 2d 1160 (C.D. Cal. 2005) .......................................................... 12

*Reycraft v. Lee*,
   177 Cal. App.4th 1211 (2009) ................................................................... 16

*Rodriguez v. Barrita, Inc.*,
   10 F. Supp. 3d 1062 (N.D. Cal. 2014) ....................................................... 16

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ..................................................................... 3

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) .................................................................. 4, 18

*Scott v. Pasadena Unified Sch. Dist.*,
   306 F.3d 646 (9th Cir. 2002) ................................................................... 16

*Spokeo, Inc. v. Robbins*,
   136 S. Ct. 1540 (2016) ............................................................................... 6

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ..................................................................... 4

*Strojnik v. 1315 Orange LLC*,
   No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481 (S.D. Cal.
   Oct. 25, 2019) .......................................................................................... 7

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

*Strojnik v. Bakersfield Convention Hotel I, LLC*,
No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal. Jan.
31, 2020) ............................................................................................................. 9, 14

*Strojnik v. Four Sisters Inns, Inc.*,
No. 2:19-cv-02991-ODW, 2019 U.S. Dist. LEXIS 212094 (C.D. Cal.
Dec. 9, 2019) ............................................................................................ 6, 8, 9, 13

*Strojnik v. GF Carneros Tenant, LLC*,
No. 3:19-cv-03583-JSC, ECF No. 28 (N.D. Cal. Nov. 13, 2019) .............................. 10

*Strojnik v. Hotel Circle GL Holdings, LLC*,
No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591 (E.D. Cal.
Nov. 21, 2019) ................................................................................................ 8, 9, 15

*Strojnik v. Kapalua Land Co.*,
379 F. Supp. 3d 1078 (April 14, 2020) .................................................................. 1, 7

*Strojnik v. Kapalua Land Co. Ltd.*,
No. 19-cv-00077-SOM-KJM, 2019 WL 4684450 (D. Haw. Sept. 25,
2019) ..................................................................................................................... 10

*Strojnik v. Orangewood LLC*,
No. 8:19-cv-00496-DSF-(JCx), Dkt. 43 (C.D. Cal. Oct. 21, 2019)...................... 6, 7, 9

*Strojnik v. Orangewood LLC*,
No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal.
Jan. 22, 2020) .............................................................................................. 6, 7, 10, 15

*Strojnik v. Pasadena Robles Acquisition, LLC*,
Case No. 2:19-cv-02067-AB, 2019 U.S. Dist. LEXIS 213070 (C.D. Cal.
Aug. 14, 2019) ............................................................................................. 8, 12, 13

*Strojnik v. Pasadena Robles*,
No. 2:19-cv-02067-AB-PJW, ECF No. 23 (C.D. Cal. Aug. 14, 2019) ...................... 10

*Strojnik v. San Diego Farah Partners*,
L.P., 2020 U.S. Dist. LEXIS 36536 (S.D. Cal. Mar. 2, 2020)................................... 10

*Strojnik v. Swantown Inn & Spa LLC*,
No. 2:18-cv-01831-RBL, ECF No. 12 (W.D. Wash. Mar. 12, 2019)......................... 10

*Strojnik v. Victus Grp., Inc.*,
No. 1:18-cv-01620-AWI-SKO, ECF No. 16 (E.D. Cal. March 27, 2020) ............ 10, 17

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS**   Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

*Strojnik v. Wickstrom Hosp., LLC*,
    2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020) ........................................ 11

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009)................................................................................................ 11, 12

*Surrey v. TrueBeginnings, LLC*,
    168 Cal.App.4th 414 (2008) ...................................................................................... 17

*Urhausen v. Long Drug Stores Cal., Inc.*,
    155 Cal. App. 4th 254 (2007) .............................................................................. 16, 17

*Vogel v. Salazar*,
    No. SACV 14-00853-CJC, 2014 U.S. Dist. LEXIS 1513 (C.D. Cal. Oct.
    24, 2014) ................................................................................................................ 14, 15

*Vogel v. Sym Props., LLC*,
    No. CV 15-098550AB, 2017 U.S. Dist. LEXIS 214360 (C.D. Cal. Aug.
    4, 2017) .................................................................................................................... 5, 14

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) .................................................................................... 3

**Statutes**

ADA ................................................................................................................... *passim*

ADA, Article III ................................................................................................. *passim*

ADA Title III ................................................................................................. 5, 11

Unruh Act ........................................................................................................ 16

**Court Rules**

Fed. R. Civ. P. 12(b)(1) and (6)........................................................................ 18

Fed. R. Civ. P. 15(a) ......................................................................................... 18

Rule 8.............................................................................................................. 10

Rule 12(b)(1) ..................................................................................................... 3

Rule 12(b)(6) ..................................................................................................... 4

**Other Authorities**

28 C.F.R. 36.302(e) ..................................................................................... 2, 3, 6

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

28 C.F.R. § 36.302(e)(ii) ................................................................................................ 7

28 C.F.R. § pt. 36, Appendix A .................................................................................... 7

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The Court's most recent order declared Plaintiff Peter Strojnik ("Strojnik") a vexatious litigant, dismissed his First Amended Complaint ("FAC"), and gave him another chance to amend his allegations to establish standing. (Dkt. 25.)  That same day, Strojnik filed his Second Amended Complaint ("SAC"), which merely recites the allegations from his FAC with immaterial additions that do nothing to address the Court's bases for dismissal. (Dkt. 27.)  Strojnik did not obtain leave to file his SAC.[1]

Plaintiff does not, and cannot, allege that he *actually* suffered an injury-in-fact because of any *actual* barriers at Defendant's Hotel.  As this Court ruled only two weeks ago:

> [B]ecause Strojnik fails to allege that SCG American did not make accessibility information available to a third party booking site, and because he did not state what was missing from SCG American's website or connect that missing information to his disability, Strojnik has not stated an ADA claim and does not have standing.

(Dkt. 25 at Page ID #:645.)  And, "[b]ecause Strojnik has not explained how these alleged barriers deny him full and equal access as a result of his disability." (Dkt. 25 at Page ID #:646.)  No allegations in Plaintiff's SAC address this Court's or the 9th's Circuit's concerns,[2] and his claims still fail.

Strojnik was not harmed, did not encounter any barriers, does not describe any barriers to his access, and does not allege genuine deterrence or intent to return to the Hotel.  Nothing in the SAC remedies Strojnik standing allegations.  This Court should therefore dismiss Strojnik's SAC with prejudice.

---

[1] The Court's order stated Strojnik may not file another action in this District "without first obtaining certification from the Chief Judge of the District Court that his claims are not frivolous or asserted for an improper purpose." (Dkt. 25 at p. 14.)  Strojnik did not obtain certification from the Chief Judge to file his SAC, and it should be dismissed for that reason.  If the SAC is not dismissed for this reason, it still fails for the same reasons as discussed in Defendant's first two motions to dismiss, and for those discussed herein.

[2] *See Strojnik v. Kapalua Land Co.*, 379 F. Supp. 3d 1078 (April 14, 2020) ("The district court properly dismissed Strojnik's ADA claim against defendants.").

## II.    BACKGROUND & FACTUAL ALLEGATIONS

Strojnik filed a Complaint in this action on August 13, 2019. (Dkt. 1.) On February 26, 2020, Defendant filed a motion to dismiss and declare Plaintiff a vexatious litigant.  (Dkt. 19.)  Rather than stand by his initial allegations, Strojnik filed a FAC.  (Dkt. 20.)

On April 20, 2020, this Court dismissed Strojnik's FAC without prejudice, and declared him a vexatious litigant requiring him to obtain approval before filing any further complaints in the Central District of California.  (Dkt. 25.)  That same day, Strojnik filed his SAC.  (Dkt. 27.)

Strojnik's SAC does not materially change his allegations in this matter. Strojnik alleges that he is a resident of Maricopa County, and that he suffers from "severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee." SAC ¶ 3. He "walks with difficulty and requires compliant mobility accessible features at places of public accommodation." Id. ¶ 5. Strojnik's SAC again discusses his alleged medical problems with references to the ADAAG, claiming that such problems substantially limit his ability to walk, stand, sit, bend, reach, sleep, and work, while at the same time alleging that he spends his days and thousands of miles traveling throughout the state of California for ADA testing. *See* SAC, ¶¶ 6, 14.

Defendant owns, operates, or leases a lodging business located at 11999 Harbor Blvd., Garden Grove, CA 92840 ("Hotel"). SAC ¶ 8. Strojnik initially claimed that he "intended to the Disneyland area" on an unspecified date. (Dkt. 1.) He now claims that he "intended to visit the Disneyland area on March 14-15, 2019." SAC ¶ 18.  Strojnik's FAC vaguely claims that "Plaintiff learned that not only did Defendant's hotel violate booking websites disclosures pursuant to 28 C.F.R. 36.302(e), but it was also replete with accessibility barriers all of which Plaintiff documented with website screenshots and documentary photographs."   SAC ¶ 20.

Strojnik again incorporates a series of photos and opaque descriptions that were previously contained in an addendum to his initial complaint. *Id*. Strojnik again lists the unspecified "ADA violations" and leaves the Court to guess what each of the alleged ADA violations are, and how they relate to his alleged disability. *Id*. The SAC adds two paragraphs that effectively reiterate these same "ADA violations." SAC ¶¶ 21-22.

Strojnik still vaguely claims he is and was deterred from visiting Defendant's Hotel based on his knowledge of these barriers. SAC ¶ 14. Strojnik's SAC alleges he intends to visit "the greater Los Angeles[3] area on or about the weekend of April 4" ***if*** "Defendant's noncompliant Hotel becomes fully compliant with the ADAAG." *Id*. ¶¶ 14(h). Notably, Strojnik alleged in another action filed in the Northern District of California that he plans to visit "the Napa area" during that same weekend of April 4, 2020.[4] Napa is over 425 miles away from Defendant's Hotel, and even farther from Strojnik's home.

## III.   <u>LEGAL STANDARDS</u>

Rule 12(b)(1) empowers the court to dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A defendant may bring a Rule 12(b)(1) motion to dismiss based on lack of standing. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id*. A factual jurisdictional challenge occurs when the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction." *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute, "the court need not presume the truthfulness of the plaintiff's allegations" and may review evidence beyond the complaint. *Id*.

---

[3] Disneyland is based in Anaheim, CA, not Los Angeles.
[4] *See Strojnik v. IA Lodging Napa First LLC, dba Andaz Napa*, No. 19-cv-03983-DMR, Doc. No. 50, ¶ 21(e).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

Under Rule 12(b)(6), a complaint or any portion thereof may be dismissed when it is apparent from the face of the pleadings that the plaintiff has failed to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively…and factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss is "context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

4

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

## IV.   <u>STROJNIK STILL LACKS STANDING AND FAILS TO STATE A CLAIM UNDER THE ADA.</u>

Strojnik still does not establish standing, and fails to state a claim under the ADA.   A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 946 (9th Cir. 2011). Article III standing requires that Plaintiff sufficiently plead an (1) injury-in-fact, (2) that is causally connected to the Defendant's challenged conduct, and (3) likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).   An injury-in-fact must be (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. *Id*. at 560. Because injunctive relief is the only remedy available to individuals under Title III of the ADA, Plaintiff must also show that he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946. The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." *Id*. at 944. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Chapman*, 631 F.3d at 954. Courts have found this is especially true in ADA cases. *Vogel v. Sym Props., LLC*, No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360, at *4 (C.D. Cal. Aug. 4, 2017).

### A.   **Strojnik Cannot Show An Injury In Fact or State A Claim.**

Strojnik still fails to credibly allege that he suffered an injury-in fact—which must be "concrete and particularized" and "actual or imminent," not conjectural or hypothetical. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff "***lacks standing…if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability***." *Chapman v. Pier 1 Imports* (U.S*.) Inc*., 631 F.3d 939, 953 (9th Cir. 2011) (emphasis added). "A bare

procedural violation *unassociated with a plaintiff's particular disability* cannot satisfy the demands of Article III standing." *Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *5 (D. Ariz. May 25, 2018) (quoting *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016)). Given the "trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted." *Harris v. Stonecrest Care Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007).

In his SAC, Plaintiff vaguely alleges "Defendant's hotel violate booking websites disclosures pursuant to 28 C.F.R. 36.302(e), but it was also replete with accessibility barriers." SAC ¶ 20. "However, there are still no allegations containing 'further factual enhancement' to support these naked assertions." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00496-DSF-(JCx), Dkt. 43 at 7 (C.D. Cal. Oct. 21, 2019) (quoting Iqbal, 556 U.S. at 678) ("*Orangewood*"). The SAC incorporates screenshots of the websites with captions identifying alleged barriers, but the captions and later paraphrasing are "bare legal conclusions cast in the form of factual allegations." *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *7 (C.D. Cal. Dec. 9, 2019) ("[T]hese captions in the Addendum are bare legal conclusions cast in the form of factual allegations."). As a court in the Central District noted, "[i]t is not enough for Plaintiff to claim in conclusory fashion that the Websites do not have 'enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs.' He must allege what information is missing from the website." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, at *19-20 (C.D. Cal. Jan. 22, 2020). Here, "[b]eyond repetition of the statutory text, [Strojnik] has not alleged any specific information that was missing on the website[s] that would prevent him from being able to stay at the Hotel." *Id*. at *20.

To the extent any accessibility information was missing from the websites, the

**NOTICE OF MOTION AND MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

court in *Orangewood* made clear that "a website need not list its compliance or non-compliance with every ADAAG provision to satisfy 28 C.F.R. § 36.302(e)(ii)." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, *20 (C.D. Cal. Jan. 22, 2020). The Court in *Orangewood* explained:

> The 2010 DOJ ADAAG Guidance on this provision 'recognizes that a reservations system is not intended to be an accessibility survey,' and '[b]ecause of the wide variations in the level of accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is accessible" and to provide basic facts about each accessible room. 28 C.F.R. § Pt. 36, App. A. Further, the DOJ acknowledges that "individuals with disabilities may wish to contact the hotel or reservations service for more detailed information." Id. This provides further support that websites need not include all potentially relevant accessibility information; if a website was required to have all relevant information, individuals would not need to call the hotel to get further information.

*Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *20-21.

Many other district courts **_and the 9th Circuit_** have also reached the same conclusion regarding Strojnik's functionally identical complaints. *See Strojnik v. Kapalua Land Co.*, 379 F. Supp. 3d 1078 (April 14, 2020) ("The district court properly dismissed Strojnik's ADA claim against defendants"), affirming *Strojnik v. Kapalua Land*, 2019 U.S. Dist. LEXIS 165525, at *9 (D. Haw. Aug. 26, 2019) ("Plaintiff fails to cite any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation.")*; Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB (JLB), 2019 U.S. Dist. LEXIS 185481, at *2 (S.D. Cal. Oct. 25, 2019) (Plaintiff "does not cite any authority suggesting a hotel has an obligation to describe to the public the physical layout of its rooms in exhaustive detail without being asked"); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-cv-014090-HRL, 2017 U.S. Dist. LEXIS 22588, at *10 (N.D. Cal. Feb. 16, 2017) (granting summary judgment where the website "provides descriptions of accessible features…that include the level of detail proposed by the ADA Guidance document").

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**NOTICE OF MOTION AND MOTION TO DISMISS**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

Strojnik does not allege that he visited the Hotel, or that he actually encountered any actual barriers.  Not only does he fail to identify what barriers existed, he fails to allege any facts explaining how the purported barriers "relate" to his own disability. *Chapman*, 631 F.3d at 947. The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 n. 7 (9th Cir. 2008) (holding that, plaintiff, a wheelchair user, "cannot challenge all of the ADA violations in the 7-Eleven store…Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store.").

The captions under each of Strojnik's photos, as well as his added paraphrasing, are "bare legal conclusions cast in the form of factual allegations, with no specification as to how any alleged barrier violates any aspect of the ADA or any related accessibility guidelines." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, *8 (E.D. Cal. Nov. 21, 2019). Although Strojnik references the ADAAG in his SAC, he does not allege what provisions of the ADAAG any of the alleged barriers depicted in the photographs purportedly violated. "It is therefore altogether unclear from the allegations of the [SAC]…whether what [Strojnik] alleges are in fact ADA violations at all." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *8-9 (E.D. Cal. Nov. 21, 2019); *see also Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, at *7 (C.D. Cal. Dec. 9, 2019) ("[T]hese captions in the Addendum are bare legal conclusions cast in the form of factual allegations."); *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *4 n. 1 (C.D. Cal. Aug. 14, 2019) (same).

Even if the SAC plausibly alleged barriers to accessibility at the Hotel (it does not), the SAC still fails to allege how any of the purported barriers relate to Strojnik's

specific disability. Strojnik simply asserts in a conclusory manner that the alleged barriers were "relat[ed] to [his] disability and interfere[d] with [his] full and complete enjoyment of the Hotel" without any further explanation. SAC ¶ 23. Strojnik must allege "more than labels and conclusions." *Strojnik v. Bakersfield Convention Hotel I, LLC*, No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, *10 (E.D. Cal. Jan. 31, 2020) (plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation…The allegation Plaintiff has made is no more than bare legal conclusion). As discussed in *Chapman*, Strojnik "leaves the federal court to guess which, if any, of the alleged violations" apply to his disability. *See Chapman*, 631 F.3d at 955. Plaintiff must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability. *Chapman*, 631 F.3d at 954 ("The Accessibility Survey simply identifies alleged ADA and CBC violations without connecting the alleged violations to [Plaintiff] Chapman's disability, or indicating whether or not he encountered any one of them in such a way as to impair his full and equal enjoyment of the Store."); *Four Sisters*, 2019 U.S. Dist. LEXIS 212094, at *3 (holding that the facts alleged by Strojnik fail to "explain how the purported barriers violate the ADA, relate to his particular disability, or interfere with his use or enjoyment of the Hotel"); *Hotel Circle*, 2019 U.S. Dist. LEXIS 202591, 2019 WL 6212084, at *3 (same); *Bakersfield Convention Hotel I*, 2020 U.S. Dist. LEXIS 16339, at *10-11 (same).

Here, as in *Strojnik v. Orangewood, LLC*, Plaintiff still "does not identify what features or information Plaintiff requires for his accessibility needs . . . [and] . . . Plaintiff must do more than merely identify barriers that he encountered – he must plead how each barrier affected him because of his disability." No. 8:19-cv-00946-DSF-GJS, ECF No. 18 at 7 (C.D. Cal. Aug. 8, 2019) (citing *Chapman*, 631 F.3d at 954).[5] *Strojnik v. Orangewood*, along with a growing number of federal courts

---

[5] The *Orangewood* Court noted:
> *In its two prior Orders dismissing Plaintiff's complaints, the Court has made clear that Plaintiff must plead how each alleged barrier*

(including this one), held that because Plaintiff failed to plead how such barriers related to his disability, or any facts to support an injury because of those barriers, he failed to establish standing under Article III. *Id.*; *see also Strojnik v. Kapalua Land Co. Ltd.,* No. 19-cv-00077-SOM-KJM, 2019 WL 4684450 (D. Haw. Sept. 25, 2019);*Strojnik v. Pasadena Robles*, No. 2:19-cv-02067-AB-PJW, ECF No. 23 at 4 n.1 (C.D. Cal. Aug. 14, 2019) ("[W]hile Plaintiff asserts that he was deterred from staying at Defendant's hotel because of access barriers he became aware of, the Complaint is devoid of facts alleging what these access barriers are. And, having failed to articulate in allegations what the specific barriers are, Plaintiff also failed to tie them to his alleged disability as required."); *Strojnik v. Victus Grp., Inc.*, No. 1:18-cv-01620-AWI-SKO, ECF No. 16 at 6 (E.D. Cal. March 27, 2020) ("***Victus***") (there are "insufficient factual allegations that justify an inference that Strojnik would attempt to book a room and stay with SSR if the barriers relating to his disability are actually remedied or otherwise brought in to compliance with the ADA.")[6]; *Strojnik v. Swantown Inn & Spa LLC*, No. 2:18-cv-01831-RBL, ECF No. 12 at 3 (W.D. Wash. Mar. 12, 2019) (dismissing case with prejudice and noting "Strojnik's history of

---

***affected him because of his disability***. Although purporting to "strictly, absolutely and unquestionably correct[] the imperfections in [the] FAC," Plaintiff again parrots conclusions, rather than providing facts. Allegations that "the barriers at [a public accommodation] 'denied [plaintiff] full and equal enjoyment' is precisely the 'formulaic recitation' of the elements of a claim that the Supreme Court has deemed insufficient under Rule 8. . . . [A plaintiff] must do more than offer 'labels and conclusions' that parrot the language of the ADA." Plaintiff has failed to do so.
*Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *10-11 (C.D. Cal. Jan. 22, 2020) (internal citations omitted) (emphasis added).
[6] The *Victus* Court declined to adopt the Magistrate's recommendations, issued in September 2019, because the "body of case law had not developed by the time the F&R was issued, and thus, was not available to the Magistrate Judge." No. 1:18-cv-01620-AWI-SKO , ECF No. 16 at 6 n.1. That same argument applies to the November 2019 magistrate decision from *Strojnik v. GF Carneros Tenant, LLC*, No. 3:19-cv-03583-JSC, ECF No. 28 (N.D. Cal. Nov. 13, 2019) ("*GF Carneros*"), cited by Plaintiff in his Opposition (Opp. at 2-4), which is clearly an outlier.

**NOTICE OF MOTION AND MOTION TO DISMISS**    Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

predatory, unethical filings and hard-to-believe assertions").[7]

The facts in Strojnik's SAC are no different, and the Court's reasoning should be no different. Strojnik once again fails to provide anything more than vague and conclusory assertions regarding the barriers he allegedly encountered at the Hotel. He still fails to allege facts showing an ADA violation that relates to Strojnik's specific disability. The SAC therefore fails to allege an injury-in-fact and fails to state a claim, and should be dismissed with prejudice.

**B.      Strojnik Fails to Allege Facts Showing a Threat of Repeated Injury**

Strojnik also still fails to allege "a sufficient likelihood that he will again be wronged in a similar way" as required. *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Federal courts must make "case-by-case determinations about whether a particular plaintiff's injury is imminent." *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust* ("***CREEC***"), 867 F.3d 1093 (9th Cir. 2017) 6 (*citing Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1335-37 (11th Cir. 2013) (assessing various factors in determining whether plaintiff suing under ADA Title III was likely to actually visit the supermarket, including prior visits, proximity of residence to store, plans for future visits, and status as an "ADA tester who has filed many similar lawsuits"). For Plaintiff to allege an injury that is "imminent," he must express more

---

[7] *See also Strojnik v. San Diego Farah Partners*, L.P., 2020 U.S. Dist. LEXIS 36536 (S.D. Cal. Mar. 2, 2020) ("Despite its laundry list of purported ADA violations, Strojnik's Complaint is silent as to how the barriers affected him personally. It is not enough for an ADA litigant to inspect a property and identify potential violations—he must specifically plead 'how his disability was affected by [the barriers] so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement."); *see also Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020) (Report and Recommendation that Strojnik's complaint be dismissed for lack of standing, ruling that Strojnik's conclusory allegations failed to establish injury in fact, an intent to return to the specific hotel or deterrence. The allegations of deterrence and intent to return are identical to those at issue here.)

than a "vague desire to return" to the Hotel. *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009). Absent a "firm intention to visit" the location, Plaintiff has not alleged sufficient facts "to satisfy the requirement of imminent injury[.]" *Id.* "General statements regarding Plaintiff's intent to travel to an area . . . are insufficient to allege an 'actual and imminent' injury." *Brooke v. Choice Hotels Int'l, Inc.*, No. 3:16-cv-00310, 2016 WL 2594070, at *3 (S.D. Cal. May 5, 2016) (citing *Summers*, 555 U.S. at 493).

A plaintiff's mere "profession of an intent to return…[is] simply not enough" for standing. *Lujan*, 504 U.S. at 564. The Court in *Lujan* ruled that "such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the someday will be" do not establish an intent to return as necessary for standing. *Id.* In assessing the genuineness of an expressed intent to return, courts in the Ninth Circuit often consider four factors: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant's location area. *See Johnson v. Overlook At Blue Ravine, LLC*, 2012 U.S. Dist. LEXIS 102056 at *8 (E.D. Cal. July 20, 2012). Each of these factors weighs against Plaintiff.

First, Strojnik lives more than 360 miles from the Hotel. *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-cv-02067-AB (PJWx), 2019 U.S. Dist. LEXIS 213070, at *6 (C.D. Cal. Aug. 14, 2019). If a plaintiff lives more than 100 miles from the public accommodation, "the distance subverts a professed intent to return." *Id.* (citing *Molski v. Kahn Winery*, 405 Supp. 2d 1160 (C.D. Cal. 2005)); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004) (finding plaintiff failed to establish likelihood of future harm in part because he lived 280 miles from the defendant's hotel).

Strojnik does not allege he ever visited or intended to stay at the Hotel. Rather, Plaintiff merely alleges he intends to return to the area, and maybe visit the

Defendant's Hotel when it becomes ADA compliant. Plaintiff's statements are exactly the kind of "mere profession of an intent" that the Supreme Court has deemed insufficient to establish standing under Article III. *Lujan*, 504 U.S. at 564 at n. 2; *Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *6-7 (C.D. Cal. Aug. 14, 2019) ("Like in *Lujan*, this is a general intent to return without more and is simply Plaintiff saying he will 'some day' return to Defendant's hotel, such statements are not enough to confer standing.").

The *Pasadena Robles* court further noted that:

> In addition, the purpose of the "intent to return" road to standing is to show that the plaintiff will likely be harmed because barriers 'continue to exist at a place of public accommodation to which he intends to return.'" Chapman, 631 F.3d at 953. Here, Plaintiff's intent to return is expressly contingent on the hotel coming into compliance with the ADA, ***thus Plaintiff will not return unless the hotel comes into compliance so he will necessarily not encounter accessibility barriers at that time. Plaintiff's own intent allegation therefore forecloses standing based on the intent to return option.***

*Strojnik v. Pasadena Robles Acquisition, LLC*, 2019 U.S. Dist. LEXIS 213070, at *7 (C.D. Cal. Aug. 14, 2019) (dismissing complaint for lack of standing) (emphasis added); *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-CV-02991-ODW (JEMx), 2019 U.S. Dist. LEXIS 212094, *10 (C.D. Cal. Dec. 9, 2019) (same).

Moreover, Plaintiff's professed intent to return is simply implausible given the over 140 of ADA actions he has filed throughout the state of California since April 2018; ***31 of which have been filed in this District alone***. (RJN, Dkt. 19-1, Exh. 1.) All of these newly filed lawsuits contain the same or substantially similar allegations against other hotels. *See Gastelum v. Canyon Hospitality LLC*, 2018 U.S. Dist. LEXIS 87850, at *7 (D. Ariz. May 25, 2018) ("While the need to look at the specificity with which the Plaintiff has pleaded the likelihood of future visits might be less stringent had he only sued one hotel in the Phoenix area, ...the inquiry must be more exacting where he has expressed only a rote intent to 'book rooms' in 133

other lodgings in the same geographic area."). Plaintiff's over 140 complaints (and counting) contain the same or substantially similar allegations against other hotels. (*See e.g.*, Dkt. 19-1-8.). His conveniently vague allegations in all of these cases that he intends to return to all of the hotels, including the Hotel here, are simply implausible, and likely impossible.   Plaintiff's professed intent to return is disingenuous, which vitiates his standing.

Strojnik still fails to show that he has a genuine intent to return to the Hotel. He fails to establish standing under the ADA, and his SAC should be dismissed.

## C.   Strojnik Fails to Allege Facts Showing He Is Deterred From Returning to Defendant's Hotel.

Strojnik also fails to allege he was or is deterred from visiting the Hotel.  To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access" and that a defendant's failure to comply with the ADA deters him or her from making use of the defendant's facility." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* (*CREEC*), 867 F.3d 1093, 1098 (9th Cir. 2017). However, "deterrence cannot be merely "conjectural or hypothetical." *Vogel v. Salazar*, No. SACV 14-00853-CJC (DFMx), 2014 U.S. Dist. LEXIS 1513, at *2 (C.D. Cal. Oct. 24, 2014). Rather, a plaintiff must show that he would return but for the alleged barriers. *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015).

Conclusory statements regarding that a plaintiff "was deterred" will not suffice; rather, corroborating facts are necessary. *See Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting *Chapman*, 631 F.3d at 949); *see Strojnik v. Bakersfield Convention Hotel I, LLC,* No.. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, *13 (E.D. Cal. Jan. 31, 2020) ("Mere conclusory statements that an ADA plaintiff intends to return and is deterred from returning to a place are insufficient."). For example, in *Vogel*, the court found the plaintiff lacked standing because he failed "to assert or point to any colorable facts to prove that his assertion

of deterrence is not merely hypothetical." *Id.*, 2014 U.S. Dist. LEXIS 1513, at *2. There, the court found that phrases such as "because of physical and intangible barriers," "he has been deterred, and he continues to be deterred from visiting the Restaurant," were too conclusory to confer standing. *Ibid*.

Similarly, here, Strojnik again fails to allege any facts showing his intent to return is anything more than hypothetical. "Although the complaint alleges that plaintiff intends to visit the Hotel once it is ADA-compliant, this, as discussed, is simply not enough." *Strojnik v. Hotel Circle GL Holdings, LLC*, No. 19-cv-01194-DAD-EPG, 2019 U.S. Dist. LEXIS 202591, at *14 (E.D. Cal. Nov. 21, 2019) (citing *Lujan*, 504 U.S. at 564). "Plaintiff does not allege any facts that he actually would return to the [Hotel] if it were ADA compliant." *Id.* (quoting Vogel, 2014 U.S. Dist. LEXIS 1513, at *2). For example, plaintiff has not alleged that he visits the "Disneyland area" often or that he will go to the area again in the future. "***There are also no allegations as to why Plaintiff prefers this particular [Hotel] property, as opposed to others in the 'Disneyland area***.'" *Strojnik v. Orangewood LLC*, No. CV 19-00946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at *26 (C.D. Cal. Jan. 22, 2020) (emphasis added). "Plaintiff's conclusory statement that he is deterred from visiting [the Hotel] are insufficient to demonstrate that he would [stay at the Hotel] if it were accessible. As a result, he lacks standing to pursue his claims." *Feezor*, 608 F. App'x at 477 (9th Cir. 2015). Thus, Strojnik's alleged deterrence is unsupported.

Having failed to allege any actual ADA violations that deterred him from visiting the Hotel in the first place, and provided no facts showing that he will be deterred from doing so in the future, Strojnik has therefore failed to sufficiently establish deterrence as a basis for standing. Strojnik fails to state a claim under the ADA and has no standing to bring this suit. His SAC should be dismissed with prejudice.

## V.   STROJNIK FAILS TO STATE A CLAIM UNDER THE ADA

For all of the reasons above and set forth in the Motion, Plaintiff also fails to state a claim under the ADA. He does not identify any barriers or how they actually impaired his use of the Hotel. "[B]ecause he did not state what was missing from [the hotel's] website or connect that missing information to his disability, Strojnik has not stated an ADA claim." (Dkt. *25* at *7-8). Moreover, because "Strojnik has not explained how alleged [physical] barriers deny him full and equal access as a result of his disability," his SAC also fails to state a physical barrier claim. *Id*. at 8.

## VI.   STROJNIK'S STATE LAW CLAIMS MUST ALSO BE DISMISSED.

Plaintiff's state law disability claims also still fail.  As the Court held in its recent order, "where a Court lacks Article III jurisdiction over a plaintiff's ADA claim for lack of standing, the Court has no discretion to retain supplemental jurisdiction over the plaintiff's remaining state law claims. (Dkt. 25, citing *Scott v. Pasadena Unified Sch. Dist*., 306 F.3d 646, 664 (9th Cir. 2002).)

Moreover, standing to pursue monetary relief under the DPA and the Unruh Act differs from standing to seek injunctive relief under the ADA. *See Reycraft v. Lee*, 177 Cal. App.4th 1211 (2009); *see also Angelucci v. Century Supper Club*, 41 Cal.4th 160, 175 (2007). These statutes restrict damages recovery to situations where "the plaintiff ***personally encountered*** the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion. *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014) (emphasis added). Unlike the ADA, these statutes require "something more than mere awareness of or a reasonable belief about the existence of discriminatory condition." *Id.*

Strojnik did not personally encounter any barriers.  He merely points to website photos which he claims amounted to barriers, without explanation of how they relate to his disability or how they ***would have*** prevented him access. A plaintiff cannot recover damages under the Unruh Act unless the violation actually denied him or her

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

equal access to some public facility. *Urhausen v. Long Drug Stores Cal., Inc.*, 155 Cal. App. 4th 254, 265-66 (2007). In *Urhausen*, the court rejected the plaintiff's attempt to equate a "denial of equal access" with the presence of a violation of federal or state regulations. *Ibid*. As the court held, under that theory,

> Any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. Plaintiff's argument would thereby eliminate any distinction between a cause of action for equitable relief under section 55 and a cause of action for damages under section 54.3…

*Ibid.*

In Strojnik's state law causes of action, he cannot allege that he was actually denied access to the Hotel. Although he alleges that he experienced barriers, he fails to explain how those alleged barriers impaired his ability to access the Hotel or its services—especially when it is apparent that, while he may experience pain, he is not in a wheelchair and does not use a wheelchair. "[T]he cases interpreting the Act have consistently held that an individual plaintiff has standing to bring claims thereunder only if he or she has been the victim of defendant's discriminatory act." *Surrey v. TrueBeginnings, LLC*, 168 Cal.App.4th 414, 419 (2008). Thus, if he is able to "ambulate," it is irrelevant whether there are inaccessible counters or improper hardware, as alleged in the SAC.

Notably, the *Victus* Court recently declined, **sua sponte**, to exercise supplemental jurisdiction over Strojnik's state claims because they "substantially predominate over the single ADA claim given the "amount and nature of the total relief requested." No. 1:18-cv-01620-AWI-SKO, ECF No. 16 at 6-7. Although the *Victus* court provided Strojnik with leave to amend, it held that he cannot include the state law claims in his amended complaint. Here too Strojnik seeks primarily monetary relief, and his state law claims predominate over his The Court here should similarly decline to exercise supplemental jurisdiction over Plaintiff's state law claims regardless of its decision on his ADA standing.

17

## VII. <u>STROJNIK'S NEGLIGENCE CLAIM SHOULD ALSO BE DISMISSED</u>

As with the DPA and Unruh claims, this Court has only supplemental jurisdiction over Plaintiff's negligence cause of action. If Plaintiff lacks standing to bring his ADA claim, there is no reason the Court retain jurisdiction over Plaintiff's negligence claim. Concern for judicial economy supports declining jurisdiction. *See Johnson v. Torres Enters. LP*, 2019 U.S. Dist. LEXIS 11124, at \*11 (N.D. Cal. Jan. 22, 2019).

## VIII. <u>THE COURT SHOULD DENY LEAVE TO AMEND</u>

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

This is Strojnik's third attempt at adequately pleading this case. Yet he still fails to allege facts sufficient to confer standing or to state a claim. The Court has no reason to believe that Strojnik can bring forth a viable claim in this action. The Court should dismiss Strojnik's SAC with prejudice to prevent further use and abuse of judicial resources.

## IX.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant requests that this Court grant its Motion to Dismiss the Second Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

DATED:  May 4, 2020

BUCHALTER
A Professional Corporation


By:  */s/ Rick A. Waltman*
TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant
SCG AMERICAN CONSTRUCTION
INC.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

19

NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on May 4, 2020, I electronically filed the above document

3    with the Clerk of the Court using CM/ECF which will send electronic notification of

4    such filing to all registered counsel.

5

6                                      By:   */s/ Rick A. Waltman*_____
                                            Rick A. Waltman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S SECOND AMENDED COMPLAINT**