BUCHALTER
A Professional Corporation
TRACY A. WARREN (SBN: 228013)
RICK A. WALTMAN (SBN: 306463)
655 West Broadway, Suite 1625
San Diego, CA 92101
Tel.: 619.219.5335
Email: twarren@buchalter.com
          rwaltman@buchalter.com

Attorneys for Defendant
SCG AMERICAN CONSTRUCTION INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>        Plaintiff,<br><br>    VS.<br><br>SCG AMERICAN CONSTRUCTION INC. DBA HYATT REGENCY ORANGE COUNTY,<br><br>        Defendant. | Case No. 8:19-cv-01560-JVS-JDE<br><br>**DEFENDANT SCG AMERICAN CONSTRUCTION INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF #27]**<br><br>Hearing Date: August 3, 2020<br>Time:          1:30 p.m.<br>Judge:         Hon. James V. Selna |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
BN 40544708v1

Case No. 8:19-cv-01560-JVS-JDE

## **TABLE OF CONTENTS**

| | | **PAGE** |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STROJNIK CONTORTS THE RELEVANT STANDING AND PLEADING STANDARDS | 2 |
| III. | STROJNIK IS UNABLE TO ALLEGE INJURY-IN-FACT | 4 |
| IV. | PLAINTIFF DOES NOT ALLEGE A GENUINE INTENT TO RETURN OR DETERRENCE | 6 |
| V. | STROJNIK IGNORES HIS LITIGATION HISTORY | 10 |
| VI. | STROJNIK'S STATE LAW CLAIMS FAIL | 11 |
| VII. | CONCLUSION | 12 |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1 i

**REPLY IN SUPPORT OF MOTION TO DISMISS**     Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Barnes v. Marriott Hotel Servs.*,
  2017 U.S. Dist. LEXIS 22588 (N.D. Cal. Feb. 16, 2017) ...................................... 8

*Brooke v. RK Inv. Props.*,
  2018 U.S. Dist. LEXIS 9120 (N.D. Cal. Jan. 19, 2018) ............................... 7, 8, 11

*Chapman v. Pier 1 Imports (U.S.), Inc.*,
  631 F.3d 939 (9th Cir. 2011) .............................................................................. 10

*Doran v. 7-Eleven, Inc.*,
  524 F.3d 1034 (9th Cir. 2008) ............................................................................. 3

*Gastelum v. Phoenix Cent. Hotel Venture*, LLC,
  2019 U.S. Dist. LEXIS 20580 (D. Ariz. Feb. 8, 2019) ......................................... 3

*Harris v. Stonecrest Care Auto Center*,
  472 F. Supp. 2d 1208 (S.D. Cal. 2007) ................................................................ 3

*Houston v. Marod Supermarkets, Inc.*,
  733 F.3d 1323 (11th Cir. 2013) ........................................................................... 8

*Lucas v. S.C. Coastal Council*,
  505 U.S. 1003 (1992) ........................................................................................... 4

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ......................................................................................... 8, 9

*Luu v. Ramparts, Inc.*,
  926 F. Supp. 2d 1178 (D. Nev. 2013) .................................................................. 3

*Maya v. Centex Corp., Maya v. Centex Corp.*,
  658 F.3d 1060 (9th Cir. 2011) ............................................................................. 4

*Molski v. Kahn Winery*,
  405 F. Supp. 2d 1160 (C.D. Cal. 2005) ............................................................... 8

*Rocca v. Jalidat, Inc.*,
  2017 U.S. Dist. LEXIS 149513 (C.D. Cal. Sept. 13, 2017) .............................. 7, 8

*Safe Air for Everyone v. Meyer*,
  373 F.3d 1035 (9th Cir. 2004) .......................................................................... 2, 3

*Scott v. Pasadena Unified Sch. Dist.*,
  306 F.3d 646 (9th Cir. 2002) ............................................................................. 11

*Spokeo, Inc. v. Robbins*,
  136 S. Ct. 1540 (2016) ......................................................................................... 3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1                                    ii

**REPLY IN SUPPORT OF MOTION TO DISMISS**          Case No. 8:19-cv-01560-JVS-JDE
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

## TABLE OF AUTHORITIES (cont.)

**PAGE**

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ................................................................................ 3

*Vogel v. Sym Props., LLC (Vogel I)*,
  2017 U.S. Dist. LEXIS 214360 (C.D. Cal. 2017) ............................................ 10, 11

*Warth v. Seldin*,
  422 U.S. 490 (1975) .............................................................................................. 4

*Wilson v. Kayo Oil Co.*,
  563 F.3D 979 (2009) ............................................................................................. 4

*Wolfe v. Strankman*,
  392 F.3d 358 (9th Cir. 2004) ................................................................................ 2

**Rules**

Federal Rules of Civil Procedure Rule 12(b)(1) .................................................. 2, 3, 4

Federal Rules of Civil Procedure Rule 12(b)(6) ....................................................... 2, 3

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

iii

**REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

## I.  INTRODUCTION

Plaintiff Peter Strojnik ("Plaintiff" or "Strojnik") has plead all the facts that exist in support of his standing and claims, which remain insufficient even on this third attempt.  Plaintiff has no claim to plead, so his Second Amended Complaint ("SAC") should be dismissed with prejudice.

Contrary to Strojnik's vague statements about his alleged injuries, the SAC does not, and cannot, allege that he suffered an injury in fact due to any actual barriers at the Hotel.  He still does not specify any ADA violations, again leaving the Court to guess what each of the alleged ADA violations are, and how they relate to his alleged disability.  Rather than describing the barriers he purportedly encountered, the SAC still relies on Strojnik's baseless assumptions and conclusory statements that barriers existed. He does not allege when he allegedly looked online, or that he ever had *actual* knowledge of any *actual* barrier. If he encountered any barriers, he has repeatedly failed to identify them.

This is insufficient to establish standing or to state a claim under the ADA. Nothing in Plaintiff's Opposition addresses these threshold issues.

Plaintiff also fails to allege an intent to return to the Hotel or that he is genuinely deterred from returning. Plaintiff ignores most of the cases cited in support of Defendant's Motion to Dismiss that have already agreed with Defendant regarding the exact same allegations from the same Plaintiff here.  *See*, *e.g.*, *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020); *Strojnik v. Pasadena Robles*, No. 2:19-cv-02067-AB-PJW, Doc. 23 (C.D. Cal. Aug. 14, 2019); *Strojnik v. Swantown Inn & Spa LLC*, No. CV 2:18-01831 RBL (W.D. Wash. Mar. 12, 2019) (dismissing case with prejudice and noting "Strojnik's history of predatory, unethical filings and hard-to-believe assertions"); *see also Strojnik v. Victus Grp., Inc.*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. March 27, 2020).  As this Court noted in its April 19, 2020 order:

> [C]ountless courts have questioned Strojnik's motives in

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

1

REPLY IN SUPPORT OF MOTION TO DISMISS   Case No. 8:19-cv-01560-JVS-JDE
PLAINTIFF'S SECOND AMENDED COMPLAINT

> pursuing the litigation and whether he has a good faith basis for his claims.
>
> This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits. […] Strojnik is no longer an attorney because his law license was suspended for unethical conduct. *Id.*; Mot. at 1, fn. 1. Strojnik should be very well aware of the type of conduct that is permissible, yet despite repeated questioning of his intentions, he continues to file countless ADA cases in an effort to obtain money from his victims."

(Dkt. 25 at p. 13).

Strojnik's SAC does not add any substance to save his standing or his fundamentally flawed allegations. As discussed below and at length in Defendant's briefs in support of its three motions to dismiss, Plaintiff's deficiencies are straightforward and necessitate dismissal. Plaintiff simply cannot identify any barrier that violates the ADA or caused him harm, and cannot specify how he was allegedly injured. He cannot state a cognizable claim or allege injury giving rise standing.

## II.  STROJNIK CONTORTS THE RELEVANT STANDING AND PLEADING STANDARDS

Strojnik's Opposition cherry-picks portions of standards under of Federal Rules of Civil Procedure ("FRCP") Rules 12(b)(1) and 12(b)(6). He asks this Court to ignore critical distinctions between facial and factual challenges, unique aspects of ADA pleadings applicable in this case, and his continuing failure to identify any ADA barrier or how it applied to him.

Motions to dismiss for lack of subject matter jurisdiction are governed by FRCP 12(b)(1). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. *Id.* "Whether subject

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

2

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The court accepts the allegations as true, and the plaintiff need not present evidence outside the pleadings. *Id.* Jurisdictional challenges may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A factual jurisdictional challenge occurs when the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. Where factual, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute, the court may review evidence beyond the complaint. *Id.* Although the defendant is the moving party in a Rule 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that the case is properly in federal court. *Luu v. Ramparts, Inc.*, 926 F. Supp. 2d 1178, 1180 (D. Nev. 2013).

To establish an injury in fact, an ADA plaintiff may show a concrete and particularized injury "by stating that he is currently deterred from attempting to gain access" to the public accommodation due to a barrier that prevents him access. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008). "A bare procedural violation unassociated with a plaintiff's particular disability cannot satisfy the demands of Article III standing." *Gastelum v. Phoenix Cent. Hotel Venture*, LLC, 2019 U.S. Dist. LEXIS 20580, at *8 (D. Ariz. Feb. 8, 2019) (citing *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016)). Given the "trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the litigation serves the purpose for which the ADA was enacted." *Harris v. Stonecrest Care Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007).

As for the FRCP 12(b)(6) pleading standard, Strojnik critically ignores that even "allegations that are taken as true must plausibly suggest an entitlement to

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1                                   3

REPLY IN SUPPORT OF MOTION TO DISMISS          Case No. 8:19-cv-01560-JVS-JDE
PLAINTIFF'S SECOND AMENDED COMPLAINT

relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Rather than address the deficiencies in his pleadings, Strojnik attempts to waive away all of the pleading and standing requirements at issue.  He cites cases that contemplate standing and pleading standards in wildly different circumstances than those at bar, and conflates the standards of FRCP 12(b)(1) and (12)(b)(6) to render both effectively meaningless.  (*See*, *e.g.*, Opposition at p. 6, *citing Warth v. Seldin*, 422 U.S. 490 (1975) (addressing standing to challenge zoning ordinance based on specific factual contentions impacting potential causation); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, fn. 3 (1992) (discussing standing in dicta in a footnote in a case involving constitutional takings of property where standing was not an issue); *Wilson v. Kayo Oil Co.*, 563 F.3D 979 (2009) (Strojnik ignored that the court took "no opinion on whether Wilson's allegations would survive a factual attack.").  Strojnik conveniently ignores that "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing."  *Maya v. Centex Corp., Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011).

     The issues and applicable standards in this case are simple.  This matter does not involve novel issues of zoning, constitutional takings, or convoluted property rights.  Plaintiff simply cannot identify any barrier that violates the ADA or caused him harm, and cannot specify how he was allegedly injured.  Strojnik provides no reason why he should be relieved from the requirements that he identify a real legal violation, a cognizable harm, and a plausible connection between the two.  Strojnik still fails to allege standing or state a claim.

### III.   STROJNIK IS UNABLE TO ALLEGE INJURY-IN-FACT

     Strojnik also still fails to credibly allege injury-in fact, and thus fails to establish standing or state a claim.  He fails to provide anything more than vague

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

4

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

and conclusory assertions regarding the alleged barriers he allegedly encountered at the Hotel.  The SAC does not specify what violations occurred, what specific accommodations Strojnik required, and, importantly, it does not tie any of the alleged violations to Strojnik's disability.  Therefore, it is entirely unclear how (if at all) any of the alleged ADA violations interfered with Strojnik's personal use and enjoyment of the Hotel.

Still, as in *Strojnik v. Orangewood, LLC*, Strojnik "does not identify what features or information Plaintiff requires for his accessibility needs . . . [and] . . . Plaintiff must do more than merely identify barriers that he encountered – he must plead how each barrier affected him because of his disability." *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, at *10 (C.D. Cal. Jan. 22, 2020).  *Strojnik v. Orangewood*, along with a growing number of federal courts, held that because Strojnik failed to plead how such barriers related to his disability, or any facts to support an injury because of those barriers, he failed to establish standing under Article III.  *Id.*; *Strojnik v. Kapalua Land Co. Ltd.*, No. CV 19-00077-SOM-KJM, 2019 WL 4684450 (D. Haw. Sept. 25, 2019); *Strojnik v. Victus Grp., Inc.*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. March 27, 2020) (*Victus*)[1]; *Strojnik v. Swantown Inn & Spa LLC*, No. CV 2:18-01831 RBL (W.D. Wash. Mar. 12, 2019) (dismissing case with prejudice and noting "Strojnik's history of predatory, unethical filings and hard-to-believe assertions").

---

[1] The District Court in *Strojnik v. Victus Group* declined to adopt the Magistrate's recommendations, issued in September 2019, because the "body of case law had not developed by the time the F&R was issued, and thus, was not available to the Magistrate Judge."  2020 U.S. Dist. LEXIS 54117 at n. 1 (E.D. Cal. March 27, 2020).  That same argument applies to the November 2019 magistrate decision from *Strojnik v. GF Carneros Tenant, LLC* (N.D. Cal 3:19-cc-03583 at Dkt. 28) (*GF Carneros*), cited by Plaintiff in his Response, which is clearly an outlier.
[1] The Court granted Plaintiff leave to amend his complaint, and provided him 30 days to do so.  Plaintiff filed a second amended complaint in the *Strojnik v. SCG* matter within hours of the dismissal order.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

5

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

The operative facts in this case have not changed. Plaintiff still refuses to specify how any of the alleged barriers violate the ADA, and, importantly, how they affect his personal disability. See *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743, at *10 (C.D. Cal. Jan. 22, 2020) (Strojnik "does not identify what features or information Plaintiff requires for his accessibility needs . . . [and] . . . Plaintiff must do more than merely identify barriers that he encountered – he must plead how each barrier affected him because of his disability.") Instead, like in his first two complaints and in each of the cases he fails to acknowledge in his Opposition, Plaintiff leaves the court to guess as to what violations might exist, and how they impacted him. He provides no facts whatsoever to address this Court's prior dismissal order or indicate that he encountered a specific barrier at the Hotel that impacted his access in any way. He cannot establish injury-in-fact.

For the same reasons, Strojnik also fails to state a claim under the ADA. He does not identify any barriers or how they impacted him. "[B]ecause he did not state what was missing from SCG American's website or connect that missing information to his disability, Strojnik has not stated an ADA claim." *(Dkt*. 25 at pp. 7-8). Moreover, because "Strojnik has not explained how alleged [physical] barriers deny him full and equal access as a result of his disability," his SAC also fails to state a physical barrier claim. *Id*. at p. 8.

## IV. STROJNIK DOES NOT ALLEGE A GENUINE INTENT TO RETURN OR DETERRENCE

Plaintiff's Opposition does not address the authority Defendant cites in support of the argument that he does not allege a genuine intent to return. *See*, *e.g.*, *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DSF-GJS, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020); *Strojnik v. Pasadena Robles*, No. 2:19-cv-02067-AB-PJW, Doc. 23 (C.D. Cal. Aug. 14, 2019); *Strojnik v. Swantown Inn & Spa LLC*, No. CV 2:18-01831 RBL (W.D. Wash. Mar. 12, 2019) (dismissing case with

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1                                    6

REPLY IN SUPPORT OF MOTION TO DISMISS            Case No. 8:19-cv-01560-JVS-JDE
PLAINTIFF'S SECOND AMENDED COMPLAINT

prejudice and noting "Strojnik's history of predatory, unethical filings and hard-to-believe assertions"); *see also Strojnik v. Victus Grp., Inc.*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. March 27, 2020) (there are "insufficient factual allegations that justify an inference that Strojnik would attempt to book a room and stay with SSR if the barriers relating to his disability are actually remedied or otherwise brought in to compliance with the ADA.").[2]

While Strojnik's Response relies heavily on the *CREEC* case, *CREEC* does not negate the requirement that Plaintiff provide evidence of concrete travel plans. It is also distinguishable from the circumstances of this case. Not only does Strojnik fail to provide any factual support for his blanket assertions, but he fails to articulate any specific plan to return or explain why he is likely to stay at or visit the Hotel in the future. Moreover, *CREEC* reiterated that courts must make "case-by-case determinations about whether a particular plaintiff's injury is imminent." *See CREEC*, 867 F.3d at 1100. Indeed, even after CREEC, district courts throughout California still require "evidence of concrete travel plans to show that a disabled plaintiff intends to visit a facility in the near future." *See, e.g., Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at *6-7 (N.D. Cal. Jan. 19, 2018)*; Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS 149513, at *7-8 (C.D. Cal. Sept. 13, 2017).

A closer reading of *CREEC* reveals that the Ninth Circuit was not so cut-and-dry with its analysis as Plaintiff proposes in his Opposition brief. *CREEC* reiterated that courts must make "case-by-case determinations about whether a particular

---

[2] The District Court in *Strojnik v. Victus Group* declined to adopt the Magistrate's recommendations, issued in September 2019, because the "body of case law had not developed by the time the F&R was issued, and thus, was not available to the Magistrate Judge." 2020 U.S. Dist. LEXIS 54117 at n. 1 (E.D. Cal. March 27, 2020). That same argument applies to the November 2019 magistratef decision from *Strojnik v. GF Carneros Tenant, LLC* (N.D. Cal 3:19-cc-03583 at Dkt. 28) (*GF Carneros*), cited by Plaintiff in his Response, which is clearly an outlier. See also *Strojnik v. 574 Escuela, LLC* (N.D. Cal. 3:18-cv-06777 at Dkt. 24) (denying dismissal while acknowledging that its holding was inconsistent with 9th Circuit and Supreme Court jurisprudence, noting, inter alia, it is not readily apparent how these allegations are meaningfully different from the "some day" travel plans the Supreme Court found to be insufficient for standing in that case.")

BN 40544708v1   7   REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT   Case No. 8:19-cv-01560-JVS-JDE

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

plaintiff's injury is imminent." *See CREEC*, 867 F.3d at 1100. Indeed, even after *CREEC*, district courts throughout California still require "evidence of concrete travel plans to show that a disabled plaintiff intends to visit a facility in the near future" *citing Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335-37 (11th Cir. 2013) (assessing various factors in determining whether plaintiff suing under ADA Title III was likely to actually visit the supermarket, including prior visits, proximity of residence to store, plans for future visits, and status as an "ADA tester who has filed many similar lawsuits"). *CREEC*, 867 F.3d at 1100; s*ee, e.g.*, *Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at *6-7 (N.D. Cal. Jan. 19, 2018); *Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS 149513, at *7-8 (C.D. Cal. Sept. 13, 2017). Similarly, in *Brooke v. RK Inv. Props.* opinion, the Northern District of California interpreted *CREEC* as still requiring the classic approach to standing in the ADA cases regardless of any plaintiff's tester status. *Brooke v. RK Inv. Props.*, 2018 U.S. Dist. LEXIS 9120, at *6-7 (ordering Plaintiff to show cause "why the failure to identify accessible-rooms available for reservation on a website booking tool violates the ADA."). *Rocca* similarly interpreted CREEC as requiring that the plaintiff establish standing as laid out in *Lujan*. *See Rocca v. Jalidat, Inc.*, 2017 U.S. Dist. LEXIS 149513, *7-8 (C.D. Cal. 2017); *see also Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1164 (C.D. Cal. 2005) (holding "[w]here a plaintiff has visited a restaurant only once, the lack of a 'history of past patronage seems to negate the possibility of future injury at [that] particular location'" and finding against a likelihood of future harm because plaintiff lives more than 100 miles from the public accommodation) (citations omitted)).

With this more accurate context of the *CREEC* opinion, Defendant's argument stands that, in these circumstances, Plaintiff has provided nothing more than conclusory, "some day" plans to return to Defendant's property at some uncertain point in the future, which is not enough to establish standing here. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992); *see Barnes v. Marriott Hotel*

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

8

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

*Servs.*, 2017 U.S. Dist. LEXIS 22588, at *24 (N.D. Cal. Feb. 16, 2017) (plaintiff failed to establish standing where she stated nothing more than "'some day' intentions" to return "at an uncertain point in the future…"). Plaintiff's claims here are highly distinguishable from those in *CREEC*.[3] The plaintiffs in *CREEC* described their particular interactions with the hotel, backed by definitive intentions to go visit the hotel in the first place, definitive barriers they knew about, and definitive intentions to visit the hotel at issue again.

In comparison, Strojnik here does not allege any specific plans he had to visit ***the Hotel***, does not allege that he ever patronized the Hotel, does not state when he allegedly looked online, lives 350 miles away from the Hotel, has no active intention to visit ***the Hotel*** in the future, did not call or do anything to confirm his assumption of inaccessibility at the Hotel, and does not allege any reason why he would ever visit the Hotel specifically. Strojnik ignores all of these clear distinctions that call into question his vaguely professed intent to return.

The circumstances of this case strongly indicate that Strojnik does not have a genuine intent to return to the Hotel. In light of Strojnik's identical allegations in so many other federal ADA cases, his vague allegations here are even more suspect. Strojnik's claims regarding his intent to return are not genuine, credible, or plausible.

Similarly, Strojnik does not genuinely allege that he has been deterred. As discussed above, he does not allege any actual knowledge of any barrier that would have impacted his ability to access the Hotel's accommodations based on his disability. He does not specify what barriers he even thinks existed, but merely cites grainy photographs and states his assumptions about the existence of barriers and his reaction thereto. Plaintiff also failed to tie them to his alleged disability as required to show the violation "affect[s] the plaintiff in a personal and individual

---

[3] Plaintiff's claims here are much closer to the precedent Defendant cited in the Motion to Dismiss, most of which Plaintiff conveniently ignores.

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

9

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

way." *Strojnik v. Pasadena Robles*, No. 2:19-cv-02067-AB-PJW, Doc. 23, at *4 n. 1 (C.D. Cal. Aug. 14, 2019) (quoting *Lujan*, 504 U.S. at 560 n. 1); *see also Strojnik v. Victus Grp., Inc.*, 2020 U.S. Dist. LEXIS 54117 (E.D. Cal. March 27, 2020) (there are "insufficient factual allegations that justify an inference that Strojnik would attempt to book a room and stay with SSR if the barriers relating to his disability are actually remedied or otherwise brought in to compliance with the ADA."), *citing Strojnik v. IA Lodging Napa*, 2020 U.S. Dist. LEXIS 32075 at *10-*11. Strojnik's unwarranted assumptions do not amount to genuine deterrence.

In light of Strojnik's failure to identify any specific barriers, how they deterred him from access based on his disability, and the implausibility of all of his pertinent intentions, as detailed above, Strojnik does not establish standing on a deterrence theory either. His claims should be dismissed.

## V. <u>STROJNIK IGNORES HIS LITIGATION HISTORY</u>

Because it so obviously impacts his credibility, Strojnik completely ignores the affect his litigation history has on his ability to show genuine deterrence. Indeed, he ignores the many authorities cited by Defendant that deem such history relevant to determining both a plaintiff's intent to return and motivations for filing the lawsuit. An ADA plaintiff's litigation history can be properly considered as evidence undermining his or her professed intent to return. Specifically, courts consider litigation history a relevant factor in evaluating whether the plaintiff's professed intent is genuine. *Vogel v. Sym Props., LLC (Vogel I)*, 2017 U.S. Dist. LEXIS 214360, at *16 (C.D. Cal. 2017) ("Though past litigation history alone is not sufficient to impugn a plaintiff's credibility, courts do consider prior suits in evaluating a plaintiff's stated intent to return to a particular establishment."). Where the plaintiff's alleged intent to return is not genuine, the plaintiff lacks standing to pursue his or her action. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, at 953 (9th Cir. 2011) ("[A plaintiff] lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine.").

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

10

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

As the court noted in *Vogel I*, "[t]he issue is not whether Plaintiff is a serial ADA tester, but whether he misrepresented the purpose of his visit" to Defendant's property. *Vogel 1*, 2017 U.S. Dist. LEXIS 214360, at *15-16. The filing of "hundreds of suits against hotels and motels over the past few years all over California, despite living in Arizona, calls into question [Strojnik's] intent and ability to visit these facilities in general." *See Brooke v. R.K. Investment Prop.*, 2018 U.S. Dist. LEXIS 9120, at *5-6 (N.D. Cal. Jan. 19, 2018) (Northern District of California dismissing lawsuit filed by Plaintiff Strojnik's son on behalf of serial plaintiff Theresa Brooke).

Plaintiff fails to allege injury-in-fact or any genuine intent to return to the Hotel. His litigation history and the allegations he has made in other lawsuits in the same time period at issue are absolutely relevant to that determination.

## VI.   **STROJNIK'S STATE LAW CLAIMS FAIL**

Strojnik does not attempt to rebut Defendant's arguments against his state claims. He simply states: "[s]ince Plaintiff disagrees with the premise of the proposition, Plaintiff requests that the Court retain jurisdiction over all State Law Claims." This is not an argument, and does not warrant a response or the Court's consideration.

Plaintiff's state law claims are derivative of his improper federal claims, and therefore also fail. "[W]here a Court lacks Article III jurisdiction over a plaintiff's ADA claim for lack of standing, the Court has no discretion to retain supplemental jurisdiction over the plaintiff's remaining state law claims." *Strojnik v. SCG*, Dkt. 25 at p. 8, *citing Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) ("[W]ith the dismissal of [plaintiff's] federal constitutional claim for lack of standing, we have no authority to retain jurisdiction.") In any case, the Court should dismiss Strojnik's state law claims because the monetary remedies sought and the applicable state standards substantially predominate over his separate federal ADA claims.

## VII. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint with prejudice and issue an order showing cause why he should not be declared a vexatious litigant.

DATED: May 12, 2020

BUCHALTER
A Professional Corporation

By: */s/ Tracy A. Warren*
TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant SCG
AMERICAN CONSTRUCTION INC

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 40544708v1

12

REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE