1  BUCHALTER
   A Professional Corporation
2  TRACY A. WARREN (SBN: 228013)
   RICK A. WALTMAN (SBN: 306463)
3  655 West Broadway, Suite 1625
   San Diego, CA 92101
4  Telephone: 619.219.5335
   Email: twarren@buchalter.com
5         rwaltman@buchalter.com

6  Attorneys for Defendant
   SCG AMERICAN CONSTRUCTION INC.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 PETER STROJNIK, SR.              Case No. 8:19-cv-01560-JVS-JDE

12        Plaintiff,               **SUPPLEMENTAL REQUEST FOR
                                   JUDICIAL NOTICE IN SUPPORT
13     vs.                         OF NOTICE OF MOTION AND
                                   MOTION TO DISMISS
14 SCG AMERICAN CONSTRUCTION       PLAINTIFF'S SECOND AMENDED
   INC. DBA HYATT REGENCY          COMPLAINT AND DECLARE
15 ORANGE COUNTY,                  PLAINTIFF A VEXATIOUS
                                   LITIGANT [ECF #29]**
16        Defendant.

17                                 Hearing Date: August 3, 2020
                                   Time:         1:30 p.m.
18                                 Judge:        Hon. James V. Selna

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

**SUPPLEMENTAL REQUEST FOR JUDICIAL**          Case No. 8:19-cv-01560-JVS-JDE
**NOTICE ISO NOTICE OF MOTION AND MOTION**
**TO DISMISS FIRST AMENDED COMPLAINT**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Evidence 201(b), Defendant SCG AMERICAN CONSTRUCTION INC. ("Defendant") hereby requests that the Court take judicial notice of the following documents and facts in support of its Motion to Dismiss Plaintiff's First Amended Complaint and to Declare Plaintiff a Vexatious Litigant, filed concurrently herewith.

Rule 201 permits the Court to take judicial notice of facts which are not subject to reasonable dispute. Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it is either (1) "generally known within the trial court's territorial jurisdiction," or (2) capable of accurate and ready determination from "sources whose accuracy cannot reasonably be questioned." *Id*. If a party requests judicial notice of such a fact, the court "must take judicial notice." Fed. R. Evid. 201(c)(2). Public records available from reliable sources on the Internet, such as websites run by governmental agencies, are generally properly subject to judicial notice. *Ryan v. City of Lincoln*, No. 18-cv-00096-KJM-DB, 2018 6415640 at *2 (E.D. Cal. Dec. 6, 2018); *see also Farina v. 700 Valencia St.*, 2015 U.S. Dist. LEXIS 109076, *12-13 (N.D. Cal. 2015) (taking judicial notice of Delaware and California Secretary of State websites); *Johnson v. Alhambra & O Associates, et al.*, No. 19-cv-00103-JAM-DB, Doc. No. 15, *3-4 (E.D. Cal. June 24, 2019) (taking judicial notice of attorney profile on State Bar of California website and case query results); *Cty. Of Santa Clara v. Trump*, 250 F. Supp. 3d 497, 510 n. 2 (N.D. Cal. 2017) (taking judicial notice of letter from Assistant Attorney General maintained on official government website), *recon. denied*, 267 F. Supp. 3d 1201 (N.D. Cal. 2017).

Accordingly, Defendant hereby respectfully requests that the Court take judicial notice of Exhibits 2-6 in support of its Motion:

BUCHALTER
A PROFESSIONAL CORPORATION
SAN DIEGO

REQUEST FOR JUDICIAL NOTICE ISO NOTICE
OF MOTION AND MOTION TO DISMISS FIRST
AMENDED COMPLAINT

Case No. 8:19-cv-01560-JVS-JDE

| Exhibit 2: | ORDER ON DEFENDANT'S SECOND MOTION TO DISMISS; MOTION FOR SANCTIONS; AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, *Strojnik v. IA Lodging Napa First LLC*, Northern District of California Case No. 19-cv-03983-DMR, Dkt. 66 (June 1, 2020) |
| Exhibit 3: | ORDER GRANTING MOTION TO DISMISS, *Strojnik v. Shandilya*, Central District of California Case No. SA CV 20-0254-DOC (ADSx), Dkt. 38 (May 28, 2020) |
| Exhibit 4: | ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND, *Strojnik v. Host Hotels & Resorts, Inc.*, Central District of California Case No. 19-00136 JMS-RT, Dkt. 62 (May 26, 2020) |
| Exhibit 5: | ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND, *Strojnik v. President Hotel Investment.*, Central District of California Case No. SA CV 20-0258-DOC (ADSx), Dkt. 44 (May 28, 2020) |
| Exhibit 6: | ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND, *Strojnik v. Shakti Investments, LLC.*, Central District of California Case No. SA CV 20-0256-DOC (ADSx), Dkt. 21 (May 28, 2020) |

DATED:  June 1, 2020

BUCHALTER
A Professional Corporation


By:  /s/ Rick A. Waltman
TRACY A. WARREN
RICK A. WALTMAN
Attorneys for Defendant
SCG AMERICAN CONSTRUCTION
INC.

BUCHALTER
A Professional Corporation
San Diego

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE ISO NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Case No. 8:19-cv-01560-JVS-JDE

# EXHIBIT 2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>              Plaintiff,<br><br>      v.<br><br>IA LODGING NAPA FIRST LLC,<br><br>              Defendant. | Case No.  19-cv-03983-DMR<br><br>**ORDER ON DEFENDANT'S SECOND MOTION TO DISMISS; MOTION FOR SANCTIONS; AND MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT**<br><br>Re: Dkt. Nos. 8, 51, 57 |

On July 10, 2019, pro se plaintiff Peter Strojnik filed this case against IA Lodging Napa First LLC ("Andaz Napa"), alleging that architectural barriers at Andaz Napa's hotel ("Hotel") violate the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and related state laws. [Docket No. 1 ("Compl.").]  Andaz Napa moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1).  [Docket No. 7.]  Concurrently, Andaz Napa moved to declare Strojnik a vexatious litigant.  [Docket Nos. 8 ("VL Mot."), 25 ("VL Reply").]

On October 24, 2019, the court held a hearing on both motions.  Following the hearing, the court ordered Strojnik to file supplemental information relevant to the vexatious litigant motion. [Docket No. 40 ("Order to Comply").]  Strojnik filed objections.  [Docket No. 41.]  On March 19, 2020, the court ordered Strojnik to comply with the order for supplemental information.  [Docket No. 55.]  On March 21, 2020, Strojnik filed supplemental information as ordered.  [Docket No. 56.]

The court granted Andaz Napa's first motion to dismiss on February 25, 2020.  [Docket No. 49 ("Order on MTD").]  Strojnik filed an amended complaint on March 10, 2020.  [Docket No. 50 ("FAC").]  Andaz Napa filed another Rule 12(b)(1) motion challenging the amended complaint. [Docket No. 51 ("MTD Mot."), 59 ("MTD Reply").]  Strojnik opposed.  [Docket No. 54 ("MTD Opp.").]

Currently pending before the court are Andaz Napa's second motion to dismiss and motion

to declare Strojnik a vexatious litigant.[1]  For the reasons stated below, the motions are granted. Strojnik's amended complaint is dismissed with prejudice for failure to allege standing as to his ADA claims, and his remaining state law claims are dismissed without prejudice as the court declines to exercise supplemental jurisdiction over those claims.  The court also enters a pre-filing order requiring that Strojnik's future disability access complaints filed in the Northern District of California be reviewed by the court prior to service of the summons and complaint.[2]

# I.     REQUESTS FOR JUDICIAL NOTICE

In support of the vexatious litigant motion, Andaz Napa has filed multiple requests for judicial notice ("RJNs").

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201. "[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and the court need not accept as true allegations that contradict facts that are judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## A.     First RJN [Docket No. 29 ("RJN 1")][3]

Andaz Napa's first RJN requests judicial notice of the following documents:

- Exhibits 1-2: Motions by the State of Arizona to intervene in federal ADA cases for

---

[1] Strojnik filed a motion to stay consideration of this motion.  [Docket No. 63.]  It is based on a recent decision by the Honorable James V. Selna declaring Strojnik a vexatious litigant and entering a pre-filing order against him in the Central District of California.  *See Strojnik v. SCG American Construction Inc.*, Case No. 19-cv-1560 (C.D. Cal. Apr. 19, 2020).  Strojnik argues that the current motion should not be decided before Judge Selna rules on Strojnik's request that the court supplement its vexatious litigant order.  The motion to stay is denied as moot because Judge Selna has since ruled on (and rejected) Strojnik's objections.  *See id.*, Docket No. 31.

[2] Andaz Napa filed a motion for sanctions based on Strojnik's failure to comply with the court's order for supplemental information.  [Docket No. 57.]  The motion is denied.  Although Strojnik's objections were not well-taken, he filed the requested information in substantially compliant form two days after the court overruled his objections.  Additionally, the court is granting the vexatious litigant motion and dismissing the case with prejudice.  Further sanctions are not warranted.

[3] Andaz Napa filed prior RJNs which are all consolidated in RJN 1.

United States District Court
Northern District of California

which Strojnik was counsel

- Exhibits 3-5: Documents filed by the State Bar of Arizona as part of its complaint against Strojnik

- Exhibit 6: The State Bar of Arizona attorney profile for Strojnik, listing official actions by it against Strojnik

- Exhibit 7: PACER search results for Strojnik that show his litigation activities in federal courts in California, Oregon, Washington, New Mexico, Idaho, Hawaii, Texas, and Puerto Rico as of August 6, 2019

- Exhibit 8: Courthouse News search results for Strojnik showing his litigation activities in California state courts

- Exhibits 9-34, 36: Filings and court orders in ADA cases for which Strojnik was either counsel for the plaintiff or representing himself

- Exhibit 35: Updated PACER search results for Strojnik that show his litigation activities in federal courts as of August 27, 2019

The court grants RJN 1 as to Exhibits 1-5, 9-34, and 36. All of these exhibits contain matters of public record that are relevant to the issues in this order. RJN 1 is denied as to Exhibit 6 because it does not contain relevant information that is not already contained in Exhibits 3-5. It is also denied as to Exhibits 7 and 35. They both contain PACER results relating to Strojnik's federal court litigation activities. Although the court takes judicial notice of the existence of Strojnik's individual ADA cases, the PACER results themselves are not necessary for determination of this matter. Similarly, RJN 1 is denied as to Exhibit 8, which contains Courthouse News search results for Strojnik's state litigation in California. While the underlying cases cited in Exhibit 8 are subject to judicial notice, the court declines to separately consider the search results from Courthouse News.

**B.     Second RJN [Docket No. 44 ("RJN 2")]**

RJN 2 requests judicial notice of the following documents:

- Exhibits 37-46: Filings and court orders in ADA cases in which Strojnik represented himself

The court grants RJN 2. These documents are matters of public record and relevant to the

issues in this order.

C. **Third RJN [Docket No. 58 ("RJN 3")]**

RJN 3 requests judicial notice of the following document:

- Exhibit 1: Updated PACER search results for Strojnik that show his litigation activities in federal courts in California, Oregon, Washington, New Mexico, Idaho, Hawaii, Texas, and Puerto Rico as of October 29, 2019

The court denies RJN 3. The court takes judicial notice of the existence of Strojnik's individual ADA cases, but the PACER results are not separately necessary for determination of this matter.

D. **Fourth RJN [Docket No. 62 ("RJN 4")]**

RJN 4 requests judicial notice of the following document:

- Exhibit 1: Court order declaring Strojnik a vexatious litigant and granting dismissal of his first amended complaint in *Strojnik v. SGC American Construction, Inc.*, Case No. 19-cv-1560 (C.D. Cal. April 19, 2020) ("*SGC*")

The court grants RJN 4. The document is a matter of public record and relevant to the issues in this order.

E. **Fifth RJN [Docket No. 65 ("RJN 5")]**

RJN 5 requests judicial notice of the following document:

- Exhibit 1: Court order denying Strojnik's request to supplement the order declaring him a vexatious litigant in *SGC*

The court grants RJN 5. The document is a matter of public record and relevant to the court's decision to deny Strojnik's motion to stay in this case, as explained in footnote 1, above.

II. **BACKGROUND**

A. **Strojnik's Disability Access Litigation**

Strojnik is a "retired 67 year old disabled veteran and a former lawyer" who lives in Arizona. [Docket No. 23 ("Strojnik Decl.") ¶¶ 2, 20.] As an attorney, Strojnik represented disabled individuals in both state and federal court and filed over 1,700 complaints in Arizona state courts. *Id.* ¶ 2; RJN 1, Ex. 3 ("Order of Interim Suspension"), at 4. The Attorney General of Arizona filed

a motion to intervene on behalf of the State in one such case, *Advocates for Individuals with Disabilities, LLC v. 1639 40th Street LLC*, Maricopa County Superior Court Case No. CV2016-090506, which involved over 1,000 consolidated cases.[4] Another federal court summarized those state court proceedings as follows:

> [O]n request of the Arizona Attorney General, more than 1,000 identical cases filed by Strojnik and [his associate] were consolidated in Arizona superior court. By written order of March 2, 2017, the superior court dismissed all the consolidated cases with prejudice for lack of standing, except one. . . . [In the one case that was not dismissed,] a different judge had previously ruled the complaint was "sufficient to withstand a Motion to Dismiss based on lack of standing."

*Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 894 (D. Ariz. 2017). The state court presiding over the consolidated cases found that the plaintiffs lacked standing because they "failed to show a distinct and palpable injury in these cases." *Id.*

The State Bar of Arizona opened an investigation into Strojnik. On July 11, 2018, it suspended Strojnik's bar license because of his conduct relating to ADA and state law disability litigation. Order of Interim Suspension at 4. According to the State Bar of Arizona, the complaints in the cases filed by Strojnik were "all very similar, alleging vague and non-specific violations." *Id.* It found that Strojnik demanded large attorneys' fees in each case, regardless of whether the business remedied the alleged violations. *Id.* In some cases, he sued dirt lots or businesses that were not subject to the ADA and hired people from Craigslist to take pictures of businesses that might be non-compliant. *Id.* at 5. The presiding disciplinary judge determined that "[t]he evidence and testimony show that Mr. Strojnik is partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice." *Id.* at 16. On November 16, 2018, the State Bar of Arizona filed a complaint against Strojnik based on similar allegations relating to his disability litigation. RJN, Ex. 4. Strojnik voluntarily consented to disbarment on May 10, 2019. Strojnik Decl. ¶ 19.

Since his disbarment, Strojnik has represented himself in numerous ADA cases before district courts in the Ninth Circuit. His litigation history in the California federal courts forms the

---

[4] Andaz Napa did not attach the state court filings to its request for judicial notice.

basis for this motion.

### B. The Present Case

As described above, the court granted Andaz Napa's first motion to dismiss on February 25, 2020 on the basis that he failed to allege Article III standing. Strojnik filed an amended complaint, and Andaz Napa's current motion to dismiss argues that his pleadings are still insufficient with respect to standing.

Andaz Napa also moved to declare Strojnik a vexatious litigant. The court ordered Strojnik to provide specific information about his ADA litigation in this district. This information is discussed further below.

The court now analyzes each of the two pending motions.

## III. ORDER ON SECOND MOTION TO DISMISS

Andaz Napa moves to dismiss Strojnik's FAC under Rule 12(b)(1) for lack of standing.

### A. Legal Standard

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Because standing is a jurisdictional issue, it is properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). In order to satisfy Article III's standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

### B. Allegations

Strojnik alleges that he has multiple disabilities, including severe right-sided neural

United States District Court
Northern District of California

foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, renal cancer, and a degenerative right knee. FAC ¶ 3. He asserts that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." *Id.* ¶ 4. Strojnik's FAC includes a table that lists his disabilities and the limitations they impose on his major life activities. *Id.* ¶ 13.

Strojnik represents that he "intended to visit California Wine Country" and reviewed hotel booking websites in advance of his trip. FAC ¶ 25. He identified the Hotel through these sites. *Id.* ¶ 26. Strojnik alleges that both third-party websites and Andaz Napa's website "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservation service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." *Id.* ¶¶ 27, 29. He avers that Andaz Napa's booking website "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." *Id.* ¶ 30.

Strojnik visited the Hotel on April 18, 2019. FAC ¶ 14. He alleges that he encountered numerous barriers during his visit. He identifies these barriers through a series of photographs he took, which depict various features in the Hotel. *Id.* ¶¶ 15-16. Each photograph is captioned with a brief description of the alleged barrier. *Id.* ¶ 15. According to Strojnik, he intends to return to the Hotel when it becomes compliant with the ADA. FAC ¶ 12. Specifically, he states that he has travelled to and lodged in California over 200 times, and visits Wine Country approximately every 6 months to stock up on wine and spirits. *Id.* ¶ 21. Strojnik asserts that he would prefer to stay at the Hotel because it is "centrally located to the various wineries in the area and because it appears to be of sufficient quality and star rating." *Id.* ¶ 20. At the time he filed the FAC, he had two trips to Napa planned (in April and May 2020) and represents that he would stay at the Hotel if it became ADA compliant. *Id.* ¶ 21. Strojnik avers that he is currently deterred from visiting the Hotel because he knows the Hotel is not ADA compliant. *Id.*

### C. Discussion

Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. Standing for injunctive

relief requires a plaintiff to establish a "real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). Ninth Circuit caselaw establishes that an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011). Andaz Napa asserts that Strojnik has failed to establish either an injury-in-fact coupled with an intent to return or, alternatively, that he was deterred from visiting the Hotel because of the allegedly noncompliant features.

### 1. Actual Encounters

An ADA plaintiff may establish standing if he encountered a noncompliant barrier related to his disability and there is "a sufficient likelihood that he will again be wronged in a similar way." See *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

### a. Injury-in-Fact

In granting Andaz Napa's first motion to dismiss, the court explained that Strojnik's complaint failed to allege injury-in-fact because he "does not explain which accessibility features are required to accommodate his disability." Order on MTD at 4. The court noted that the pictures Strojnik attached to his complaint contain vague and generic captions that include no information about how the depicted features violate the ADA or pose a barrier to him based on his disabilities. *See Chapman*, 631 F.3d at 947 n. 4 ("[A] plaintiff's standing to claim an ADA violation is necessarily linked to the nature of his disability."). For example, Strojnik alleges that Andaz Napa has an "inaccessible check in counter" but does not explain how that feature relates to his disability. *See* Compl. at 15, 21. He also asserts that Andaz Napa's website did not sufficiently describe accessibility features but does not identify which features are necessary to accommodate his disability or allege that those specific features were not identified on the website.

Despite being on notice of these fundamental pleading deficiencies, Strojnik filed an amended complaint that entirely fails to address them. The FAC contains the same photographs with the same captions. It contains no additional allegations relating to Andaz Napa's website. Although Strojnik submitted additional information about his disabilities, he again failed to state in even the most basic way how the features displayed in the photographs are inaccessible to him based

8

on his disabilities.  *See* FAC at 3.

The court again finds that "the generic descriptions in the complaint are too vague to assess whether and how Strojnik was injured by Andaz Napa."  Order on MTD at 4-5.

### b.    Intent to Return

Since Strojnik has not adequately pleaded an injury-in-fact, the court need not reach whether he has sufficiently alleged an intent to return.  *See Chapman*, 631 F.3d at 944 (holding that an ADA plaintiff may establish standing with respect to actual encounters by "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility").

### 2.    Deterrence

As an alternative to establishing an actual encounter with a barrier, an ADA plaintiff may establish standing by pleading that he was deterred from visiting the facility in the first place.  "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury."  *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)).  However, even under a deterrence theory, a plaintiff must allege "actual knowledge of a barrier" and an intent to visit a facility once it is ADA compliant.  *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("*CREEC*").

Strojnik's FAC, like his original complaint, fails to adequately plead that he was deterred from visiting the Hotel.  For the reasons explained above, he has not alleged actual knowledge of the barriers related to his disability that deterred him from patronizing the Hotel.  The photographs attached to his complaint have generic and vague descriptions that do not explain either why the identified features are not ADA compliant or how they are related to his disability.

In sum, Strojnik has once again failed to plead either injury-in-fact or deterrence, and therefore his complaint must be dismissed for lack of standing.[5]  Each of the issues examined above was addressed in the court's order on Andaz Napa's first motion to dismiss.  The court explicitly laid out which allegations were insufficient and gave Strojnik the opportunity to address those

---

[5] The court declines to exercise supplemental jurisdiction over Strojnik's remaining state law claims.

9

deficiencies. He has failed to do so. Although he is self-represented, he is no lay person. Given his long history and experience as a lawyer in disability access litigation which has resulted in significant judicial rulings on the issue of standing, he cannot base his pleading failures on a lack of knowledge or unfamiliarity with that legal doctrine. Accordingly, Strojnik's FAC is dismissed with prejudice as to his ADA claims, and without prejudice as to the state law claims for which the court declines supplemental jurisdiction.

## IV.  VEXATIOUS LITIGANT MOTION

### A.  Legal Standard

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). Under the All Writs Act, a district court has "the inherent power . . . to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," including through the use of pre-filing orders. *Id.* at 1147 (internal quotation marks omitted). However, such orders are "an extreme remedy that should rarely be used." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Restricting access to the courts is . . . a serious matter" that carries constitutional implications. *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014); *see also Molski*, 500 F.3d at 1057 ("Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts.").

### B.  Discussion

In *De Long*, the Ninth Circuit outlined four factors that district courts must consider before entering a pre-filing order against a litigant. First, the litigant must be given notice and an opportunity to be heard. *De Long*, 912 F.2d at 1147. Second, the district court must "create an adequate record for review." *Id.* Third, the court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* at 1148 (quoting *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988)). Finally, pre-filing restrictive orders "must be narrowly tailored to closely fit the specific vice encountered." *Id.*

//

10

### 1. Notice and Opportunity to be Heard

The first factor "simply requires that the litigant be given an opportunity to oppose the order before it is entered." *Ou-Young v. Roberts*, No. 13-cv-4442-EMC, 2013 WL 6732118, at *8 (N.D. Cal. Dec. 20, 2013). No hearing is required as long as the party potentially subject to a pre-filing order has the opportunity to fully brief the issue. *Reddy v. MedQuist, Inc.*, No. 12-cv-01324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012).

Here, Strojnik had the opportunity to file an opposition to the motion and also presented oral argument. Accordingly, the first *De Long* factor has been met here.

### 2. Adequate Record for Review

The second *De Long* factor requires the court to create an adequate record for review. *De Long*, 912 F.2d at 1147. An adequate record for review "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order is needed." *Id.* At the least, the record must "show, in some manner, that the litigant's activities were numerous or abusive." *Id.*

There is an ample record for review. In response to the court's order to provide supplemental information, Strojnik filed a spreadsheet that lists all of the ADA cases that he has filed in federal courts in California as of March 20, 2020. [Supp. Br., Ex 1 ("Spreadsheet").] The spreadsheet describes 114 cases,[6] including 34 filed in the Northern District of California, and indicates the litigation status (settlement, judgment, appeal, or ongoing) of each case. *Id.* The spreadsheet lists the estimated costs he expends for each lawsuit and reports that the gross total amount he has received in settlement is $249,079. For most of the cases, Strojnik also provided what he labels as "due diligence reports" that list the defendant entities, show screenshots of their allegedly inaccessible websites, and provide pictures of the barriers he allegedly encountered at the sites. *See* Supp. Br., Exs. 2-107.

The court reviewed all 114 cases filed by Strojnik in California district courts and takes judicial notice of the same. The relevant information about these cases is summarized as follows:

- ADA cases filed in California district courts: 114

---

[6] There are 116 cases listed, but two of them are duplicative.

United States District Court
Northern District of California

- o  Northern District: 34
- o  Eastern District: 24
- o  Central District: 34
- o  Southern District: 22
- Cases tried on the merits: 0
- Cases Strojnik reports as settled, in which the defendant did not make an appearance: 20
- Cases Strojnik reports as settled, in which the defendant made an appearance but did not file a motion to dismiss (or withdrew a motion to dismiss): 40
- Cases dismissed and closed by the court: 9
  - o  Following a Rule 12(b)(1) motion on lack of standing: 3
    - ▪ *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, Docket No. 23 (C.D. Cal. Aug. 14, 2019) (dismissing without leave to amend for failure to allege standing), *aff'd*, ____ Fed. App'x ____, 2020 WL 1875249 (9th Cir. 2020)
    - ▪ *Strojnik v. Four Sisters Inns, Inc.*, Case No. 19-cv-2991, Docket No. 21 (C.D. Cal. Dec. 9, 2019) (same)
    - ▪ *Strojnik Sr. v. Orangewood LLC*, Case No. 19-cv-946, Docket No. 43 (C.D. Cal. Jan. 22, 2020) (same).  The court in *Orangewood* allowed Strojnik to amend his complaint twice before finally dismissing the complaint with prejudice for failure to allege standing.
  - o  Other reasons: 6
    - ▪ *Strojnik v. Classic Hotels & Resorts LLC*, Case No. 19-cv-5149, Docket No. 11 (N.D. Cal. Jan. 3, 2020) (dismissing complaint for failure to prosecute)
    - ▪ *Strojnik v. Griffin*, Case No. 18-1619, Docket No. 25 (E.D. Cal. Dec. 2, 2019) (order adopting magistrate judge's report and recommendation and dismissing complaint for failure to follow court orders and failure to prosecute)

- *Strojnik v. Integrated Capital, LLC*, Case No. 19-cv-1099, Docket No. 11 (E.D. Cal.) (order adopting magistrate judge's report and recommendation and dismissing complaint for failure to follow court orders and failure to prosecute)

- *Strojnik v. Singpoli Group, LLC,* Case No. 19-cv-66, Docket No. 14 (C.D. Cal. Feb. 14, 2019) (dismissing complaint for failure to comply with court orders), *aff'd*, ___ Fed. App'x. ___, 2020 WL 1877692 (9th Cir. 2020)

- *Strojnik v. DMD Lodging, Inc.*, Case No. 20-cv-64, Docket No. 11 (C.D. Cal. Apr. 1, 2020) (dismissing complaint for failure to prosecute and failure to comply with court orders)

- *Strojnik v. La Jolla Bed & Breakfast Inc.*, Case No. 19-cv-1186, Docket No. 8 (S.D. Cal. Jan. 9, 2020) (dismissing complaint without prejudice for failure to prosecute)

- Ongoing: 41
  - *Sua sponte* dismissing complaint for failure to allege standing and granting leave to amend: 4
    - *Strojnik v. SWK Properties, LLC*, Case No. 20-cv-255, Docket No. 20 (C.D. Cal. May 5, 2020)
    - *Strojnik v. Shakti Investments, LLC*, Case No. 20-cv-256, Docket No. 7 (C.D. Cal. Apr. 2, 2020)
    - *Strojnik v. Lee Family Trust*, Case No. 20-cv-257, Docket No. 14 (C.D. Cal. May 5, 2020)
    - *Strojnik v. 1315 Orange LLC*, Case No. 19-cv-1991, Docket No. 3 (S.D. Cal. Oct. 25, 2019)
  - Granting a motion to dismiss with leave to amend: 8 (including the present case)
    - *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23 (N.D. Cal. Dec. 19, 2019)
    - *Strojnik v. Bakersfield Convention Hotel Convention I, LLC*, Case No.

19-1098, Docket No. 17 (E.D. Cal. Jan. 31, 2020)

- *Strojnik v. Hotel Circle GL Holdings, LLC*, Case No. 19-cv-1194, Docket No. 22 (E.D. Cal. Nov. 21, 2019)
- *Strojnik v. Wickstrom Hospitality, LLC*, Case No. 19-cv-2043, Docket No. 15 (E.D. Cal. May 15, 2020)
- *Strojnik, Sr. v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 (C.D. Cal. Apr. 19, 2020)
- *Strojnik Sr. v. Shandilya, Inc.*, Case No. 20-cv-254, Docket No. 23 (C.D. Cal. May 5, 2020)
- *Strojnik Sr. v. President Hotel Investment, LLC*, Case No. 20-cv-258, Docket No. 27 (C.D. Cal. May 5, 2020)

o Denying a motion to dismiss: 2

- *Strojnik v. 574 Escuela, LLC*, Case No. 18-cv-6777-JD, Docket No. 20 (N.D. Cal. Mar. 31, 2020)
- *Strojnik v GF Carneros Tenant, LLC*, Case No. 19-cv-3583-JSC, Docket No. 28 (N.D. Cal. Nov. 13, 2019)

o Pending a ruling on a dispositive motion: 12

o Pending a ruling on a vexatious litigant motion: 4 (including the present case)

- *Strojnik v. VY Verasa Commercial Company LLC*, Case No. 19-cv-2556-WHO (N.D. Cal.)
- *Strojnik v. Xenia Hotels & Resorts, Inc.*, Case No. 19-cv-3082-NC (N.D. Cal.)
- *Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.)

o Declaring Strojnik a vexatious litigant: 1

- *Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 (C.D. Cal. Apr. 19, 2020)

o Other cases pending actions: 1

- ▪ *Strojnik v. The Victus Group, Inc.*, Case No. 18-cv-1620, Docket No. 16 (E.D. Cal. Mar. 27, 2020): District judge declined to adopt report and recommendation to enter default judgment against defendant on the basis that Strojnik failed to allege standing.

- Miscellaneous: 4
  - ○ Voluntarily dismissed but unclear whether it was due to settlement: 3
  - ○ Other: 1
    - ▪ *Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.): Defendant made an offer of judgment with respect to Strojnik's claims, which Strojnik accepted. Litigation continues over Defendant's counterclaim.

Notably, the case information submitted by Strojnik omits some important details. For example, Strojnik reported that several cases had not been dismissed and implied that they were ongoing as of March 20, 2020. *See Strojnik v. Griffin*, Case No. 18-cv-1619 (E.D. Cal.); *Strojnik v. Integrated Capital, LLC*, Case No. 19-cv-1099 (E.D. Cal.), *Strojnik v. Classic Hotels & Resorts LLC*, Case No. 19-cv-5149-LHK (N.D. Cal.). In fact, those cases were dismissed before Strojnik filed his supplemental information, all on the basis of failure to prosecute, failure to comply with court orders, or both. Strojnik also cited *Strojnik v. The Victus Group, Inc.*, Case No. 18-cv-1620 (E.D. Cal.) as an example of a case where a court found his standing allegations adequately pleaded. This is incorrect and misleading; the court order referenced by Strojnik is a report and recommendation by a magistrate judge on a motion for default judgment that the district judge declined to adopt because Strojnik failed to allege facts to support his standing to bring suit. *See id.*, Docket No. 16 ("The vast majority of pictures are indecipherable, there is no explanation of how or why something is a barrier under the ADAAG, and . . . there are insufficient factual allegations of how any alleged barrier affects Strojnik's disability."). Finally, Strojnik indicated that a court had entered judgment in his favor but did not clarify that the defendant had voluntarily offered the judgment. *See Strojnik v. Torrey Pines Club Corporation*, Case No. 19-cv-650 (S.D. Cal.).

Based on the court's extensive review of Strojnik's ADA litigation in California federal

courts, as summarized above, there is an adequate record for review.

### 3.  Frivolous or Harassing Filings

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *Molski*, 500 F.3d at 1059, and requires the court to "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *De Long*, 912 F.2d at 1148 (quoting *In re Powell*, 851 F.2d at 431.). "To decide whether the litigant's actions are frivolous or harassing, the district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148) (further citations omitted).

*Molski* provides an illustration of applying the *De Long* factors in an ADA case. There, the disabled plaintiff Molski visited a restaurant and used the restroom. 500 F.3d at 1050. He alleged that the restroom did not have enough clear space to allow him to access the toilet from his wheelchair. *Id.* at 1051. As he was exiting the restroom, his hand was allegedly caught in the restroom door and injured. *Id.* He filed an ADA case based on those and other alleged architectural barriers. The defendant restaurant filed a motion to declare Molski a vexatious litigant and the district court granted the motion. *Id.* It noted that Molski had an "extensive history of litigation," and while the number of suits alone does not warrant imposition of a pre-filing order, the "volume of suits might indicate an intent to harass defendants into agreeing to cash settlements." *Id.* The district court also noted that Molski's complaints were "textually and factually similar." *Id.* The court determined that some of Molski's allegations appeared "contrived," such as suffering identical injuries in different establishments on the same day. *Id.* The district court also noted that Molski had "tried on the merits only one of his approximately 400 suits and had settled all the others," which it found was indicative of Molski's intent to extract quick cash settlements. *Id.* at 1052. Accordingly, the court entered a pre-filing order against Molski. The Ninth Circuit affirmed, holding that "[i]n light of the district court's finding that Molski did not suffer the injuries he claimed, it was not clearly erroneous for the district court to conclude that the large number of complaints filed by Molski containing false or exaggerated allegations of injury were vexatious." *Id.* at 1059.

The record underlying this motion bears similarities to that in *Molski*. As detailed above,

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Strojnik has an "extensive history of litigation." *See Molski*, 500 F.3d at 1051. He has settled the

2   majority of his cases early in litigation, either before the defendant has appeared or soon thereafter.

3   This pattern of early settlements may indicate an intent to extract quick case settlements. *See id.* at

4   1052. The complaints in Strojnik's ADA cases are substantially identical, substituting only the

5   name of the defendant and other minor details. For example, the complaint in this case is word-for-

6   word identical to the complaint in *Strojnik v. VY Verasa Commercial Company LLC*, Case No. 19-

7   cv-2556-WHO (N.D. Cal.), except for identifying information about the defendants and the pictures

8   of the alleged barriers.[7] Other courts have also noted that Strojnik's template allegations are nearly

9   identical across cases. *See Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560,

10  Docket No. 25 at 10 (C.D. Cal. Apr. 19, 2020) (citing cases); *MidFirst Bank*, 279 F. Supp. 3d at 893

11  ("Template complaints filled with non-specific allegations have become the stock-in-trade of . . .

12  Peter Strojnik . . . .").

13          Strojnik's boilerplate complaints raise important concerns regarding the fundamental

14  requirement of Article III standing. In order to establish standing by either actual encounters with

15  a barrier or deterrence, an ADA plaintiff must establish that an alleged barrier relates to his

16  disability. *Chapman*, 631 F.3d at 947 n. 4. ("[A] plaintiff's standing to claim an ADA violation is

17  necessarily linked to the nature of his disability."). The court explained above how both Strojnik's

18  original complaint and FAC fail to provide any details about how the Hotel's features pose a barrier

19  to him based on his specific disabilities. As early as 2017, courts in the Ninth Circuit have repeatedly

20  admonished Strojnik for failing to allege a connection between ADA violations and a plaintiff's

21  particular disabilities. This practice was evident in ADA cases for which Strojnik served as counsel.

22  *See, e.g.*, *Advocates for Individuals with Disabilities Found., Inc. v. Circle K Properties, Inc.*, No.

23  16-cv-02358, 2017 WL 2637886, at *5 (D. Ariz. Mar. 20, 2017) ("[W]hile the lodged amended

24  complaint states that [the plaintiff] is disabled, it does not identify what his disability is or how the

25  alleged discriminatory barrier affects his specific disability."); *MidFirst Bank*, 279 F. Supp. 3d at

26  893 ("The complaint never specifies what [the plaintiff's] disability is or how the [defendant's]

27  ───────────────

28  [7] *VY Verasa* also brings a claim based on the Defendants' alleged threats to report Strojnik to the Arizona State Bar. This case does not have such a claim.

17

parking lot's purported deficiencies denied him access to any facilities."); *Gastelum v. Canyon Hospitality LLC*, 2018 WL 2388047, at (D. Ariz. May 25, 2018) ("[The plaintiff] has failed to indicate in any of the complaints how the facility constructs a barrier to his particular disability."). The complaints Strojnik now files on his own behalf contain the exact same flaw. *See, e.g., Strojnik v. v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, Docket No. 23 at 4 fn. 1 (C.D. Cal. Aug. 14, 2019) ("[H]aving failed to articulate in allegations what the specific barriers are, Plaintiff also failed to tie them to his alleged disability as required to show that the violation 'affects the plaintiff in a personal and individual way.'" (quoting *Lujan*, 504 U.S. at 560 n. 1)); *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23 at 7 (N.D. Cal. Dec. 19, 2019) ("The lack of details about Plaintiff's particular physical limitations, combined with the conclusionary captions of the photographs submitted in the addendum, renders the complaint unclear as to whether and how the alleged barriers affected Plaintiff's use of enjoyment of the facility."); *Four Sisters Inns, Inc.*, Case No. 19-cv-2991, Docket No. 21 at 5 (C.D. Cal. Dec. 9, 2019) ("Plaintiff does not state facts showing how the purported violations affect him or interfere with his mobility needs, and the captions in the Addendum are bare legal conclusions cast in the form of factual allegations.").

This court and others have noted Strojnik's intransigence in changing his pleadings practices despite having specific court guidance on the deficiencies. *See supra*; *see also Orangewood LLC*, Case No. 19-cv-946, Docket No. 43 at 8 fn. 7 (C.D. Cal. Jan. 22, 2020) ("Particularly frustrating is Plaintiff's failure to make any changes to Addendum A despite his evolving theories and the specific flaws identified in the Court's prior order."); *Hotel Circle GL Holdings, LLC*, Case No. 19-cv-1194, Docket No. 22 at 5-6 (E.D. Cal. Nov. 21, 2019) ("Several district courts have dismissed complaints similar to the one before this court filed by plaintiff after finding that he did not properly allege standing to invoke the court's jurisdiction in those cases. Plaintiff is therefore well aware of the applicable Ninth Circuit law governing standing to assert an ADA . . . ."). Therefore, Strojnik has a longstanding practice of failing to allege basic facts about standing, such as a connection between a barrier and a plaintiff's disability.

The court previously explained why Strojnik's pleading practices warrant scrutiny under a

United States District Court
Northern District of California

18

vexatious litigant rubric:

> Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims.

Order on Motion to Dismiss at 8. The court's Order to Comply expanded on its concern:

> A litigant who mills out generic complaints that do not meet pleading standards, knowing that either the case will settle without reaching the merits or that the court will grant leave to amend, is abusing the judicial process. Such a litigation strategy wastes the resources of the court, which must repeatedly rule on the same pleading issues. It also imposes unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct. Most concerning, the mere fact of filing a lawsuit (regardless of its pleading sufficiency) may pressure defendants into settling what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense.

Order to Comply at 2. As in *Molski*, the concerns about Strojnik's pleading practices extend well beyond the mere number of cases he files. Here, Strojnik has filed a large volume of cases containing boilerplate allegations that omit basic details necessary to establish standing. He has also demonstrated a pattern of failure to address this fundamental flaw despite rulings from multiple judges. The record as a whole therefore "might indicate an intent to harass defendants." *See Molski*, 500 F.3d at 1051.

Arguably, *Molski* is distinguishable because there was evidence in that case that Molski's allegations were not credible. For example, he alleged that he suffered identical injuries in different establishments on the same day. 500 F.3d at 1051. By contrast, there is no clear evidence that Strojnik has made misrepresentations in his complaints. However, his pleading practices may be designed to deceive. A key repeated concern about Strojnik's pleadings is that his allegations are vague. He repeatedly fails to allege how alleged barriers violate the ADA or affected him based on his specific disabilities. While Molski made specific representations about which injuries he suffered to which parts of his body, Strojnik broadly alleges non-specific violations of the ADA with no supporting authority. As a result, his pleadings provide little information that can either be

confirmed or discredited. The pervasiveness of Strojnik's pleading flaws, coupled with his refusal to correct the issues, suggest that he may be deliberately evading the kind of scrutiny the court applied in *Molski*. Accordingly, the lack of clear misrepresentations in Strojnik's complaints does not assuage the court's concerns.

On April 19, 2020, a court in the Central District of California granted a motion to declare Strojnik a vexatious litigant. *See Strojnik v. SCG America Construction Inc.*, Case No. 19-cv-1560, Docket No. 25 (C.D. Cal. Apr. 19, 2020). That court reviewed Strojnik's extensive ADA litigation history and noted that "countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims." *Id.* at 12. The court recognized that although Strojnik is a pro se litigant, he is "also a former attorney with vast knowledge and experience in the realm of ADA cases" and yet continues to file "near identical lawsuits." *Id.* at 13. The court accordingly entered a pre-filing order enjoining Strojnik from filing ADA cases in the Central District without first obtaining certification from the Chief Judge of that district that his claims are not frivolous or asserted for an improper purpose. *Id.* at 14. The concerns raised by *SCG America Construction* are similar to those examined in this order and provide further support that a pre-filing order is an appropriate remedy at this time.

As detailed above, the vast majority of courts who have reached the issue have granted Rule 12(b)(1) motions for lack of standing or dismissed Strojnik's complaints *sua sponte* on that basis. It should be noted that two cases in this district have reached a different conclusion. *See Strojnik v. 574 Escuela, LLC*, Case No. 18-cv-6777-JD, Docket No. 20 (N.D. Cal. Mar. 31, 2020); *Strojnik v. GF Carneros Tenant, LLC*, Case No. 19-cv-3583-JSC, Docket No. 28 (N.D. Cal. Nov. 13, 2019). However, those decisions examined intent to return to or deterrence from visiting an establishment under the ADA, which are distinct issues from whether an ADA plaintiff has adequately pleaded the existence of barriers and a connection to his disability. *See Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23, at 6 (N.D. Cal. Jan. 3, 2020) ("*Carneros* focuses on whether the plaintiff had adequately alleged a genuine intent to return to the hotel that was at the subject of that case. [That issues does] not bear directly on Defendant's argument that Plaintiff has failed to plead facts establishing that the alleged barriers at the Hotel affect his full and equal

enjoyment of the facility on account of his particular disability."). Further, Strojnik primarily relies on *CREEC* to argue that his standing allegations are adequate. As noted by *Resort at Indian Springs*, the plaintiffs in *CREEC* alleged that they use wheelchairs for mobility and that the defendant hotels failed to provide wheelchair-accessible transportation. *See CREEC*, 867 F.3d at 1097-98. The plaintiffs' disabilities were therefore directly tied to the alleged barriers. Accordingly, the two opinions in this district that found Strojnik adequately alleged standing did not address the issues examined by the court in this order.

In sum, the record demonstrates that Strojnik has continued to file formulaic complaints that fail to allege Article III standing, despite being on notice from multiple courts in every federal district in California that his pleading practices are inadequate. The concerns raised by the court address exactly the kind of conduct that pre-filing orders are intended to prevent. *See De Long*, 912 F.2d at 1148 ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). Strojnik's pleading practices waste the resources of the court and "impose[] unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." *See* Order to Comply at 2. There are also strong indicia that defendants may be pressured into settling "what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense." *Id.*

For all of the foregoing reasons, the court finds that Strojnik's litigation tactics are frivolous and harassing. Accordingly, Andaz Napa's motion to declare Strojnik a vexatious litigant is granted and the court will enter a pre-filing order to screen Strojnik's disability access complaints..

### 4. Tailoring of Pre-Filing Order

"The fourth and final factor in the *De Long* standard is that the pre-filing order must be narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. For example, pre-filing orders that restrict a litigant's ability to file any suit, in any district, are overbroad. *See id.* However, *Molski* upheld a pre-filing order that prevented the plaintiff from filing ADA cases in the Central District of California. *Id.* Given that the record in this case relates entirely to Strojnik's disability access litigation, it is appropriate to restrict the pre-filing order to cases that

United States District Court
Northern District of California

allege violations of the ADA or related state disability laws. In addition, the pre-filing order will apply only to cases Strojnik files in the Northern District of California. The order will not prevent Strojnik from filing disability access cases in this district; rather, it will merely subject his complaints to an initial review to determine whether they plausibly allege Article III standing. This order is appropriate to protect defendants from needlessly litigating the same issues across multiple cases and judges, and to reduce the possibility that defendants will be harassed into settling baseless claims.

## V.      CONCLUSION

For the reasons stated above, Andaz Napa's motion to declare Strojnik a vexatious litigant is granted. Strojnik is enjoined from filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing.[8] The Clerk of the Court shall not file or accept any further complaints filed by Strojnik. If Strojnik wishes to file a complaint, he must provide a copy of such complaint, a letter requesting that the complaint be filed, and a copy of this order to the Clerk of the Court. The Clerk shall forward the complaint, letter, and copy of this order to the general duty judge for a determination of whether the complaint should be accepted for filing. Any violation of this order will expose Strojnik to a contempt hearing and appropriate sanctions, and any action filed in violation of this order will be subject to dismissal.

Andaz Napa's second motion to dismiss for lack of subject matter jurisdiction is granted without leave to amend. The Clerk shall enter judgment for Andaz Napa and against Strojnik and close the file in this matter.

**IT IS SO ORDERED.**

Dated: June 1, 2020

_____
Donna M. Ryu
United States Magistrate Judge

[8] This order does not apply to an attorney with the same first and last name, Peter Kristofer Strojnik, who is licensed to practice in California under State Bar Number 242728.

22

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES – GENERAL

Case No. SA CV 20-0254-DOC (ADSx)          Date:  May 28, 2020

Title: PETER STROJNIK SR. V. SHANDILYA, INC.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|  Kelly Davis  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO DISMISS [28]**

Before the Court is Defendant Shandilya's Motion to Dismiss ("Motion") (Dkt. 28). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS** Defendant's Motion.

## I.    Background

### A.    Facts

The following facts are taken from the First Amended Complaint ("FAC") (Dkt. 25). Plaintiff Peter Strojnik ("Plaintiff") is a person with a disability. FAC ¶ 2. Plaintiff provides a Table that allegedly documents how the barriers complained of relate to "the limitations of major life activities" Plaintiff's disability causes him. *Id.* ¶ 8. However, the table merely lists a description of *a* disability and *a* "relation" to major life activity, but it fails to describe if and how *Plaintiff's* disability actually limits *Plaintiff's* major life activity. *Id.* at 4 – 6. In other words, the table describes how a condition may limit a major life activity generally. It does not, however, describe how Plaintiff's condition limits Plaintiff's life *specifically*. *Id.* At some points in the complaint, Plaintiff generally asserts that an encounter with an inaccessible element "causes Plaintiff discomfort and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-0254-DOC (ADSx)                    Date: May 28, 2020
                                                             Page 2

pain when using, negotiating, overcoming or otherwise encountering such a barrier." *Id*. at 7; *see also id*. at 10–14 (alleging that the barrier "caused Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering this barrier."). Again, such a general description does not describe with specificity *how* Plaintiff's specific disability causes pain or discomfort when encountering the alleged barriers.

### B.     Procedural History

On February 10, 2020, Plaintiff filed the action in this Court (Dkt. 1). On April 2, 2020, the Court, on its own motion, dismissed state law claims and allowed the claim under the Americans with Disabilities Act ("ADA") to move forward (Dkt. 14). On May 5, 2020, the Court dismissed the action for lack of standing with leave to amend (Dkt. 23). On May 7, 2020, Plaintiff filed a first amended complaint (Dkt. 25). On May 11, 2020, Defendant filed a second motion to dismiss. Plaintiff opposed on May 15, 2020 ("Opp'n") (Dkt. 32). Defendant replied on May 22, 2020 (Dkt. 33).

## II.     Legal Standard

### A.     Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts are not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, courts may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 20-0254-DOC (ADSx)                    Date: May 28, 2020
                                                                    Page 3

physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). Courts may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.    Discussion

Defendant argues that Plaintiff lacks standing to sue under the ADA because the complaint merely lists "cursory legal conclusions" that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged "barriers" are barriers to *him* specifically, and (3) that Plaintiff has a bona fide intent to return to the hotel. Mot. at 3–4.

### A.    Plaintiff's Allegations Relating Disability to Alleged Barriers is Insufficient

Defendant argues that the Plaintiff has continuously failed to provide any allegations explaining how the violations outlined in the complaint relate to his alleged disability. Mot. at 8–9. Indeed, he does not claim to use a wheelchair and provides no reasoning regarding how the alleged barriers relate in any way to the challenges *he specifically* faces. *Id*. Plaintiff argues that his newly included Table cures the deficiency this Court noted in its first order dismissing the complaint for lack of standing. *See* Opp'n at 1–3. Specifically, Plaintiff believes that his general description of how his disabilities can generally limit major life activities, and his conclusory allegation that the alleged barriers at the hotel cause him pain, satisfy standing requirements. Plaintiff is incorrect.

In the Ninth Circuit, a plaintiff bringing an ADA claim must allege what barriers were encountered and "how [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 20-0254-DOC (ADSx)                    Date: May 28, 2020
                                                                      Page 4

[he or she] personally suffered discrimination under the ADA on account of [his or her] disability)." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). A mere list of alleged violations "cannot substitute for the *factual* allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact" when there is no "attempt to relate the alleged violations to [the] disability" at issue. *Id*. at 955.

Here, Plaintiff lists the major life activities that his disabilities may limit, but he does not describe whether those life activities are limited in his specific situation. *See* FAC at Table 1. Next, Plaintiff provides pictures of the alleged barriers along with a generic, conclusory allegation that they cause him pain or failed to allow him to access his needs. Such allegations still to relate his specific disability to the barriers encountered. *See generally* FAC. In sum, Plaintiff has never provided the Defendant, or this Court, with a specific description of his disability, nor has he alleged a link between that disability and the barriers he encounters. Instead, he simply asserts that the alleged barriers cause him pain. This is insufficient to meet standing requirements because a Plaintiff must allege "*how* [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman*, 631 F.3d at 954 (emphasis added). Plaintiff never alleges with specificity what his disability is, much less *how* it is affected by the alleged barriers. Thus, Plaintiff does not meet the injury-in-fact requirement for standing. Given that Plaintiff has already had an opportunity to cure this deficiency, the Court finds that further amendment would be futile. Therefore, the complaint is **DISMISSED with prejudice.**

## IV.    Disposition

Accordingly, the Court **GRANTS** Defendant's Motion and **DISMISSES** the complaint with prejudice.

The Clerk shall serve this minute order on the parties.

                                                    Initials of Deputy Clerk: kd

MINUTES FORM 11
CIVIL-GEN

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER STROJNIK, | CIV. NO. 19-00136 JMS-RT |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND, ECF NO. 55 |
| vs. | |
| HOST HOTELS & RESORTS, INC. *dba* ANDAZ MAUI AT WAILEA RESORT, | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND, ECF NO. 55

### I. INTRODUCTION

On September 17, 2019, pro se Plaintiff Peter Strojnik ("Plaintiff") filed a Second Amended Complaint ("SAC") on behalf of a class against Defendant Host Hotels and Resorts, Inc. *dba* Andaz Maui at Wailea Resort ("Defendant" or "the Hotel") alleging that the Hotel is not compliant with the Americans with Disabilities Act ("ADA") along with various state law claims. Although Plaintiff is pro se, he is a disbarred lawyer quite familiar with the judicial system. *See Strojnik v. Kapalua Land Co. Ltd* ("*Kapalua Land Co. Ltd I*"), 379 F. Supp. 3d 1078, 1079 (D. Haw. 2019) ("Strojnik [is] an attorney who has been suspended from practicing law in Arizona"); *Strojnik v. 1530 Main LP*, 2020 WL

981031, at *1 & n.1 (N.D. Tex. Feb. 28, 2020) (stating that Strojnik

was disbarred on May 10, 2019, and that his disbarment related, at least in part, to

his conduct in filing thousands of ADA state and federal related lawsuits); *see also*

*Strojnik v. Bakersfield Convention Hotel I, LLC*, ___F. Supp. 3d ___, 2020 WL

509156, at *1 (E.D. Cal. Jan. 31, 2020) ("Plaintiff Peter Strojnik . . . *pro se*, has

filed thousands of disability discrimination cases against hotel defendants in state

and federal courts, and this is one of those cases.") (footnote omitted).[1]

Before the court is Defendant's Motion to Dismiss for lack of subject-

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or for failure to

state a claim under rule 12(b)(6).  *See* ECF No. 55.  For the following reasons,

Defendant's Rule 12(b)(1) Motion to Dismiss Plaintiff's SAC is GRANTED,

without leave to amend.

## II. <u>BACKGROUND</u>

### A.  **Factual Background**

Plaintiff is an "ADA tester" and currently resides in Maricopa County,

Arizona.  SAC ¶¶ 1-2, ECF No. 19 at PageID #208-09.  Plaintiff is "legally

---

[1] As a general rule, courts do not liberally construe the filings of disbarred attorneys. *See, e.g.*, *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).  Nonetheless, whether or not the court liberally construes his filings in this case, the court would reach the same conclusion—that Strojnik does not have Article III standing.

disabled by virtue of a severe right-sided neural foraminal stenosis and formal

neuropathy, prostate cancer and renal cancer, [and] degenerative right knee and is

therefore a member of a protected class under the ADA and [Hawaii Revised

Statutes ("HRS")] Chapter 479." *Id.* ¶ 2, ECF No. 19 at PageID #209. "Plaintiff

suffers from physical impairments . . . substantially limit[ing] his major life

activities." *Id.* ¶ 3, ECF No. 19 at PageID #209. He "walks with difficulty and

pain and requires compliant mobility accessible features at places of public

accommodation." *Id.*

          Plaintiff alleges that both third-party booking websites and

Defendant's first-party website "failed to identify and describe mobility related

accessibility features and guest rooms offered through its reservations service in

enough detail" for Plaintiff to assess whether the Hotel met his accessibility needs.

*Id.* ¶¶ 22, 24, ECF No. 19 at PageID #212. These websites also "failed to make

reservations for accessible guest rooms available in the same manner as individuals

who do not need accessible rooms." *Id.* ¶ 23, ECF No. 19 at PageID #212.

"Because [these websites] failed to identify and describe mobility related

accessibility features and guest rooms" "in enough detail to reasonably permit

Plaintiff to assess independently" whether the Hotel "meets his accessibility

needs[,] Plaintiff declined to book a room there[,] and because Plaintiff was unable

to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms, Plaintiff declined to book a room there." *Id.* ¶ 26, ECF No. 19 at PageID #212. In further support, Plaintiff attaches an "Addendum A" which appears to be screenshots of the third-party and first-party websites, along with photographs of Defendant's premise. *See generally* ECF No. 19 at PageID #224-59 (Addendum A with unnumbered screenshots).

Plaintiff alleges he has been "deterred from visiting the Hotel" based on his knowledge that the hotel is "not ADA or State Law compliant." *Id.* ¶ 10, ECF No. 19 at PageID #209. He "intends to visit Defendant[] . . . at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with [the] ADA." *Id.* ¶ 11, ECF No. 19 at PageID #210.

## B.    Procedural Background

Plaintiff brings the instant suit as a class action complaint[2] against Defendant, alleging a sole federal claim of an ADA violation along with state law claims of violation of HRS Chapter 489, Hawaii's state counterpart to the ADA; non-disclosure; consumer fraud pursuant to HRS Chapter 480; and negligence per se. *Id.* ¶¶ 18-78, ECF No. 19 at PageID #211-22. On February 25, 2020,

---

[2] Because the court determines that Plaintiff lacks standing, it need not address Plaintiff's ability to represent class members.

4

Defendant filed its motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 55.  Plaintiff filed his opposition on March 4, 2020.  ECF No. 57. Defendant filed its reply on April 27, 2020.  ECF No. 61.  Defendant also requests the court take judicial notice ("RJN") of several district court dismissal orders that are not available on Westlaw, Plaintiff's complaints in other cases, the order suspending Plaintiff's Arizona bar license, and true and correct copies of various publicly-accessible government websites.  *See* ECF Nos. 55-2 (RJN) & 61-1 (Supplemental RJN).  The court finds the motion suitable for disposition without a hearing pursuant to Local Rule 7.1(c).  *See* ECF No. 60.  The court GRANTS Defendant's RJN[3] and, for the reasons stated below, GRANTS Defendant's motion to dismiss without leave to amend.

---

[3]  Specifically, although Plaintiff does not appear to dispute the authenticity of the documents, it appears he opposes Defendant's RJN to the extent these exhibits are prejudicial— that is, he appears to argue they are "defamatory."  *See* ECF No. 57 at PageID #1259.  However, Plaintiff provides no argument or otherwise disputes the authenticity of these documents.  And, the court finds, that there is no reasonable dispute as to these documents.  *See Lesane v. Aloha Airlines, Inc.*, 2007 WL 9711167, at *3-4 (D. Haw. Jan. 23, 2007) (taking judicial notice of the record and relevant orders in another proceeding); *see also Juliana v. United States*, 2018 WL 9802138, at *1 (D. Or. Oct. 15, 2018 ("Judicial notice may be taken of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.") (citation and quotation marks omitted).

## III.  <u>STANDARD OF REVIEW</u>

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the United States Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Because standing is a jurisdictional issue, it is properly addressed as a motion brought under Rule 12(b)(1).  *Cetacean Cty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1).  In order to satisfy Article III's standing requirements, a plaintiff must show "(1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

6

# IV. __DISCUSSION__

Plaintiff has failed to plead facts alleging he has standing under the ADA—his sole federal claim.  As a general proposition, "to have standing, an ADA plaintiff 'must personally encounter at least some barriers, or have personal, percipient knowledge of the barriers.'"  *Brooke v. H.P. Hosp., LLC*, 2017 WL 4586349, at *3 (C.D. Cal. July 11, 2017) (citation omitted).  A plaintiff "lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011).  Ninth Circuit caselaw establishes that an ADA plaintiff may establish standing either by "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility" *or* "demonstrating deterrence."  *Id.* at 944.  As discussed below, Plaintiff has failed to allege standing under either test.

## A.     Plaintiff Has Failed to Identify an Injury-in-Fact or Intent to Return

### 1.     *Injury-in-Fact*

"[I]n order to suffer an injury-in-fact arising from an actual encounter with a barrier, an ADA plaintiff must establish that the barrier *relates to* his disability."  *Strojnik v. IA Lodging Napa First LLC*, 2020 WL 906722, at *2 (N.D. Cal. Feb. 25, 2020) (citing *Chapman*, 631 F.3d at 947 n.4) (emphasis added); *see*

7

*also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 n.7 (9th Cir. 2008) (stating that a wheelchair user "may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store").

Here, Plaintiff has not identified any barriers in his SAC, nor has he alleged any specific disability which relates to any barriers. Plaintiff included screenshots from websites and alleges that the "[b]ooking website does not identify and describe accessible features in the hotel . . . to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs."[4] *See, e.g.*, SAC Addendum A, ECF No. 19 at PageID #245-46 (screenshot of rooms which indicate they are purportedly ADA-compliant). Plaintiff further alleges in conclusory fashion that he "suffers from physical impairments" which "substantially limit his life activities." *Id.* ¶ 3, ECF No. 19 at PageID #209. He also alleges he "walks with difficulty and pain and requires compliant mobility accessible features." *Id.*

---

[4] Plaintiff also provided 18 photographs of what appears to be pictures of Defendant's premises and alleges that these show numerous violations on the premises. *See* ECF No. 19 at PageID #247-66; *see id.* at PageID #265-66 (alleging there are various "[i]naccessible entry" or "[i]naccesible routes" to parts of the hotel). However, these allegations do not sufficiently identify any illegal barriers—merely stating that certain facilities are "[i]naccessible" is conclusory and does not allege sufficient facts as to *how* such facilities are "inaccessible." In any event, even assuming such conclusory allegations are sufficient to identify any barriers (which they are not), Plaintiff still fails to identify how these "inaccessible" facilities *relate* to his specific disabilities.

These allegations are insufficient to allege injury-in-fact.[5]  For example, Plaintiff does not identify what "mobility accessible features" he would need due to his "difficulty and pain."  He also does not allege which accommodations, if any, he would need due to his purported disabilities.  Nor does he provide any allegations as to how the rooms are not compliant.  That is, he does not identify any *barriers*, let alone draw a connection between these barriers and his disability.  In fact, the exact opposite is true—Plaintiff's SAC concedes that he cannot "assess . . . whether the hotel or guest room meets his accessibility needs."  ECF No. 19 at PageID #237.  Thus, "Plaintiff has failed . . . to allege sufficiently . . . how his disabilities relate to the barriers he encountered."  *See Bakersfield Convention Hotel I, LLC*, 2020 WL 509156, at *4; *see also Strojnik v. The Victus Grp., Inc.*, 2020 WL 1492664, at *3 (E.D. Cal. Mar. 27, 2020) ("[T]he Complaint does not explain how Strojnik's specific disability was affected by any of the alleged barriers (both architectural and the websites) so as to deny him full and equal access.").

---

[5]  Plaintiff also alleges that Defendant is not compliant with 28 CFR § 28.302(e) and argues that pursuant to § 28.302(e), Defendant is required to "disclose both the *accessible* elements but, more importantly, *inaccessible* elements of the place of lodging."  SAC ¶ 27, ECF No. 19 at PageID #212.  However, such allegation goes to the merits of Plaintiff's claims and is insufficient for standing purposes.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (a plaintiff "cannot satisfy the demands of Article III [standing] by [merely] alleging a bare procedural violation" of a statute).

## 2.    Intent to Return

And even if Plaintiff alleged a barrier that relates to his disability (which he did not), Plaintiff's SAC separately fails because it does not allege that he has any intentions to return to Defendant's hotel.  The intent to return must be more concrete than merely a "'some day' intention."  *Parr v. L&L Drive Inn Rest.*, 96 F. Supp. 2d 1065, 1078 (D. Haw. 2000) (citing *Lujan*, 504 U.S. at 564).

> District Courts in the Ninth Circuit have typically looked at four factors to determine the intent to return: (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant's location area.

*Berg v. Bed Bath & Beyond, Inc.*, 2017 WL 1483357, at *6 (D. Haw. Apr. 24, 2017) (citation omitted).

Here, Plaintiff alleges that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADA."  SAC ¶ 11, ECF No. 19 at PageID #210.  However, this is the exact conclusory "some day" intentions that *Parr* and other courts have rejected.[6]

---

[6]  Plaintiff's Central District of California Complaint in *Strojnik v. Pasadena Robles Acquisitions, LLC*, Civ No. 19-02067 AB (PJW), contained nearly identical language regarding Plaintiff's intent to return to the hotel as the SAC in this case.  In both complaints, he alleges that "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully complaint" with the ADA or the ADA Accessibility

(continued . . . .)

Plaintiff argues that his subjective intent to return should be sufficient.[7]  But

Plaintiff has not identified caselaw showing that a litigant's conclusory intent

meets the standard for establishing intent to return, as opposed to the four objective

factors outlined in *Berg*.  And a cursory review of the four factors shows Plaintiff

does not meet *any* of the factors.  That is, Plaintiff resides in Arizona, over 2,800

miles away from Hawaii; Plaintiff does not allege he ever stepped foot on

Defendant's hotel premises; he does not allege he has any specific plans to return;

and he has not alleged facts to show he intends to come to Hawaii.

Accordingly, Plaintiff has failed to establish ADA standing under the

first test.  Specifically, Plaintiff failed to allege facts (1) identifying a specific

---

Guidelines.  *Compare* RJN Ex. 10 (*Pasadena Robles* Compl.) ¶ 12, ECF No. 55-13 at PageID #1110, *to* SAC ¶ 11, ECF No. 19 at PageID #210.  And, in *Pasadena Robles*, the Ninth Circuit recently affirmed the district court's finding that Plaintiff "failed to demonstrate an intent to return to defendant's hotel."  *See Strojnik v. Pasadena Robles Acquisition¸* 801 F. App'x 569, 570 (9th Cir. Apr. 15, 2020) (Mem.).

[7]  Instead of addressing Defendant's arguments, Plaintiff appears to argue that rejecting his conclusory allegation that he intends to return arises to a violation of his First Amendment right to seek redress.  *See* ECF No. 57 at PageID #1263-64.  Plaintiff further argues that the court is making an improper "credibility" determination by rejecting his SAC, also in violation of his right to redress under the First Amendment.  *Id.* at PageID #1262-63.  Both these claims misconstrue the court's role—to construe the SAC in the light most favorable to Plaintiff and assess whether it contains viable claims as alleged or whether it should be dismissed under established legal principles.  Contrary to Plaintiff's assertions, dismissing frivolous complaints (and even non-frivolous but meritless complaints) is a function of the court in adjudicating the merits of cases.  This includes ensuring that Plaintiff has properly invoked the court's jurisdiction in filing his case (which Plaintiff has failed to properly do here).

barrier and alleging *how* it relates to his disability; ***and*** (2) any objective intent to return under *Berg*.

## B.    Plaintiff Has Failed to Demonstrate Deterrence

Alternatively, Plaintiff has not alleged facts showing that he was deterred from visiting Defendant's hotel.  A plaintiff may alternatively establish standing for ADA purposes by demonstrating deterrence from returning to the premises due to a defendant's failure to comply with the ADA.  *See Chapman*, 631 F.3d at 944; *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137-38 (9th Cir. 2002).  To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access." *Pickern*, 293 F.3d at 1135.  "[O]nce a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation, the plaintiff has suffered an injury." *Id.* at 1136-37.  But a plaintiff's claimed "deterrence cannot merely be conjectural or hypothetical." *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014).  A plaintiff must allege facts to show that he "is truly deterred and would return to the establishment if the establishment were compliant with the ADA." *Id.*

12

To demonstrate deterrence, Plaintiff need not have firsthand knowledge and does not require visiting the location beforehand. *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.* ("*CREEC*"), 867 F.3d 1093, 1099-100 (9th Cir. 2017). A theory of deterrence, however, nevertheless requires identification of "actual knowledge of illegal barriers." *See id.* at 1098-99 (noting that the deterrence theory requires "'actual knowledge of illegal barriers at a public accommodation to which he or she desires access'") (quoting *Pickern*, 293 F.3d at 1135). As discussed previously, Plaintiff has not identified any illegal barriers.

Plaintiff appears to argue that *CREEC* is dispositive in his favor.[8] *CREEC* found that named plaintiffs sufficiently alleged deterrence when they alleged that "they intend[ed] to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured. Thus, the ADA violations have prevented them from staying at the hotels."[9] *CREEC*, 867 F.3d at

---

[8] In lieu of any actual analysis or argument, Plaintiff copies verbatim the analysis of an order in *Strojnik v. GF Carneros Tenant, LLC*, 19-cv-3583 (N.D. Cal.). *See* ECF No. 57 at PageID #1260-62. Plaintiff does not explain why this court should follow that order as opposed to the many dismissal orders finding against Plaintiff, such as the many identified throughout this Order.

[9] *CREEC* is further distinguishable because the question before *CREEC* was whether a plaintiff needs to visit the premise before having standing and "did not involve the adequacy of the complaint's factual allegations to support standing." *See Strojnik v. Wickstrom Hosp., LLC*, 2020 WL 1467067, at *6 (E.D. Cal. Mar. 26, 2020) (distinguishing *CREEC* and finding

(continued . . . .)

13

1099.  Contrary to Plaintiff's assertion, *CREEC* does not support Plaintiff's position because *CREEC* nevertheless requires an allegation of an "illegal barrier[]," something Plaintiff has not sufficiently alleged here.  *See IA Lodging Napa First LLC*, 2020 WL 906722, at *3-4 (finding *CREEC* requires "actual knowledge of a barrier" and distinguishing *CREEC* for such reason).  Further, in *Pasadena Robles*, the Ninth Circuit affirmed the district court's finding that Plaintiff failed to demonstrate that "he was deterred from visiting defendant's hotel."  801 F. App'x at 570.[10]

Accordingly, Plaintiff has not established injury-in-fact under the alternative theory of deterrence.

## C.    Plaintiff's State Law Claims

Because the court lacks subject-matter jurisdiction over Plaintiff's sole federal claim and this case is only at the pleading stage, the court also declines supplemental jurisdiction over the accompanying state law claims pursuant to 28 U.S.C. § 1367(c) and dismisses them without prejudice.  *See City of Chicago v.*

---

Plaintiff's "reliance [on *CREEC*] misplaced" because "[t]his case does not present those questions"); *see also Bakersfield Convention Hotel I, LLC*, 2020 WL 509156, at *7 (noting that the "issues addressed by the Ninth Circuit in *CREEC* are especially distinct from the ones" raised in Plaintiff's complaint).  In any event, as *CREEC* reiterated, determination of standing requires "case-by-case determinations about whether a particular plaintiff's injury is imminent."  *CREEC*, 867 F.3d at 1100 (citation omitted).

[10]  Again, the underlying complaint in *Pasadena Robles* is nearly identical to the SAC before this court.

*Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

## V. LEAVE TO AMEND

Although the Ninth Circuit has a policy to grant leave to amend "with extreme liberality," *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003), it is also within the court's discretion to deny leave to amend because of "bad faith or dilatory motive," *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Further, "[f]utility of amendment can, by itself, justify the denial" of leave to amend.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Plaintiff has not shown any good faith intention to cure any of the defects identified by the court.  Plaintiff has filed a nearly identical form complaint in many courts, containing nearly-identical allegations, and merely replaces the pictures and screenshots of defendant hotels—all of which have been

rejected by many courts on similar grounds—that is, because Plaintiff consistently fails to allege standing. *See The Victus Grp., Inc.*, 2020 WL 1492664, at *2 (citing numerous cases, noting that "Strojnik has filed many similar complaints alleging accessibility problems with various hotels, including architectural barriers and websites problems" which all "involve an alleged lack of details about the accessibility features of the hotel, as well as pictures of online photos of various aspects of the hotels/rooms that allegedly constitute ADA barriers. In each of the above cases, it was concluded that Strojnik had failed to allege standing under the ADA"). Despite constant admonitions by other courts to cure the deficiencies raised, he constantly fails to do so, including filing a similarly-deficient complaint before this court.

And in fact, these actions have caused other courts to also question his good faith intentions. *See, e.g.*, *IA Lodging Napa First LLC*, 2020 WL 906722, at *5 ("Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed . . . raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure

16

ADA defendants into settlements before the court can reach the merits of his claims.").

And, further, even if Plaintiff were filing these complaints in good faith, given his failure to cure these defects dispute numerous opportunities to do so, the court can only conclude that amendment would be futile. *See Strojnik v. Kapalua Land Co. LTD* ("*Kapalua Land Co. Ltd II*), 2019 WL 4685412, at *9 (D. Haw. Aug. 26, 2019), *adopted in* 2019 WL 4684450 (D. Haw. Sept. 25, 2019), *aff'd* 801 F. App'x 531 (9th Cir. Apr. 15, 2020) (finding that granting Plaintiff leave to amend his complaint would be futile and denying Plaintiff's motion for leave to amend); *see also Strojnik v. Landry's Inc.*, 2019 WL 7461681, at *5 (S.D. Tex. Dec. 9, 2019) (denying Strojnik leave to amend because amendment would be futile because "nothing in the record or Plaintiff's arguments suggests that Plaintiff could amend his pleadings[] in a manner consistent with Fed. R. Civ. P. 11"), *report and recommendation adopted sub nom. Strojnik v. Landry's Inc.,* 2020 WL 42454 (S.D. Tex. Jan. 2, 2020); *see also Pasadena Robles*, 801 F. App'x at 569 (affirming district court's dismissal of Strojnik's ADA claim for lack of standing and affirming denial of leave to amend). Accordingly, the court finds Plaintiff has acted in bad faith and granting leave to amend would be futile because Plaintiff has

17

been placed on notice by multiple courts of these deficiencies, and yet, he has failed to cure them.[11]

## VI.  CONCLUSION

For the foregoing reasons, the court GRANTS Defendant's Motion to Dismiss without leave to amend.  The Clerk of Court is instructed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 26, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

---

*Strojnik v. Host Hotels & Resorts, Inc.*, Civ. No. 19-00136 JMS-RT, Order Granting Defendant's Motion to Dismiss Without Leave to Amend, ECF No. 55.

---

[11]  In its Reply, Defendant requests that the court *sua sponte* order Plaintiff to show cause as to why he should not be declared a vexatious litigant.  *See* ECF No. 61 at PageID #1276, n.3. The court declines to do so at this time.

# EXHIBIT 5

Case 8:19-cv-01560-JVS-JDE   Document 48   Filed 06/01/20   Page 52 of 59   Page ID
Case 8:20-cv-00258-DOC-ADS   Document 43   Filed 05/28/20   Page 1 of 54   Page ID #:745
#:865

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**        **JS-6**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0258-DOC (ADSx)                    Date:  May 28, 2020

Title: PETER STROJNIK SR. V. PRESIDENT HOTEL INVESTMENT

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR BOND AS MOOT [29, 35]**

Before the Court is Defendant President Hotel Investment's Motion to Dismiss ("Motion") (Dkt. 29). The Court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS** Defendant's Motion.

**I.     Background**

**A.     Facts**

The following facts are taken from the Second Amended Complaint ("SAC") (Dkt. 28). Plaintiff Peter Strojnik ("Plaintiff") is a person with a disability. SAC ¶ 2. Plaintiff provides a Table that allegedly documents how the barriers complained of relate to "the limitations of major life activities" Plaintiff's disability causes him. *Id*. ¶ 8. However, the table merely lists a description of *a* disability and *a* "relation" to major life activity, but it fails to describe if and how *Plaintiff's* disability actually limits *Plaintiff's* major life activity. *Id*. at 4–6. In other words, the table describes how a condition may limit a major life activity generally. It does not, however, describe how Plaintiff's condition limits Plaintiff's life *specifically*. *Id*. At some points in the complaint, Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0258-DOC (ADSx)                    Date: May 28, 2020
                                                                              Page 2

generally asserts that an encounter with an inaccessible element "causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such a barrier." *Id*. at 7; *see also id*. at 9–16 (alleging that the barrier "caused Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering this barrier."). Again, such a general description does not describe with specificity *how* Plaintiff's specific disability causes pain or discomfort when encountering the alleged barriers.

### B.    Procedural History

On February 10, 2020, Plaintiff filed the action in this Court (Dkt. 1). On April 2, 2020, the Court, on its own motion, dismissed state law claims and allowed the claim under the Americans with Disabilities Act ("ADA") to move forward (Dkt. 15). On May 5, 2020, the Court dismissed the action for lack of standing with leave to amend (Dkt. 27). On May 7, 2020, Plaintiff filed a second amended complaint (Dkt. 28). On May 11, 2020, Defendant filed a motion to dismiss. Plaintiff opposed on May 15, 2020 ("Opp'n") (Dkt. 34). Defendant replied on May 22, 2020 (Dkt. 38).

## II.    Legal Standard

### A.    Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pleaded factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts are not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, courts may also consider documents "whose contents

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0258-DOC (ADSx)                    Date: May 28, 2020
                                                                                 Page 3

are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). Courts may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.     Discussion

Defendant argues that Plaintiff lacks standing to sue under the ADA because the complaint merely lists "cursory legal conclusions" that fail to establish (1) the scope of Plaintiff's alleged disability, (2) how any of the alleged "barriers" are barriers to *him* specifically, and (3) that Plaintiff has a bona fide intent to return to the hotel. Mot. at 3–4.

### A.     Plaintiff's Allegations Relating Disability to Alleged Barriers is Insufficient

Defendant argues that the Plaintiff has continuously failed to provide any allegations explaining how the violations outlined in the complaint relate to his alleged disability. Mot. at 8–9. Indeed, he does not claim to use a wheelchair and provides no reasoning regarding how the alleged barriers relate in any way to the challenges *he specifically* faces. *Id*. Plaintiff argues that his newly included Table cures the deficiency this Court noted in its first order dismissing the complaint for lack of standing. *See* Opp'n at 1–3. Specifically, Plaintiff believes that his general description of how his disabilities can generally limit major life activities, and his conclusory allegation that the alleged barriers at the hotel cause him pain, satisfy standing requirements. Plaintiff is incorrect.

In the Ninth Circuit, a plaintiff bringing an ADA claim must allege what barriers were encountered and "how [his or her] disability was affected . . . so as to deny [him or

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 20-0258-DOC (ADSx)                    Date: May 28, 2020
                                                                                            Page 4

her] the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that [he or she] personally suffered discrimination under the ADA on account of [his or her] disability)." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). A mere list of alleged violations "cannot substitute for the *factual* allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact" when there is no "attempt to relate the alleged violations to [the] disability" at issue. *Id*. at 955.

Here, Plaintiff lists the major life activities that his disabilities may limit, but he does not describe whether those life activities are limited in his specific situation. *See* SAC at Table 1. Next, Plaintiff provides pictures of the alleged barriers along with a generic, conclusory allegation that they cause him pain or failed to allow him to access his needs. Such allegations still to relate his specific disability to the barriers encountered. *See generally* SAC. In sum, Plaintiff has never provided the Defendant, or this Court, with a specific description of his disability, nor has he alleged a link between that disability and the barriers he encounters. Instead, he simply asserts that the alleged barriers cause him pain. This is insufficient to meet standing requirements because a Plaintiff must allege "*how* [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman*, 631 F.3d at 954 (emphasis added). Plaintiff never alleges with specificity what his disability is, much less *how* it is affected by the alleged barriers. Thus, Plaintiff does not meet the injury-in-fact requirement for standing. Given that Plaintiff has already had an opportunity to cure this deficiency, the Court finds that further amendment would be futile. Therefore, the complaint is **DISMISSED with prejudice.**

## IV.    Disposition

Accordingly, the Court **GRANTS** Defendant's Motion and **DISMISSES** the complaint with prejudice. Defendant's Motion for Bond (Dkt. 35) is **DENIED AS MOOT**.

The Clerk shall serve this minute order on the parties.

                                                                Initials of Deputy Clerk: kd

MINUTES FORM 11
CIVIL-GEN

# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0256-DOC (ADSx)            Date:  May 28, 2020

Title: PETER STROJNIK SR. V. SHAKTI INVESTMENTS, LLC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|:---:|:---:|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER SUA SPONTE DISMISSING ACTION FOR LACK OF STANDING**

The Court, on its own motion, *sua sponte* dismisses this action for lack of standing for the reasons set out below.

## I.    Background

### A.    Facts

The following facts are taken from the First Amended Complaint ("FAC") (Dkt. 15). Plaintiff Peter Strojnik ("Plaintiff") is a person with a disability. FAC ¶ 2. Plaintiff provides a Table that allegedly documents how the barriers complained of relate to "the limitations of major life activities" Plaintiff's disability causes him. *Id*. ¶ 8. However, the table merely lists a description of *a* disability and *a* "relation" to major life activity, but it fails to describe if and how *Plaintiff's* disability actually limits *Plaintiff's* major life activity. *Id*. at 4–5. In other words, the table describes how a condition may limit a major life activity generally. It does not, however, describe how Plaintiff's condition limits Plaintiff's life *specifically*. *Id*. At some points in the complaint, Plaintiff generally asserts that an encounter with an inaccessible element "causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such a barrier." *Id*. at 7;

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0256-DOC (ADSx)                    Date: May 28, 2020
                                                                                Page 2

*see also id*. at 9–18 (alleging that the barrier "caused Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering this barrier."). Again, such a general description does not describe with specificity *how* Plaintiff's specific disability causes pain or discomfort when encountering the alleged barriers.

### B. Procedural History

On February 10, 2020, Plaintiff filed the action in this Court (Dkt. 1). On April 2, 2020, the Court, on its own motion, dismissed state law claims and allowed the claim under the Americans with Disabilities Act ("ADA") to move forward (Dkt. 7). On May 5, 2020 the Court *sua sponte* dismissed the action for lack of standing (Dkt. 12). On May 11, 2020, Plaintiff filed a first amended complaint (Dkt. 15).

## II. Legal Standard

In the Ninth Circuit, a plaintiff bringing an ADA claim must allege what barriers were encountered and "how [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that [he or she] personally suffered discrimination under the ADA on account of [his or her] disability)." *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 954 (9th Cir. 2011). A mere list of alleged violations "cannot substitute for the *factual* allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact" when there is no "attempt to relate the alleged violations to [the] disability" at issue. *Id*. at 955.

Here, Plaintiff lists the major life activities that his disabilities may limit, but he does not describe whether those life activities are limited in his specific situation. *See* FAC at Table 1. Next, Plaintiff provides pictures of the alleged barriers along with a generic, conclusory allegation that they cause him pain or failed to allow him to access his needs. Such allegations still to relate his specific disability to the barriers encountered. *See generally* FAC. In sum, Plaintiff has never provided the Defendant, or this Court, with a specific description of his disability, nor has he alleged a link between that disability and the barriers he encounters. Instead, he simply asserts that the alleged barriers cause him pain. This is insufficient to meet standing requirements because a Plaintiff must allege "*how* [his or her] disability was affected . . . so as to deny [him or her] the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman*, 631 F.3d at 954 (emphasis added). Plaintiff never alleges with specificity what his disability is, much less *how* it is affected by the alleged barriers. Thus, Plaintiff does not meet the injury-in-fact requirement for standing. Given that Plaintiff has already had

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-0256-DOC (ADSx)                    Date: May 28, 2020
                                                     Page 3

an opportunity to cure this deficiency, the Court finds that further amendment would be futile. Therefore, the complaint is **DISMISSED with prejudice.**

**III.    Disposition**

Accordingly, the Court **DISMISSES** the complaint **with prejudice**.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kd

MINUTES FORM 11
CIVIL-GEN