



FILED
CLERK, U.S. DISTRICT COURT

MAY 2 7 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik, Sr. | CASE NUMBER |
| | 8:19-cv-01560-JVS-JDE |
| PLAINTIFF(S) | |
| v. | |
| SCG America Construction Inc. | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

On 5/11/2020_____, the Court received the attached

☒ Complaint ☐ Petition ☐ Notice of Removal, captioned Peter Strojnik, Sr v. Obest, LLP_____

☐ other document(s), entitled _____

from Peter Strojnik, Sr._____, who was found by the Court on 4/19/2020____

in case number 8:19-cv-01560-JVS-JDE__ to be a vexatious litigant and/or subject to the following restrictions on the filing of additional documents:

☒ A court order or written authorization from a judge must be obtained prior to the filing of document(s).

☐ Submission of document(s) for filing requires a Motion for Leave to File.

☒ Document(s) must be pre-screened by the Court before filing.

☐ Filing fee must be paid.

☐ No further filings are to be accepted in this case from the person named above or anyone acting on his or her behalf.

☐ Bond in the amount of $_____ must be posted in order to proceed.

☐ Other :

Pursuant to the terms of the order imposing filing restrictions, the attached document(s) will be forwarded to the
☐ assigned magistrate judge ☐ assigned district judge ☐ Chief Judge for review.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
☐ IT IS HEREBY ORDERED that the document(s) presented:
    ☐ be filed in the above-captioned case.
    ☐ be filed in case number _____.
    ☐ be filed as a new case.
*or*

☐ IT IS RECOMMENDED that the document(s) presented not be filed. The Clerk is directed to forward this
recommendation to the appropriate district judge for review.

_____        _____
Date                                          United States Magistrate Judge
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IT IS HEREBY ORDERED that the document(s) presented
☒ not be filed.
☐ be filed in the above-captioned case.
☐ be filed in case number _____.
☐ be filed as a new case.

_May 27 2020_____        _____
Date                                          United States District Judge

CV-115 (04/2018)            **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☒ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Peter Strojnik, Sr. | UBEST L.P. |

| (b) County of Residence of First Listed Plaintiff   Maricopa, AZ | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Peter Strojnik, Sr. (pro se) 7847 N. Central Ave. Phoenix, AZ 85020    602-524-6602 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multidistrict Litigation - Transfer
- ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 12101

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☒ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**   Case Number:

CV-71 (05/17)                          **CIVIL COVER SHEET**                          **Page 1 of 3**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. → | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?      ☒ NO      ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?      ☒ NO      ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                              DATE: 5-07-20

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Peter Strojnik (Sr.),
7847 N. Central Ave.
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| | Case No: |
| PETER STROJNIK, | **COMPLAINT** |
| Plaintiff, | **1. Americans with Disabilities Act** |
| | **2. Discrimination in Public Accommodations (State Law)** |
| vs. | **3. Negligence** |
| OBEST LP. DBA AVALON HOTEL BEVERLY HILLS | **JURY TRIAL REQUESTED** |
| Defendant. | |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence and negligence per se.

**PARTIES**

2. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, Unruh and DPA.

3. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 9400 W. Olympic Blvd., Beverly Hills, CA 90212 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

///
///

**PLAINTIFF'S 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105
DISABILITIES**

4. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a (a) prostate cancer, (2) renal cancer, (3) severe right-sided neural foraminal stenosis with symptoms of <u>femoral neuropathy</u>, (4) missing part of a limb (prosthetic right knee), (5) physical impairment in arms and shoulders and (6) pleurisy. Plaintiff is disabled under all three definitions of disability pursuant to the 2008 ADA Amendment act and 28 C.F.R. 36.105 that is, (1) having physical impairments, (2) having a history of physical impairments, and (3) being regarded as having a physical impairment.

5. Above described impairments, the history of impairments, and being regarded as having impairments substantially limit, as this term is construed in 28 C.F.R. 36.105(d), one or more major life activities including, but not limited to, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows and working. Plaintiff's impairments, such as a knee prosthesis and the severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, are to be considered in their unmitigated state[1]. Plaintiff's episodic impairments, as pleurisy, are to be considered as if active[2]. Plaintiff's cancers are of lifetime duration.

6. The following graph indicates the relationship between Plaintiff's ADA disabilities and their relationship to major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DESCRIPTION | DISABILITY | | | RELATION | |
| | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Major Bodily Function (normal cell growth, genitourinary, | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) |

---

[1] 28 C.F.R. 36.105(d)(viii).
[2] 28 C.F.R. 36.105(d)(iv).

2

| | | | | | |
|---|---|---|---|---|---|
| | | | | bladder, reproductive) | (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Major Bodily Function (normal cell growth) | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Degenerative Right Knee | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists To Reach And Twist | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d)1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Table 1 | | | | | |

3

7. Plaintiff has been declared disabled by the Arizona Department of Transportation. The disabled placard reproduced in the footnote[3] entitles him to preferential parking, stopping and passenger loading / drop of zone areas.

**PLAINTIFF'S ADA REQUIREMENTS AND DEFENDANT'S VIOLATIONS OF PLAINTIFF'S RIGHT TO FULL AND EQUAL ENJOYMENT OF THE HOTEL**

8. With respect to physical barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is disabled as described in Table 1 above which disabilities substantially limit the following major life activities including, without limitation, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working[4].

   b. Plaintiff further allege that his impairments are substantially limiting as this term is defined and interpreted in the C.F.R.[5]

   c. Plaintiff further alleges that ameliorative effects of mitigating measures cannot be considered; the effect of impairment must be considered in its unmitigated state[6].

---

[3]



[4] *See* 28. C.F.R. 36.105(a)(1)(i) and 28 CFR 36.105(d)(1)(v).
[5] 28 CFR 36.105(d)(1)(v) ("An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting".)
[6] 28 CFR 36.105(d)(1)(viii); *Rohr v. Salt River Project Agricultural Improvement and Power District*, 555 F.3d 850, (9th Cir. 02/13/2009) (Impairments are to be evaluated

d. Plaintiff's disabilities, as disclosed in Table 1 above, in mitigated, unmitigated, episodic, remissive or active state, require Defendant's compliance with the following accessibility elements relating to referenced substantial limitations:

(i) Operable parts [205[7], 309, 404,] such as doors, door opening and closing hardware, AC controls.

(ii) Knee and toe clearances [306] at counters, bars etc..

(iii)    Reach ranges [308] in sales stores.

(iv)    Accessible routes [402].

(v) Walking surfaces [403] on accessible routes.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505].

(vii)    Toilet and Bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines. clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612].

(viii)    Transient lodging guest rooms [806].

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904].

(x) Swimming pools and saunas [1009].

e. With respect to third party booking websites, the information whether Defendant made available the information referenced in preceding paragraph to such third party booking website is strictly within the knowledge of Defendant. On information and belief based on third party booking website's failure to disclose such information, Plaintiff alleges, on information and belief, that such information was not provided to third party booking website by Defendant.

---

in their unmitigated state.) *Accord J.D. v. Colonial Williamsburg Foundation,* 18-1725 (4th Cir. 2019) (citing to *Rohr*).

[7] Bracketed numbers refer to Standards for Accessibility Design.

5

f.   Plaintiff's disabilities, as disclosed in Table 1 above, in mitigated, unmitigated, episodic, remissive or active state, substantially limited Plaintiff's decision-making whether to book or not to book an accessible room at Defendant's Hotel based on the following reproduction of the booking websites in a manner explained below each reproduction relating to his 2008 ADAAA and 28 C.F.R. 36.105 definitions of disability:

9.   Plaintiff has been denied full and equal enjoyment of Defendant's hotel on account of his particular disabilities stated in Table 1. These disabilities substantially limit Plaintiff's following major life activities including, without limitation, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working[8].

a.   Plaintiff further alleges to be substantially limiting,  an impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity. The term "substantially limits" must be interpreted and applied to require a degree of functional limitation that is lower than the standard for substantially limits applied prior to the 2008 ADA Amendments Act 28 CFR 36.105(d)(1)(v).

b.   Plaintiff further alleges that ameliorative effects of mitigating measures cannot be considered; the effect of impairment must be considered in its unmitigated state. *See* footnote 2.

c.   Plaintiff further alleges that episodic or remissive impairment is a disability if it would substantially limit a major life activity when active. 28 CFR 36.105(d)((1)(iv).

d.   Plaintiff's disabilities, as disclosed in Table 1 above, in mitigated, unmitigated, episodic, remissive or active state, substantially limited Plaintiff's access to the personally experienced the following barriers that relate to his 2008 ADAAA and

---

[8] *See* 28. C.F.R. 36.105(a)(1)(i) and 28 CFR 36.105(d)(1)(v).

28 C.F.R. 36.105 definitions of disability in the manner described in each following photograph:

**PERSONALLY ENCOUNTERED BARRIERS**



Incessible route from street – slop and cross slope too steep

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible check in counter – misuse of accessible part of counter.







Inaccessible pool

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible bar.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



Door closing time less than 5s from open

26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Shower spray water over 120F

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible window hardware.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No shut off valve on spray unit.





Sliding door 12 lbs to open.





Window opening hardware too high.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



Second window opening hardware too high.

25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



Shower control – grab bar – hose interference.

21
22
23
24
25
26
27
28



Exposed plumbing.

Table 2

10. The ADA and Unruh accessibility violations described in the preceding paragraph relate to Plaintiff's disabilities and interfere with Plaintiff's full and complete enjoyment of the Hotel; for the details of the relation between Plaintiff's disabilities and ADAAG violations, Plaintiff incorporates the Table 1 above.

## JURISDICTION GENERALLY

11. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

12. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. Venue is proper pursuant to 28 U.S.C. § 1391.

15. The ADA and Unruh violations documented above relate to barriers to Plaintiff equal enjoyment of defendant's facility by virtue of the limitations of major life activities described hereinabove, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[9].

16. These barriers impair Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

17. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotel periodically to test it for ADA compliance. Plaintiff's current intent is to return to the Hotel to lodge thee or to test it within a year's time.

---

[9] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Facility. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

18. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

### STANDING JURISDICTION[10] ALLEGATIONS[11]

19. Plaintiff alleges that the following three elements constitute the "irreducible constitutional minimum" of standing: (1) an "injury in fact" suffered by the plaintiff; (2) a causal connection between that injury and the defendant's conduct; and (3) a likelihood that the injury will be "redressed by a favorable decision."[12]

20. With respect to the element of "injury in fact", Plaintiff alleges that that he suffered "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"[13] as follows:

a. He reviewed the booking websites for the Hotel and noted that the booking websites fail to identify and describe accessible features in the hotel and guest

---

[10] The standing inquiry requires a plaintiff to show (1) he suffered an injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017) When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* Federal courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039-40 (9th Cir. 2008) ((quoting *Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

[11] Jurisdictional allegations may be alleged generally. *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992); *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *Wilson v. Kayo Oil Co.*, 563 F.3d 979 (9th Cir. 2009); *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017); Fed. R. Civ. P. 9(b)

[12] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).
[13] *Lujan*, 504 U.S. at 560

rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs as more fully developed above.

b. He lodged at the Hotel on or about November 25, 2019 and personally encountered the barriers to accessibility which denied him full and equal enjoyment of the facility[14] as more fully developed above.

c. Plaintiff alleges that the ADA violations referenced above and more fully developed above cause Plaintiff to suffer a "continuing, present adverse effects" stemming from the defendant's actions"[15].

d. Plaintiff is experiencing continuing adverse effects because defendant's failure to comply with the ADA deters her from making use of the defendant's facility[16]. This manner of continuing present adverse effects has been dubbed the "deterrent effect doctrine.[17]"

e. Plaintiff is disabled within the meaning of the ADA has actual knowledge of illegal barriers at Defendant's hotel to which he desires access, however, Plaintiff does not need engage in the 'futile gesture' of attempting to gain access in order to show actual injury[18]".

f. Plaintiff alleges that soo long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues[19]".

g. Plaintiff alleges that he intends to visit the Hotel, but is deterred from doing so by the hotels' non-compliance with the ADA. Plaintiff further alleges that he will visit the hotels when the non-compliance is cured. Thus, the ADA violations have prevented him from staying at the hotels. These allegations sufficiently alleged

---

[14] 42 U.S.C. § 12182(a).
[15] *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)
[16] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc).
[17] *Id.* at 949-50.
[18] *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)).
[19] *Id.* at 1137.

injury in fact.  His harm is "concrete and particularized, " and his intent to visit the hotels once they provide ADA compliant Hotel renders their harm "actual or imminent, not conjectural or hypothetical." [20]

h. If Plaintiff prevails in this action, his injuries will be redressed[21].

## COUNT 1 - ADA

21. Plaintiff realleges all allegations heretofore set forth.

22. The ADA and Unruh accessibility violations described in Table 2 relate to Plaintiff's disabilities and interfere with Plaintiff's full and complete enjoyment of the Hotel; for the details of the relation between Plaintiff's disabilities and ADAAG violations, Plaintiff incorporates Table 1 above.

23. The removal of accessibility barriers listed above is readily achievable.

24. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT TWO
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

---

[20] *Chapman, CREEC, Lujan.*
[21] *CREEC.*

25. Plaintiff realleges all allegations heretofore set forth.

26. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

27. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

28. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

29. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

30. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT THREE
### (Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)

31. Plaintiff realleges all allegations heretofore set forth.

32. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

33. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

34. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

35. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

36. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction

for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

## COUNT FOUR
### Negligence

37. Plaintiff realleges all allegations heretofore set forth.

38. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

39. Defendant breached this duty.

40. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff damage.

41. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

42. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

43. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of negligence; and

B. For damages in an amount to be proven at trial; and

C. For punitive damages to be proven at trial; and

D. For such other and further relief as the Court may deem just and proper.

**REQUEST FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 4th day of May, 2020.

PETER STROJNIK

Plaintiff

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California  ▼

|  |  |
|---|---|
| Peter Strojnik | ) |
|  | ) |
|  | ) |
|  | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| OBEST L.P. | ) |
|  | ) |
|  | ) |
|  | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    OBEST L.P.
c/o- Agent for Service of Process: Paul S. Lee
936 E. Green St. Suite #108
Pasadena, CA 91106

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Peter Strojnik
7847 N. Central Ave.
Phoenix, AZ 85020

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc: