FILED
CLERK, U.S. DISTRICT COURT

MAY 27 2020

CENTRAL DISTRICT OF CALIFORNIA
BY                    *CC*          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Peter Strojnik, Sr. | CASE NUMBER |
| | 8:19-cv-01560-JVS-JDE |
| PLAINTIFF(S) | |
| v. | |
| SCG America Construction Inc. | **NOTICE AND ORDER RE FILING BY VEXATIOUS LITIGANT** |
| DEFENDANT(S). | |

On 5/11/2020                        , the Court received the attached

☒ Complaint ☐ Petition ☐ Notice of Removal, captioned Peter Strojnik, Sr v. Pasadena Robles Acquisition, LLC; et al

☐ other document(s), entitled _____

from Peter Strojnik, Sr.                        , who was found by the Court on 4/19/2020

in case number 8:19-cv-01560-JVS-JDE   to be a vexatious litigant and/or subject to the following restrictions on the filing of additional documents:

☒ A court order or written authorization from a judge must be obtained prior to the filing of document(s).

☐ Submission of document(s) for filing requires a Motion for Leave to File.

☒ Document(s) must be pre-screened by the Court before filing.

☐ Filing fee must be paid.

☐ No further filings are to be accepted in this case from the person named above or anyone acting on his or her behalf.

☐ Bond in the amount of $_____ must be posted in order to proceed.

☐ Other : _____

Pursuant to the terms of the order imposing filing restrictions, the attached document(s) will be forwarded to the
☐ assigned magistrate judge ☐ assigned district judge ☐ Chief Judge for review.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

☐ IT IS HEREBY ORDERED that the document(s) presented:
    ☐ be filed in the above-captioned case.
    ☐ be filed in case number _____ .
    ☐ be filed as a new case.

*or*

☐ IT IS RECOMMENDED that the document(s) presented not be filed.  The Clerk is directed to forward this recommendation to the appropriate district judge for review.

_____          _____
Date                            United States Magistrate Judge

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IT IS HEREBY ORDERED that the document(s) presented

☒ not be filed.
☐ be filed in the above-captioned case.
☐ be filed in case number _____
☐ be filed as a new case.

5-27-2020                      *Virginia A. Phillips*
_____          _____
Date                            United States District Judge

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| Peter Strojnik, Sr. | Pasadena Robles Acquisition LLC, Boutique Hotel Company--Beverly Hills, LLC, & TH Beverly, LLC |

| **(b)** County of Residence of First Listed Plaintiff  Maricopa, AZ | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | **Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Peter Strojnik, Sr. (pro se)<br>7847 N. Central Ave.<br>Phoenix, AZ 85020      602-524-6602 | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No    **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 12101

### VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☒ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

| **FOR OFFICE USE ONLY:** | Case Number: | | |
|---|---|---|---|
| CV-71 (05/17) | | CIVIL COVER SHEET | Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a **PLAINTIFF** in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a **DEFENDANT** in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO. Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the **SOUTHERN DIVISION.** | If "yes," your case will initially be assigned to the **EASTERN DIVISION.** |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. → | If "no," your case will be assigned to the WESTERN DIVISION. |
| | Enter "Western" in response to Question E, below. ↓ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?        ☒ NO        ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?        ☒ NO        ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐ A. Arise from the same or a closely related transaction, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**                    DATE: 5-07-20

---

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>Plaintiff,<br><br>vs.<br><br>(1)    PASADENA ROBLES ACQUISITION, LLC dba HILTON PASADENA; (2) BOUTIQUE HOTEL COMPANY—BEVERLY HILLS, LLC. dba THE MOSAIC HOTEL BEVERLY HILLS; (3) TH BEVERLY, LLC. DBA SIXTY BEVERLY HILLS<br><br>Defendants. | Case No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2)  California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence and negligence per se.

## PARTIES

2. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, Unruh and DPA.

3. Defendant Pasadena Robles Acquisition, LLC ("Pasadena Robles")  owns, operates leases or leases to a lodging business located at 168 S. Los Robles Ave.,  Pasadena, CA 91101. Defendant Boutique Hotel Company—Beverly Hills, LLC, ("Boutique")

owns, operates leases or leases to a lodging business located at 125 S Spalding Dr., Beverly Hills, CA 90212. Defendant TH Beverly, LLC "TH Beverly" owns, operates leases or leases to a lodging business located at 9360 Wilshire Blvd., Beverly Hills, CA 90212 (jointly "Hotels").

## JURISDICTION GENERALLY

4. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

5. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

6. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

8. The ADA and Unruh violations documented below relate to barriers to Plaintiff equal enjoyment of defendant's facility by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[i].

9. These barriers impair Plaintiff's full and equal access to the Hotels which, in turn, constitute discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

10. Plaintiff is deterred from visiting Hotels based on Plaintiff's knowledge that the Hotels are not ADA or State Law compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

11. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**STANDING JURISDICTION[ii] ALLEGATIONS[iii]**

12. Plaintiff alleges that the following three elements constitute the "irreducible constitutional minimum" of standing: (1) an "injury in fact" suffered by the plaintiff; (2) a causal connection between that injury and the defendant's conduct; and (3) a likelihood that the injury will be "redressed by a favorable decision."[iv]

13. With respect to the element of "injury in fact", Plaintiff alleges that that he suffered "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical"[v] as follows:

   a. Plaintiff reviewed the booking websites for the Hotels and noted that the booking websites fail to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs as more fully developed above.

   b. Plaintiff Lodged at Pasadena Robles on February 11, 2020 and personally encountered the barriers to accessibility which denied him full and equal enjoyment of the facility[vi] as more fully documented below. Plaintiff personally visited Boutique and TH Beverly on or about November 29, 2020 and personally encountered barriers to accessibility which denied him full and equal enjoyment of the facility as more fully documented below.

   c. Plaintiff visited each Hotel for the purpose of conducting business there.

   d. Plaintiff alleges that the ADA violations referenced above and more fully developed below cause Plaintiff to suffer a "continuing, present adverse effects" stemming from the defendant's actions"[vii].

e. Plaintiff is experiencing continuing adverse effects because defendants' failures to comply with the ADA deter her from making use of the defendant's facility[viii]. This manner of continuing present adverse effects has been dubbed the "deterrent effect doctrine.[ix]"

f. Plaintiff is disabled within the meaning of the ADA and has actual personal knowledge of illegal barriers at Defendants' Hotels to which he desires access, however, Plaintiff does not need engage in the 'futile gesture' of attempting to gain access in order to show actual injury[x]".

g. Plaintiff alleges that soo long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues[xi]".

h. Plaintiff alleges that he intends to visit the Hotels, but is deterred from doing so by the hotels' non-compliance with the ADA. Plaintiff further alleges that he will visit the hotels when the non-compliance is cured. These allegations sufficiently alleged injury in fact because his harm is "concrete and particularized, " and his intent to visit the hotels once they provide ADA compliant Hotel renders their harm "actual or imminent, not conjectural or hypothetical." [xii]

i. If Plaintiff prevails in this action, his injuries will be redressed[xiii].

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

14. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a (a) prostate cancer, (2) renal cancer, (3) severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, (4) missing part of a limb (prosthetic right knee), (5) physical impairment in arms and shoulders and (6) pleurisy. Plaintiff is disabled under all three definitions of disability pursuant to the 2008 ADA Amendment act and 28 C.F.R. 36.105 that is, (1) having physical impairments, (2) having a history of physical impairments, and (3) being regarded as having a physical impairment.

15. Above described impairments, the history of impairments, and being regarded as having impairments substantially limit, as this term is construed in 28 C.F.R.

4

36.105(d) and defined in the 2008 ADA Amendment Act, one or more major life activities including, but not limited to, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows and working. Plaintiff's impairments, such as a knee prosthesis and the severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, are to be considered in their unmitigated state[xiv]. Plaintiff's episodic impairments, as pleurisy, are to be considered as if active[xv]. Plaintiff's cancers are of lifetime duration.

16. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and their relationship to major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Major Bodily Function (normal cell growth, genitourinary, bladder, reproductive) | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Major Bodily Function (normal cell growth) | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |

| | x | x | x | | |
|---|---|---|---|---|---|
| Degenerative Right Knee | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists To Reach And Twist | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

17. Plaintiff has been declared disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the footnote[xvi] entitles him to preferential parking, stopping and passenger loading / drop of zone areas.

18. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104[1].

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

19. With respect to 28 C.F.R. 36.302(e)(1)(ii), Plaintiff alleges:

   a. Plaintiff is disabled as described in Table 1 above which disabilities substantially limit the following major life activities including, without limitation, walking,

[i]

standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working[xvii].

b.  Plaintiff's impairments are substantially limiting as this term is defined and interpreted in the C.F.R.[xviii] and the 2008 ADA Amendment Act.

c.  The ameliorative effects of mitigating measures of the effects of impairments listed in Table 1 accomplished by Plaintiff must not be considered; the effect of all such impairment must be considered in their unmitigated state[xix].

d.  Plaintiff's impairments that are episodic or in remission must be considered as if active[xx].

e.  Plaintiff's disabilities, as disclosed in Table 1 above, in mitigated, unmitigated, episodic, remissive or active state, require Defendant's booking website to "identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet his accessibility needs" description of the following accessibility elements relating to referenced substantial limitations:

(i)  Operable parts [205[xxi], 309, 404,] such as doors, door opening and closing hardware, AC controls.

(ii) Knee and toe clearances [306] at counters, bars etc..

(iii)    Reach ranges [308] in sales stores.

(iv)    Accessible routes [402].

(v) Walking surfaces [403] on accessible routes.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505].

(vii)    Toilet and Bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines. clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612].

(viii)   Transient lodging guest rooms [806].

(ix)     Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904].

(x) Swimming pools and saunas [1009].

20. With respect to removal of physical or architectural accessibility barriers, Plaintiff alleges:

a.  Plaintiff is disabled as described in Table 1 above which disabilities substantially limit the following major life activities including, without limitation, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working[xxii].

b.  Plaintiff's impairments are substantially limiting as this term is defined and interpreted in the C.F.R.[xxiii] and the 2008 ADA Amendment Act.

c.  The ameliorative effects of mitigating measures of the effects of impairments listed in Table 1 accomplished by Plaintiff must not be considered; the effect of all such impairment must be considered in their unmitigated state[xxiv].

d.  Plaintiff's impairments that are episodic or in remission must be considered as if active[xxv].

e.  Plaintiff further alleges to be substantially limiting,  an impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity. The term "substantially limits" must be interpreted and applied to require a degree of functional limitation that is lower than the standard for substantially limits applied prior to the 2008 ADA Amendments Act[xxvi].

f.  In order to enjoy full and equal enjoyment and access to a facility, Plaintiff requires removal of the below listed barriers for reasons stated:

(i) An un marked passenger loading zone [209] substantially limits Plaintiff from the use of exclusive passenger loading zone.

(ii) Accessible parking not closest to accessible entry to the hotel [208.3] substantially limits Plaintiff from accessing the hotel from the shortest accessible route.

(iii)   Inaccessible service counters, e.g., valet counter, concierge counter, check in counter, gift shop counter, bar counter [305, 308, 904] substantially limits Plaintiff from accessing such counter.

(iv)   Inaccessible isles and items in gift shop (photo 11) [206, 308, 402] substantially limits Plaintiff from accessing the items in the gift shop.

(v) Non-compliant operable parts [205, 309, 404,] such as doors, door opening and closing hardware, AC controls, substantially limit Plaintiff from full and equal enjoyment of the facility.

(vi)   Non-compliant Knee and toe clearances [306] at counters, bars etc. substantially limit Plaintiff from full and equal enjoyment of the facility.

(vii)   Non-compliant reach ranges [308] in sales stores substantially limit Plaintiff from full and equal enjoyment of the facility.

(viii)   Inaccessible routes [402] substantially limit Plaintiff from full and equal enjoyment of the facility.

(ix)   Noncompliant walking surfaces [403] on accessible routes substantially limit Plaintiff from full and equal enjoyment of the facility.

(x) Non-compliant parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505] substantially limit Plaintiff from full and equal enjoyment of the facility.

(xi)   Non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines. clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612] substantially limit Plaintiff from full and equal enjoyment of the facility.

(xii)   Non-compliant transient lodging guest rooms [806] substantially limit Plaintiff from full and equal enjoyment of the facility.

(xiii)   Non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904] substantially limit Plaintiff from full and equal enjoyment of the facility.

(xiv)   Noncompliant swimming pools and saunas [1009] substantially limit Plaintiff from full and equal enjoyment of the facility.

21. With respect to ADA noncompliance by Pasadena Robles, Plaintiff alleges that the following photographically documented conditions constitute violations of ADA in the manner specified below each photograph:



PERSONALLY ENCOUNTRED BARRIERS

Unmarked passenger loading zone

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28


Inaccessible check in counter

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



Inaccessible bar

19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible drink and snack items

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible sundry items

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Wrongy configured door opening hardware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



Unsecured grab bars in lobby restroom

19
20
21
22
23
24
25
26
27
28





More than 5 lbs to open lobby restroom



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible business center

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



More than 5 lbs to open other lobby restroom





Less than 5s for restroom door to close to close

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Cross slope over 1:48 throughout accessible parking

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




Bottom of security latch 48.5" high in room

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Locking mechanism requires twisting of wrist



Bottom of reflective surface 40.5" high

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Shower spray temperature over 120F



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Non functional shut off valve on shower spray unit



Shower hose interference with grab bar and shower controls

22. Each of the above conditions constitute a violation of the ADA and deprive Plaintiff of full and equal access and enjoyment of the Hotel. The manner in which condition deprives Plaintiff of full and equal access and enjoyment is documented in Table 1, *Relation Between Plaintiff's ADA Disability and Major Life Activities* and Plaintiff's ADA requirements under heading *Plaintiff's ADA Requirements for Full and Equal Enjoyment of a Hotel* above.

23. With respect to ADA noncompliance by Boutique, Plaintiff alleges that the following photographically documented conditions constitute violations of ADA in the manner specified below each photograph:



PERSONALLY ENCOUNTERED BARRIERS

No marked / improperly marked passenger loading zone

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Slope on accessible parking is too steep.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



Inaccessible from street by virtue of slope too steep.

19
20
21
22
23
24
25
26
27
28



Inaccessible bar.



Improperly configured handrails

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible route to pool with no signage to accessible route

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Open risers

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperly configured handrails.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17


Inaccessible patio seating.

18
19
20
21
22
23
24
25
26
27
28





Inaccessible pool bar.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22



Incorrectly configured door hardware

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



Door requires more than 5 lbs to open.

24. Each of the above conditions constitute a violation of the ADA and deprive Plaintiff
of full and equal access and enjoyment of the Hotel. The manner in which condition
deprives Plaintiff of full and equal access and enjoyment is documented in Table 1,
*Relation Between Plaintiff's ADA Disability and Major Life Activities* in and

Plaintiff's ADA requirements under heading *Plaintiff's ADA Requirements for Full and Equal Enjoyment of a Hotel* above.

25. With respect to ADA noncompliance by TH Beverly, Plaintiff alleges that the following photographically documented conditions constitute violations of ADA in the manner specified below each photograph:

| BOOKING WEBSITES –ACCESSIBILITY INFORMATION |
| --- |
| https://www.sixtyhotels.com/destinations/california/sixty-beverly-hills |



At SIXTY Hotels we aim to provide quality products and services to our guests and pay special attention to their individual needs. As part of ensuring we can accommodate the needs of our guests, we have trained our staff and put standards in place which allow us to proudly say we are an ADA accessible hotel. From our entrances to common areas, from guestrooms to restrooms, we designed our hotel to meet the needs of all our guests in order to serve them the most welcoming and accommodating experience possible during their visit.

For more information about our ADA accessible hotel, please call the hotel you are interested in learning more about.

SIXTY SoHo – 877.431.0400

SIXTY LES – 877.460.8888

SIXTY Beverly Hills – 800.441.5050

FALSE INFORMATION REGADING DISABILITY ACCESS
See *personally Encountered Barriers* below

| PERSONALLY ENCOUNTERED BARRIERS |
| --- |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Unmarked passenger loading zone





No handrails on ramp

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



No signage to accessible route

21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperly configured door hardware on lobby bathroom door

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible seating area in bar

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible bar (misuse of potentially accessible part)


Insufficient number of accessible rooms

26. Each of the above conditions constitute a violation of the ADA and deprive Plaintiff of full and equal access and enjoyment of the Hotel. The manner in which condition deprives Plaintiff of full and equal access and enjoyment is documented in Table 1, *Relation Between Plaintiff's ADA Disability and Major Life Activities* and Plaintiff's ADA requirements under heading *Plaintiff's ADA Requirements for Full and Equal Enjoyment of a Hotel* above.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

H. All other relief susceptible of proof based on the allegations.

DATED this 7th day of May, 2020.

PETER STROJNIK

Plaintiff

---

[i] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Facility. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

[ii] The standing inquiry requires a plaintiff to show (1) he suffered an injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017) When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* Federal courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008) ((quoting *Trafficante v. Metro Life Ins. Co.,* 409 U.S. 205, 209 (1972)).

[iii] Jurisdictional allegations may be alleged generally. *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992); *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011); *Wilson v. Kayo Oil Co.,* 563 F.3d 979 (9th Cir. 2009); *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust,* 867 F.3d 1093, 1099 (9th Cir. 2017); Fed. R. Civ. P. 9(b)

[iv] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

[v] *Lujan*, 504 U.S. at 560

[vi] 42 U.S.C. § 12182(a).

[vii] *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)

[viii] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc).

[ix] *Id.* at 949-50.

[x] *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting 42 U.S.C. § 12188(a)(1)).

[xi] *Id.* at 1137.

[xii] *Chapman, CREEC, Lujan.*

[xiii] *CREEC.*

[xiv] 28 C.F.R. 36.105(d)(viii).

[xv] 28 C.F.R. 36.105(d)(iv).

[xvi]



[xvii] *See* 28. C.F.R. 36.105(a)(1)(i) and 28 CFR 36.105(d)(1)(v).

[xviii] 28 CFR 36.105(d)(1)(v) ("An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting".)

[xix] 28 CFR 36.105(d)(1)(viii); *Rohr v. Salt River Project Agricultural Improvement and Power District,* 555 F.3d 850, (9th Cir. 02/13/2009) (Impairments are to be evaluated in their unmitigated state.) *Accord J.D. v. Colonial Williamsburg Foundation,* 18-1725 (4th Cir. 2019) (citing to *Rohr*).

[xx] 28 C.F.R. 36.105(d)(iv)

[xxi] Bracketed numbers refer to Standards for Accessibility Design.

[xxii] *See* 28. C.F.R. 36.105(a)(1)(i) and 28 CFR 36.105(d)(1)(v).

[xxiii] 28 CFR 36.105(d)(1)(v) ("An impairment does not need to prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting".)

[xxiv] 28 CFR 36.105(d)(1)(viii); *Rohr v. Salt River Project Agricultural Improvement and Power District,* 555 F.3d 850, (9th Cir. 02/13/2009) (Impairments are to be evaluated in their unmitigated state.) *Accord J.D. v. Colonial Williamsburg Foundation,* 18-1725 (4th Cir. 2019) (citing to *Rohr*).

[xxv] 28 C.F.R. 36.105(d)(iv)

[xxvi] 28 CFR 36.105(d)(1)(v).

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

| | |
|---|---|
| Peter Strojnik | ) ) ) ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| (1) PASADENA ROBLES ACQUISITION, LLC dba HILTON PASADENA; (2) BOUTIQUE HOTEL COMPANY--BEVERLY HILLS, LLC, dba THE MOSAIC HOTEL BEVERLY HILLS; (3) TH BEVERLY, LLC **DBA SIXTY BEVERLY HILLS** | ) ) ) ) ) ) ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  PASADENA ROBLES ACQUISITION, LLC
c/o- Agent for Service of Process: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Peter Strojnik
7847 N. Central Ave.
Phoenix, AZ 85020

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____
                                _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____              _____
                                                           *Server's signature*

                                                       _____
                                                           *Printed name and title*

                                                       _____
                                                           *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California  ▼

|  |  |
|---|---|
| Peter Strojnik | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) |
| (1) PASADENA ROBLES ACQUISITION, LLC dba HILTON PASADENA; (2) BOUTIQUE HOTEL COMPANY--BEVERLY HILLS, LLC, dba THE MOSAIC HOTEL BEVERLY HILLS; (3) TH BEVERLY, LLC DBA SIXTY BEVERLY HILLS | ) ) ) ) ) ) |
| _Defendant(s)_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_    BOUTIQUE HOTEL COMPANY--BEVERLY HILLS, LLC
c/o- Agent for Service of Process: PARACORP INCORPORATED
2140 S. DUPONT HWY
CAMDEN, DE 19934

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Peter Strojnik
7847 N. Central Ave.
Phoenix, AZ 85020

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California ▾

| | |
|---|---|
| Peter Strojnik | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | ) Civil Action No. |
| (1) PASADENA ROBLES ACQUISITION, LLC dba HILTON PASADENA; (2) BOUTIQUE HOTEL COMPANY--BEVERLY HILLS, LLC, dba THE MOSAIC HOTEL BEVERLY HILLS; (3) TH BEVERLY, **LLC** | ) |
| _DBA SIXTY BEVERLY HILLS,_ | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  TH BEVERLY LLC
c/o- Agent for Service of Process: Diversified Corporate Services Int'l, Inc.
508 MAIN STREET
WILMINGTON, DE 19804

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Peter Strojnik
7847 N. Central Ave.
Phoenix, AZ 85020

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____
                                            _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc: